JOHN L. BURRIS, Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK, Esq., SBN 300212
**Burris, Nisenbaum, Curry & Lacy, LLP**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@bncllaw.com
Ben.Nisenbaum@bncllaw.com
James.Cook@bncllaw.com

Attorneys for Plaintiffs,

# UNITED STATES DISTRICT COURT

## FOR THE NOTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TRENT ALLEN, individually; SHAGOOFA KHAN, individually; ADAM CARPENTER, individually; JOSHUA BUTLER, individually; and DIEGO SAVALA, individually and as successor-in-interest to Decedent GUADELUPE SAVALA, | CASE NO.: <br><br> COMPLAINT FOR DAMAGES <br><br> DEMAND FOR JURY TRIAL |
|                Plaintiffs, | |
|    v. | |
| CITY OF ANTIOCH, a municipal corporation; TAMMANY BROOKS, individually and in his official capacity as police chief for the CITY OF ANTIOCH; TONY MOREFIELD, individually and in his official capacity as interim police chief for the CITY OF ANITOCH; STEVEN FORD, individually and in his official capacity as police chief for the CITY OF ANTIOCH; JOSH EVANS, individually and in his official capacity as a police sergeant for the CITY OF ANTIOCH;  ERIC ROMBOUGH, | |

individually and in his official capacity as a police officer for the CITY OF ANTIOCH; MORTEZA AMIRI, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; SCOTT DUGGAR, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; JOHN RAMIREZ, individually and in his official capacity as a police officer for the CITY OF ANTIOCH;  TIMOTHY MANLY WILLIAMS, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; and DOES 1-100, inclusive,

Defendants.

## INTRODUCTION

1.      In the early 2000s, Black and brown people migrated away from east and west Oakland's urban sprawl, blight and oppressive policing. They relocated east to cities such as Tracy, Pittsburgh, and Antioch. They sought the imprimatur of authentic citizenship intrinsic in the greenery and rolling hills of those east Bay communities. Instead, these people were subjected to a systematic and intentional effort to repress their existence through discriminatory and violent policing. The victims complained about the conspiracy, spoken or unspoken, of abuse over the years. Their calls for justice and reform went unheard for years and years. On April 11, 2023, local media published certified proof of the depth of many Antioch Police Department Officers' bigotry, racism, willingness to falsify evidence, and their celebration of their own uses of Unconstitutional force.

2.      On March 28, 2023, the Office of the District Attorney of Contra Costa County published an investigation report detailing crimes of moral turpitude and criminal offenses

committed by sworn law enforcement officers within the City of Antioch Police Department. From 2019-2022, Antioch police officers and sergeants exchanged hundreds of salacious text messages riddled with vile and offensive language about community members. In those threads, officers bragged about using excessive force and beating arrest subjects so severely that the officers themselves hurt their hands and feet. The District Attorney's report detailed "derogatory, homophobic, and sexually explicit language and photographs shared by members of the Antioch Police Department that demonstrates their racial bias and animus towards African Americans and other people of color in the community." Over a period of at least four years, the City of Antioch Police Department regularly referred to its citizens as "niggers," "niggas," "monkeys," "gorillas," "faggots," "water buffalos," "cunts," "pussies," "fat bitches," and more. Officers celebrated the violent targeting of Black community members ("we just ran down a monkey"; "I'm only stopping them cuz they black [sic]"; "I'll bury that nigger in my fields"; "I can't wait to forty all of them"). Furthermore, officers admitted to serious acts of lying and falsification ("we'll just say he refused to comply"; "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]"). Appallingly, at least 45 officers participated in or were aware of this misconduct and did nothing.

3.     The widespread abuse by large numbers of the Antioch Police Department population, detailed in the investigative report, highlights a pattern and practice of discriminatory law enforcement based on race and gender. Officers engaged in vile derogatory speech, physical mistreatment of community members, and violations of individual civil rights. These abuses in question were the product of a culture of intolerance within the City of Antioch Police Department. This culture is rooted in the deliberate indifference of high ranking City officials, who have routinely acquiesced in the misconduct and otherwise failed to take

necessary measures to curtail and prevent it. Despite the repeated and frequent nature of the misconduct and civil rights violations committed by Defendants, high ranking City of Antioch officials failed to take any or appropriate remedial action. As a result, Defendants engaged in repeated and serious acts of misconduct and civil rights violations against citizens living, visiting, and/or traveling in Antioch.

4.      Plaintiffs, all of whom experienced malicious treatment by Antioch Police Department officers during the time frame in which officers exchanged these text messages, recently discovered that the method with which officers interacted with them was based in racial animus, misogyny, homophobia, and other offensive conduct. Plaintiffs have reason to believe that each of their interactions with Antioch Police Department officers constituted numerous civil rights violations. Plaintiffs are informed and believe and thereon allege that said civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct.

5.      This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, under California Civil Code Section § 52.1, and under the common law of California. It is alleged that these violations and torts were committed during the course and scope of the above-mentioned law enforcement officers' employment with the aforementioned government agencies and DOES 1-100.

## JURISDICTION AND VENUE

6.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of

the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367. Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

7.     Plaintiff TRENT ALLEN ("ALLEN") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. ALLEN was brutally beaten by Defendant Officer ERIC ROMBOUGH on March 30, 2021. ROMBOUGH bragged about his conduct, stating in text messages that he gave ALLEN "6 muzzle thumps" and that he tried to "kick [ALLEN'S] head over the fence." ROMBOUGH also stated "I tried to knock him unconscious" and referred to ALLEN as "faggot" and "nigger" multiple times. Mr. ALLEN remains in-custody, having been incarcerated since his arrest on March, 30, 2021.

8.     Plaintiff SHAGOOFA KHAN ("KHAN") has been and is a resident of California and a United States Citizen. She brings this action on her own behalf. KHAN was arrested maliciously and without provocation or cause by CITY OF ANTIOCH police officers in January 2021. KHAN was the subject of racist and misogynistic text messages sent by Defendant Officer JOSH EVANS to multiple CITY OF ANTIOCH officers on September 4, 2020, in which he described her as an "Arabian Knight's [sic] 'cum dump.'"

9.      Plaintiff ADAM CARPENTER ("CARPENTER") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. CARPENTER was arrested maliciously and without provocation or cause on November 3, 2020 by multiple CITY OF ANTIOCH police officers, including ERIC ROMBOUGH, SCOTT DUGGAR, MORTEZA AMIRI, and TIMOTHY MANLY WILLIAMS. From January 2020 up until the date of his arrest, these officers conducted nearly ten traffic stops on Mr. CARPENTER. Concurrent with CARPENTER's arrest, Defendant officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch").

10.     Plaintiff DIEGO SAVALA ("SAVALA") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf and as successor-in-interest to his father, Decedent GUADALUPE SAVALA. GUADALUPE SAVALA was 57 years old when Defendants ERIC ROMBOUGH and SCOTT DUGGAR shot and killed him at his home in Antioch, California. GUADALUPE SAVALA was unarmed at the time Defendants shot him 19 times. The Defendant officers who shot and killed GUADALUPE SAVALA are implicated in this text message scandal. GUADALUPE SAVALA died unmarried, intestate and with one child.

11.     Plaintiff JOSHUA BUTLER ("BUTLER") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. BUTLER was arrested in maliciously and without provocation or cause in February 2022. Multiple Antioch Police Department officers, including JOSH EVANS, arrested BUTLER in Antioch, CA for allegedly discharging a firearm, despite never finding a weapon. Since the date of the arrest, officers have conducted nearly ten traffic stops on Mr. BUTLER, each time verbally accosting

him with racist obscenities. None of these traffic stops have resulted in additional arrests. Concurrent with BUTLER's arrest, officers, including JOSH EVANS, sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch").

12.     Defendant CITY OF ANTIOCH ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF ANTIOCH Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of Defendant OFFICERS, individually and as peace officers.

13.     Defendant CITY POLICE CHIEF TAMMANY BROOKS ("BROOKS"), at all times mentioned herein, was employed by Defendant CITY as the Chief of Police for the CITY, from May 2017 through October 2021, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as the Chief of Police for the CITY.  Plaintiffs allege Defendant BROOKS was aware of the openly racist conduct of the police officers he employed, their use of excessive force as set forth herein, the widespread acceptance within the Antioch Police Department of Unconstitutional actions by Antioch police officers as set forth in the instant Complaint, and failed to take any remedial measures, and tolerated, encouraged and ratified the repeated and widespread pattern and practice of Unconstitutional actions by Defendant CITY OF ANTIOCH police officers as set forth herein.

14.     Defendant CITY INTERIM POLICE CHIEF TONY MOREFIELD ("MOREFIELD"), at all times mentioned herein, was employed by Defendant CITY as the Interim Chief of Police for the CITY, from October 2021 through May 2022, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as the Interim Chief of Police for the CITY. Plaintiffs allege Defendant MOREFIELD was aware of the openly racist conduct of the police officers he employed, their use of excessive force as set forth herein, the widespread acceptance within the Antioch Police Department of Unconstitutional actions by Antioch police officers as set forth in the instant Complaint, and failed to take any remedial measures, and tolerated, encouraged and ratified the repeated and widespread pattern and practice of Unconstitutional actions by Defendant CITY OF ANTIOCH police officers as set forth herein.

15.     Defendant CITY POLICE CHIEF STEVEN FORD ("FORD"), at all times mentioned herein, was employed by Defendant CITY as the Chief of Police for the CITY, from May 2022 through present, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as the Chief of Police for the CITY. Plaintiffs allege Defendant FORD was aware of the openly racist conduct of the police officers he employed, their use of excessive force as set forth herein, the widespread acceptance within the Antioch Police Department of Unconstitutional actions by Antioch police officers as set forth in the instant Complaint, and failed to take any remedial measures, and tolerated, encouraged and ratified the repeated and widespread pattern and practice of Unconstitutional actions by Defendant CITY OF ANTIOCH police officers as set forth herein.

16.     Defendant SERGEANT JOSH EVANS ("EVANS") at all times mentioned herein, was employed by Defendant CITY as a SERGEANT of the CITY and was acting

within the course and scope of that employment. He is being sued individually and in his official capacity as a SERGEANT of the CITY. JOSH EVANS sent racist and misogynistic text messages about Plaintiff KHAN, calling her an "Arabian Knight's [sic] 'cum dump.'" On another occasion, EVANS sent text messages about an unknown subject, detailing plans to "smash in and bite him, 40mm him, and call him a cunt." EVANS referred to Black people as "niggers" numerous times, and in discussing an unknown subject, he once stated: "I'm going to bury that nigger in my fields."

17.     Defendant OFFICER ERIC ROMBOUGH ("ROMBOUGH") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. ROMBOUGH was involved in the arrests of all Plaintiffs and specifically used excessive force and violence on ALLEN and GUADALUPE SAVALA. ROMBOUGH is also a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. ROMBOUGH proudly stated that he gave ALLEN "6 muzzle thumps" and tried to "kick his head over the fence." ROMBOUGH also stated "I tried to knock him unconscious" and referred to ALLEN as a "faggot" and "nigger" multiple times. On other occasions, ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]."

18.     Defendant OFFICER MORTEZA AMIRI ("AMIRI") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. AMIRI was involved in the arrests of Plaintiffs. AMIRI

is also a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. AMIRI sent texts to other Antioch officers in which he referred to Black people as "gorillas" and "pussies." He also admitted to serious offenses of falsification, claiming: "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]."

19.     Defendant OFFICER SCOTT DUGGAR ("DUGGAR") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. DUGGAR was involved in the arrests of Plaintiffs CARPENTER and ALLEN. DUGGAR is also a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. DUGGAR sent text messages to other Antioch officers in which he referred to Black people as "niggas."

20.     Defendant OFFICER JOHN RAMIREZ ("RAMIREZ") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. RAMIREZ is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. RAMIREZ sent texts to other Antioch officers in which he expressed a desire to "40 that mfr (Thorpe) during the protest today [sic]." This is a reference to the potential use of a .40mm less lethal launcher being utilized on current Antioch Mayor Lamar Thorpe. RAMIREZ also sent numerous text messages in which he called Black people "niggas" and "niggers."

21.     Defendant OFFICER TIMOTHY MANLY WILLIAMS ("MANLY WILLIAMS") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. MANLY WILLIAMS was involved in the arrest of Plaintiffs. MANLY WILLIAMS is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. MANLY WILLIAMS sent text messages in which he joked about TRENT ALLEN being beaten by ROMBOUGH and asked, "is he dead?"

22.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 100 inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1-100, inclusive, when they have been ascertained.

## FACTUAL ALLEGATIONS

23.     Plaintiffs are informed and believe and thereon allege that DEFENDENTS EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and each of them, individually and/or acting in concert with one another, as well as other CITY OF ANTIOCH Police Officers (Does 1-100) engaged in a repeated pattern and practice of civil rights violations and other misconduct against citizens living, traveling, or visiting the Antioch neighborhoods where they were assigned.  Each Plaintiff is likely to suffer a recurrence of the alleged violations of civil rights, or similar violation of civil rights, committed by police officers employed by Defendant CITY OF ANTIOCH.

24.     Plaintiffs are further informed and believe and thereon allege that said civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct.

25.     Plaintiffs are further informed and believe and thereon allege that said misconduct included, but was not limited to, subjecting people living, visiting, and/or traveling in Antioch neighborhoods to disparate treatment because of their race and/or gender. As a result, Plaintiffs and persons similarly situate to them, were subjected to unequal treatment, civil rights violations, and other misconduct by DEFENDANTS EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and/or City of Antioch police officers (Does 1-100).

26.     Plaintiffs are further informed and believe and thereon allege that despite the repeated and frequent nature of the misconduct and civil rights violations committed by Defendants EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and DOES 1-100, high ranking CITY OF ANTIOCH officials and/or police department supervisors, including but not limited to, BROOKS, MOREFIELD, FORD, EVANS, DOES 1-100, and each of them, individually and/or acting in concert with one another, failed to take any or appropriate remedial action prior to the subject incidents involving the Plaintiffs. As a result, DEFENDANTS engaged in repeated and serious acts of misconduct and civil rights violations against citizens living, visiting, and/or traveling in Antioch.

27.     Plaintiffs are informed and believe and thereon allege that as a matter of official policy—rooted in an entrenched posture of deliberate indifference to the constitutional rights of Black people who live, visit, and/or travel within Antioch in particular—Defendant CITY OF ANTIOCH has long allowed Plaintiffs and persons similarly situated to them, to be abused by its

police officers, including by DEFENDANTS EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and/or other CITY OF ANITOCH Police Officers (DOES-100).

28.     Plaintiffs are informed and believe and thereon allege that plaintiffs, and each of them, suffered the violation of their constitutional rights as a result of customs, policies, patterns and/or practices of Defendant CITY OF ANTIOCH, Defendants BROOKS, MOREFIELD, FORD, EVANS, DOES 1-100, and each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training, and discipline of members of the Oakland Police Department, including Defendants EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and/or DOES 1-100, and/or each of them.

**TRENT ALLEN**

29.     In March 2021, multiple Antioch Police Department officers, including ERIC ROMBOUGH, arrested ALLEN for attempted murder. During the arrest, ERIC ROMBOUGH brutally beat Mr. ALLEN, kicking his head multiple times. On April 11, 2023, ALLEN discovered that CITY officer ROMBOUGH texted about him during the time of his arrest. ROMBOUGH proudly stated that he gave ALLEN "6 muzzle thumps" and tried to "kick his head over the fence." ROMBOUGH also stated "I tried to knock him unconscious" and referred to ALLEN as a "faggot" and "nigger" multiple times. On other occasions, ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]." Mr. ALLEN may be acquitted and exonerated as a result of the investigation into Officer ROMBOUGH's text messages.

30.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted, brutalized, and prosecuted ALLEN, and

that Defendant Officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. ALLEN withstood humiliation and associated emotional distress corresponding to the text message scandal.  Mr. Allen suffered severe physical injuries caused by Defendant ROMBAUGH's use of excessive force.

31.     Mr. ALLEN has been incarcerated since his arrest and the use of excessive force by ROMBOUGH, tolling his statute of limitations.

**SHAGOOFA KHAN**

32.     Beginning in the summer of 2020, SHAGOOFA KHAN organized police reform protests throughout the City of Antioch. In January 2021, Antioch police arrested her for burning a "Blue Lives Matter" flag at a protest. Antioch police alleged arson. On April 11, 2023, KHAN discovered that Antioch police officer, JOSH EVANS texted about her before the time of her arrest. EVANS stated that KHAN resembles an "Arabian Knight's [sic] 'cum dump.'"

33.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly prosecuted KHAN and that Defendant Officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Ms. KHAN withstood humiliation and associated emotional distress corresponding to the text message scandal.

**ADAM CARPENTER**

34.     On November 3, 2020, multiple Antioch Police Department officers, including ERIC ROMBOUGH, SCOTT DUGGAR, MORTEZA AMIRI, and TIMOTHY MANLY WILLIAMS, arrested CARPENTER for possession of a firearm. The charges against CARPENTER were later dropped. From January 2020 up until the date of his arrest, these

officers conducted nearly ten traffic stops on Mr. CARPENTER. All of these officers are implicated in the offensive text message scandal. Concurrent with CARPENTER's arrest, officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). ROMBOUGH once stated, "I'm only stopping them cuz they black [sic]" and Amiri admitted to falsification, stating, "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]."

35.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted and prosecuted CARPENTER and that Defendant Officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. CARPENTER withstood humiliation and associated emotional distress corresponding to the text message scandal.

**GUADALUPE SAVALA**

36.     On December 10, 2021, Antioch Police Department officers shot and killed GUADALUPE SAVALA at 3809 Dove Court, in Antioch, CA. On the date of the incident, SAVALA put on his military fatigues, and began firing a rifle. He shot at pinecones, his cars, and his neighbor's house. Antioch police officers arrived on scene, including officers SCOTT DUGGAR and ERIC ROMBOUGH. A seven hour standoff ensued. At one point, SAVALA exited his house and fired multiple rounds. During this time, a police sniper shot SAVALA in his hand and arm. Later, SAVALA's house caught fire. SAVALA escaped the house through a window. SAVALA was unarmed. However, as SAVALA exited the house, multiple officers shot SAVALA. As a result, SAVALA suffered 19 gunshot wounds. SAVALA was unarmed at the time he was shot, and the shooting continued well after the shooting officer or officers

perceived that SAVALA had fallen to the ground. SAVALA died from his injuries. SAVALA left behind a son.

37.     GUADALUPE SAVALA was shot and killed by Antioch Police Department officers ERIC ROMBOUGH and SCOTT DUGGAR during the time frame in which these officers sent text messages detailing racist, sexist, homophobic, and generally offensive desires to inflict violence on minority groups. Concurrent with SAVALA's killing, Defendant officers sent numerous text messages stating desires to knock subjects "unconscious," and celebrating each other for kicking an arrestee in the head "like a fucking field goal."

38.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly killed Mr. SAVALA, and that Defendant Officers' behaviors and actions stemmed from the discriminatory and violent culture of the Antioch Police Department.

**JOSHUA BUTLER**

39.     In February 2022, multiple Antioch Police Department officers, including JOSH EVANS, arrested BUTLER in Antioch, CA for allegedly discharging a firearm. Officers never found a weapon. Mr. BUTLER is currently fighting these charges in court. Since the date of the arrest, officers have conducted nearly ten traffic stops on Mr. BUTLER, each time verbally accosting him with racist obscenities. None of these traffic stops have resulted in additional arrests. Concurrent with BUTLER's arrest, officers, including JOSH EVANS, sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Additional texts showed officers stating desires to knock subjects "unconscious," and celebrating each other for kicking an arrestee in the head "like a fucking field goal."  JOSHUA

1   BUTLER may be acquitted and exonerated as a result of the investigation into Officer

2   EVANS's text messages.

3       40.     As a result, the text messages discovered in April 2023 imply that Antioch

4   Police Department maliciously and unfairly prosecuted BUTLER and that Defendant Officers'

5   behaviors and actions stemmed from the discriminatory and violent culture of the Antioch

6   Police Department. Moreover, Mr. BUTLER withstood humiliation and associated emotional

7   distress corresponding to the text message scandal.

8                           **FIRST CAUSE OF ACTION**
                          **(42 U.S.C. § 1983 – Excessive Force)**
9   **(All Plaintiffs Against Defendants EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ,**
                      **MANLY WILLIAMS and DOES 1 - 100)**
10

11      41.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 40 of this

12  Complaint.

13      42.     In doing the acts complained of herein, Defendants EVANS, ROMBOUGH,

14  AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and/or DOES 1-100, individually and/or

15  while acting in concert with one another, did act under color of state law to deprive Plaintiffs as

16  alleged heretofore of certain constitutionally protected rights, including, but not limited to:

17      a.   The right to be free from unreasonable police use of force in violation of the

18           Fourth Amendment;

19      43.     Said rights are substantive guarantees under the Fourth and/or Fourteenth

20  Amendments to the United States constitution.

21

22      WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

23

24                          **SECOND CAUSE OF ACTION**
              **(42 U.S.C. § 1983 – INTERFERENCE WITH FAMILIAL RELATOINSHIP)**
    **(SAVALA Against Defendants EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ,**
25                    **MANLY WILLIAMS and DOES 1 - 100)**

44.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 43 of this Complaint.

45.     In doing the acts complained of herein, Defendants EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiff SAVALA as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

      a.   The right to a familial relationship with his father, Decedent GUADELUPE SAVALA.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

### THIRD CAUSE OF ACTION
#### (*Monell* - 42 U.S.C. § 1983)
#### (All Plaintiffs Against Defendant CITY, BROOKS, MOREFIELD)

46.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 of this Complaint.

47.     As against Defendant CITY OF ANTIOCH and/or Defendants BROOKS, MOREFIELD, FORD and/or DOES 1-100 in their capacity as official policy-maker(s) for the CITY OF ANTIOCH, the Plaintiffs, and each of them, further allege that the acts and/or omissions alleged in the Complain herein are indicative and representative of a repeated course of conduct by members of the CITY OF ANTIOCH Police Department tantamount to a custom, policy, or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

48.    Plaintiffs are further informed and believe and thereon allege that the acts alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, BROOKS, MOREFIELD, FORD, DOES 1-100, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged, or condoned by the CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, DOES 1-100, and each of them.

49.    The injuries to the Plaintiffs, and each of them, were the foreseeable and proximate result of said customs, policies, patterns, and/or practices of Defendants CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, DOES 1-100, and each of them. This conduct was condoned and ratified, by Antioch Police Department Supervisors, and there was no discipline against any of the named defendant officers for their conduct.

50.    Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision, and/or discipline of members of the CITY OF ANTIOCH Police Department.

51.    Plaintiffs are further informed and believe and thereon allege that Plaintiffs' damages and injuries were caused by the customs, policies, patterns, or practices of the CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, DOES 1-100, and each of them, of deliberate indifference in the training, supervision, and/or discipline of Antioch Police Officers including, but not limited to, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, DOES 1-100, and/or each of them.

52.    The aforementioned customs, policies, or practices of Defendants CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, DOES 1-100, and each of them, resulted in the deprivation of Plaintiffs' connotational rights including, but not limited to, the following:

b.   The right to be free from excessive and unnecessary police use of force;

c.   The right to a Familial Relationship.

d.   The right to be free from Racial Bias in the conduct of Antioch police officers in violation of 42. U.S.C. section 1981.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. § 1985-86 - Conspiracy)**
**(Against Defendants CITY, BROOKS, MOREFIELD, FORD, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and DOES 1 - 100)**

53.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 52 of this Complaint.

54.     In doing the acts complained of herein, Defendants CITY, BROOKS, MOREFIELD, FORD, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and/or DOES 1-100, individually and/or while acting in concert with one another, conspired for the purpose of depriving Plaintiffs and/or persons similarly situated to Plaintiffs, either directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws as alleged in this complaint in violation of 42 U.S.C. § 1985.

55.     Plaintiffs are further informed and believe and thereon allege that Defendant CITY OF ANTIOCH, Defendants BROOKS, MOREFIELD, FORD, EVANS, DOES 1-100, and each of them, had the power to stop and/or aid in preventing the conspiracy and/or conspiracies by Defendants EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, DOES 1-100, and/or each of them, as alleged herein, but instead maintained customs, policies, and/or practices which encouraged, authorized, condoned, ratified, failed to prevent, and/or failed to aid in the prevention of the wrongs conspired to be done by Defendants EVANS,

ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, DOES 1-100, and/or each of them.

56.    As a result of the failure and/or refusal of Defendants BROOKS, MOREFIELD, FORD, EVANS, DOES 1-100, and each of them, to prevent or aid in preventing the commission of the conspiracy and/or conspiracies by Defendants EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and DOES 1-100, Plaintiffs and persons similarly situated to them are entitled to recover damages in amounts to be determined according to proof.

**FIFTH CAUSE OF ACTION**
**(42 U.S.C. § 1981)**
**(Against Defendants CITY, BROOKS, MOREFIELD, FORD, EVANS, ROMBOUGH,**
**AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and DOES 1 - 100)**

57.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 56 of this Complaint.

58.    In doing the acts complained of herein, Defendants CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and/or DOES 1-100, individually and/or while acting in concert with one another, engaged in a pattern and practice of discriminatory conduct towards minority communities by subjecting them to more frequent and aggressive policing than similarly situated individuals of a different race, by using racial slurs, excessive force, and harassment tactics, and by denying them the same level of protection and services afforded to individuals of a different race. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender.

59.   Plaintiffs are further informed and believe and thereon allege that said misconduct included, but was not limited to, subjecting people living, visiting, and/or traveling in Antioch neighborhoods to disparate treatment because of their race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants CITY, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and/or CITY OF ANTIOCH Police Officers (Does 1-100).

60.   Plaintiffs are informed and believe and thereon allege that as a matter of official policy—rooted in an entrenched posture of deliberate indifference to the constitutional rights of Black people who live, visit, and/or travel within Antioch in particular—Defendant CITY OF ANTIOCH has long allowed Plaintiffs and persons similarly situated to them, to be abused by its police officers, including by DEFENDANTS EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and/or other CITY OF ANITOCH Police Officers (DOES-100).

61.   Plaintiffs are further informed and believe and thereon allege that despite the repeated and frequent nature of the misconduct and civil rights violations committed by Defendants EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and DOES 1-100, high ranking CITY OF ANTIOCH officials and/or police department supervisors, including but not limited to, BROOKS, MOREFIELD, FORD, EVANS, DOES 1-100, and each of them, individually and/or acting in concert with one another, failed to take any or appropriate remedial action prior to the subject incidents involving the Plaintiffs. As a result, Defendants engaged in repeated and serious acts of misconduct and civil rights violations against citizens living, visiting, and/or traveling in Antioch.

62.    Plaintiffs are informed and believe and thereon allege that plaintiffs, and each of them, suffered the violation of their constitutional rights as a result of customs, policies, patterns and/or practices of Defendant CITY OF ANTIOCH, Defendants BROOKS, MOREFIELD, FORD, EVANS, DOES 1-100, and each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training, and discipline of members of the Oakland Police Department, including Defendants EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and/or DOES 1-100, and/or each of them. Therefore, Plaintiffs also seek relief against the Defendants for their failure to take reasonable steps to prevent and remedy the discriminatory conduct of its officers.

63.    Plaintiffs further allege that the conduct of Defendants CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and/or DOES 1-100 has caused them to suffer damages, including but not limited to physical harm, emotional distress, and/or injury to reputation. Plaintiffs seek relief in the form of compensatory damages, punitive damages, injunctive relief, and any other relief that the court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.    For general damages according to proof;

2.    For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.      For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, and DOES 1-100, or each of them;

4.      Any and all permissible statutory damages;

5.      For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.      For cost of suit herein incurred;

7.      For injunctive relief, including necessary policy and practice changes to Defendant CITY OF ANTIOCH's police department and Court Monitoring to ensure compliance with such necessary policy and practice changes ; and

8.      For such other and further relief as the Court deems just and proper.


Dated: April 19, 2023                         **Burris, Nisenbaum, Curry & Lacy, LLP**


                                              /s/_____
                                              John L. Burris
                                              Benjamin Nisenbaum
                                              James Cook
                                              Attorneys for Plaintiffs