1   RIVERA HEWITT PAUL LLP
    JONATHAN B. PAUL, SBN 215884
2   WENDY MOTOOKA, SBN 233589
    11341 Gold Express Drive, Suite 160
3   Gold River, California 95670
    Telephone: 916-922-1200 Fax: 916 922-1303
4   Email:  JPaul@rhplawyers.com
            wmotooka@rhplawyers.com
5
    Attorneys for Defendant DEVON WENGER
6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11   TRENT ALLEN, et al.,                    Lead Case No. 3:23-cv-01895-VC

12                     Plaintiffs,           [Consolidated with Case No. 23-cv-03773-SI
                                             for Pre-Trial Purposes]
13        vs.

14                                           REPLY TO PLAINTIFFS' OPPOSITION
     CITY OF ANTIOCH, et al.,                TO DEFENDANT WENGER'S MOTION
15                                           TO DISMISS THE CONSOLIDATED
                                             COMPLAINT
16
                     Defendants.
17                                           Date:  April 18, 2024
                                             Time:  10:00 a.m.
18                                           Courtroom: 4, 17th Floor
                                             Judge:  Hon. Vince Chhabria
19

20

21

22                       I.       INTRODUCTION

23          Plaintiffs' opposition to defendant Wenger's motion to dismiss the consolidated complaint

24   demonstrates that defendant's motion should be granted.  Plaintiffs do not even attempt to argue

25   that the operative complaint is sufficient.  Their opposition is based not on the allegations in the

26   complaint, but rather on different allegations – a concession that the pleading is deficient.

27   Relying on allegations not pled in the operative complaint, plaintiffs argue that Wenger sent

28   boastful text messages to other officers regarding use of force.  *See* ECF No. 94 (Pl.s' Opp'n) at

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPLAINT                    1
Case No. 3:23-cv-01895-VC

1: 25-27.  Yet plaintiffs still do not allege any personal involvement by Wenger in constitutional violations.  ECF No. 94 at 2: 1-2.  They still do not allege that any of Wenger's test messaging pertained to any of the plaintiffs.  Because plaintiffs concede the grounds that give rise to Wenger's motion to dismiss, Wenger's motion to dismiss should be granted.

## II.   PLAINTIFFS' OPPOSITION RELIES ON ALLEGATIONS NOT PLED IN THE COMPLAINT

The "Factual Allegations" relied upon by plaintiffs in their opposition were not alleged in the operative complaint.  Plaintiffs' opposition relies on allegations in the "Indictment," not allegations in the complaint.  Plaintiffs make no attempt to defend the sufficiency of the operative pleading.  Defendant Wenger's motion to dismiss should therefore be granted, as it is substantively unopposed.  *GN Resound A/S v. Callpod, Inc.*, 2013 WL 1190651 at *5 (N.D. Cal. 2013) (construing plaintiff's failure to oppose defendant's argument as a concession that the claim fails).

## III.   THE ALLEGATIONS FROM THE INDICTMENT DO NOT CURE THE PLEADING DEFICIENCIES

Even if the newly referenced allegations from the "Indictment" had been pled in the operative complaint, the complaint would still be deficient.  The operative complaint alleges that Wenger received text messages from other officers who used inflammatory language.  The complaint does *not* allege that any of these text messages pertained to any incident involving any of the plaintiffs.  The complaint also does *not* allege that Wenger was present during any police contact involving any of the plaintiffs.

Relying on facts other than those alleged in the complaint, plaintiffs now argue that Wenger sent text messages that crassly celebrated other officers' apprehensions of criminal suspects.  Plaintiffs do not allege that any of Wenger's text messages pertained to force used against any plaintiff.  Plaintiffs do not allege that Wenger was present during any police contact involving any plaintiff.  In fact, plaintiffs' opposition concedes that plaintiffs are aware of no "personal involvement" by Wenger in a constitutional violation.  ECF 94 at 2: 1-2 ("The specifics of Wenger's personal involvement is yet to be discovered by Plaintiffs").

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPLAINT
Case No. 3:23-cv-01895-VC

2

1    An officer's use of vulgar, abusive, or harassing language is not a constitutional violation,

2    even when that language is heard by the plaintiff. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir.

3    1997), *overruled on other grounds as stated in Shakur v. Schriro*, 514 F.3d 878, 884-885 (9th Cir.

4    2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Here, plaintiffs allege that

5    Wenger received and/or sent crass text messages, of which plaintiffs were unaware, regarding

6    unknown persons. These allegations do not establish that Wenger violated plaintiffs'

7    constitutional rights.

8    **A.   *Wenger's "Mindset" Cannot Establish A Fourth Amendment Violation***

9    The gravamen of plaintiffs' claims against Wenger is that his "words evince his mindset"

10   and that "mindset" is sufficient to establish Wenger's liability. ECF No. 94: 7: 3-5. This

11   argument is unfounded. Fourth Amendment claims are analyzed under an objective

12   reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The "reasonableness"

13   inquiry asks whether the officer's actions are "objectively reasonable" in light of the facts and

14   circumstances confronting the officer, without regard to the officer's underlying intent or

15   motivation. *Id*. at 397. The Fourth Amendment "allows certain actions to be taken in certain

16   circumstances, *whatever* the subjective intent." *Whren v. United States*, 517 U.S. 806, 814

17   (1996). The officer's state of mind is irrelevant. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

18   The standard is an objective one because state of mind is easy to allege and hard to disprove.

19   *Nieves v. Bartlett*, 587 U.S. ___, 139 S. Ct. 1715, 1725 (2019). A subjective standard would

20   create overwhelming litigation risk for police, dampen the resolve of police to discharge their

21   duties, and make the application of law variable depending on the personal motives of individual

22   officers. *Id*.

23   Plaintiffs cannot premise their Fourth Amendment claims on Wenger's "mindset." Their

24   Fourth Amendment claims must allege facts showing that Wenger personally participated in a

25   seizure of at least one of the plaintiffs that was objectively unreasonable in light of the facts and

26   circumstances confronting Wenger. They have failed to allege such facts.

27   **B.   *The Newly Alleged Text Messages Do Not Establish A Meeting Of The Minds***

28   The newly alleged text messages do not cure the deficiencies in the Section 1985

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPLAINT
Case No. 3:23-cv-01895-VC

3

conspiracy claim, because they do not establish a meeting of the minds to violate the rights of any plaintiff based on race. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) ("there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions). While plaintiffs ascribe "racial animus" to the text messages, there is no factual basis for doing so. None of the text messages mention any of the plaintiffs. None of Wenger's alleged text messages mention race. While the text messages may reveal a sporting enthusiasm for apprehending criminal suspects, the texts describe those suspects in race-neutral terms: "guy," "fuck face," "piece of shit," "Home boy," "nerd," "dweebs," and "dude." Most of the text messages refer to past events, while conspiracy to engage in excessive force generally requires facts showing an agreement *prior* to the use of force. *Mazloum v. District of Columbia*, 442 F.Supp.2d 1, 10 (D.C. 2006). None of the text messages show a plan to injure or arrest any of the plaintiffs or to injure or arrest anyone based on race.

Plaintiffs recognize that they must state specific facts to support the existence of the claimed conspiracy. ECF No. 94: 8: 6-9. By seeking "opportunity for leave to amend after discovery of such facts," plaintiffs acknowledge that they have failed to do so and are unable to do so. ECF No. 94: 8: 22-24. Plaintiffs are not entitled to take discovery, until they have stated a claim. Rule 8 does not unlock the doors of discovery for a plaintiff who alleges only conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) (the purpose of Rule 12(b)(6) is to "streamline litigation by dispensing with needless discovery and factfinding"); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (it is unfair to require the opposing party to be subjected to the expense of discovery when the complaint does not satisfy Rule 8); *Rutman Wine Co. v. E.J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (the argument that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense," because "[t]he purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *Havoco of America Ltd v. Shell Oil Co*., 626 F.2d 549, 553 (7th Cir. 1980); *Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1367 (11th Cir. 1997) ("A motion to dismiss based on failure to state a claim for relief should . . . be resolved before

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPLAINT
Case No. 3:23-cv-01895-VC

4

1  discovery begins."). The federal rules do not provide a plaintiff, who is unable to state a claim,

2  the opportunity to cure that deficiency by taking discovery.

3        Without facts that show a meeting of the minds to violate the constitutional rights of any

4  plaintiff based on race, the complaint fails to state a claim against Wenger under Section 1985,

5  and consequently fails to state a claim under Section 1986. *Sanchez v. City of Santa Ana*, 936

6  F.2d 1027, 1040 (9th Cir. 1990) (a violation of Section 1986 depends on the existence of a valid

7  claim under Section 1985). Wenger should be dismissed.

8        **III.**    **CONCLUSION**

9        Plaintiffs do not defend the sufficiency of the operative complaint. They tacitly concede

10  that the complaint fails to state a claim by premising their opposition on factual allegations not

11  pled in the complaint. Defendant Wenger's motion to dismiss should therefore be granted.

12        Even the newly alleged facts, however, do not cure the pleading deficiency. Plaintiffs do

13  not allege that Wenger used force on any plaintiff or that Wenger was present during a police

14  contact involving any plaintiff.  None of the newly alleged text messages show that Wenger had

15  a meeting of the minds with anyone to violate any of the plaintiff's rights based on race. None of

16  the newly alleged text messages display racial animus towards any criminal suspect. Therefore,

17  even if plaintiffs were to amend the complaint to include the facts referenced in their opposition,

18  that amended pleading would still fail to state a claim.

19        Defendant Wenger respectfully requests that his motion to dismiss the complaint be

20  granted.

21

22  DATE: March 14, 2024          RIVERA HEWITT PAUL LLP

23

24            /s/ Wendy Motooka
          JONATHAN B. PAUL

25            WENDY MOTOOKA
          Attorneys for Defendant DEVON WENGER

26

27

28

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPLAINT
Case No. 3:23-cv-01895-VC

5