RIVERA HEWITT PAUL LLP
JONATHAN B. PAUL, SBN 215884
WENDY MOTOOKA, SBN 233589
11341 Gold Express Drive, Suite 160
Gold River, California 95670
Telephone: 916-922-1200 Fax: 916 922-1303
Email:  JPaul@rhplawyers.com
         wmotooka@rhplawyers.com

Attorneys for Defendant DEVON WENGER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT ALLEN, et al.,<br><br>                Plaintiffs,<br><br>  vs.<br><br>CITY OF ANTIOCH, et al.,<br><br><br><br>                Defendants. | Lead Case No. 3:23-cv-01895-VC<br><br>[Consolidated with Case No. 23-cv-03773-SI for Pre-Trial Purposes]<br><br>**DEFENDANT WENGER'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  July 11, 2024<br>Time:  10:00 a.m.<br>Courtroom 4, 17th Floor<br>Judge:  Hon. Vince Chhabria |

# TABLE OF CONTENTS

NOTICE ........................................................................................................................... 1

ISSUE TO BE DECIDED ................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL ALLEGATIONS................................................................................. 1

   A.   Kardell Smith's Factual Allegations Regarding Wenger.............................. 2

   B.   Jamari Allen's Allegations Regarding Wenger............................................. 2

   C.   The FAC Alleges No Racial Animus On The Part Of Wenger ...................... 3

III.  LEGAL STANDARD ........................................................................................... 3

IV.   ARGUMENT ........................................................................................................ 4

   A.   Fourth Amendment Standards ...................................................................... 4

     1.   The Fourth Amendment Standard Is Objective ..................................... 4

     2.   Fourth Amendment Rights Are Personal Rights.................................... 5

     3.   Section 1983 Requires Personal Participation By The Defendant.......... 5

   B.   Plaintiff Smith Fails To Allege Facts Sufficient To State A Claim Against Wenger.... 5

     1.   Smith's First Cause Of Action (Unreasonable Seizure) Fails...................... 6

       i.    The First Cause Of Action Alleges Insufficient Facts ............................. 6

       ii.   Kardell Smith's First Cause Of Action Is Time-Barred........................... 7

     2.   Kardell Smith's Second Cause Of Action (42 U.S.C. § 1981) Fails .......... 7

     3.   Kardell Smith's Third Cause Of Action (Malicious Prosecution) Fails ...... 7

   C.   Plaintiff Jamari Allen's Claims Against Wenger Fail ................................... 8

     1.   Plaintiff Jamari Allen Should Be Stricken From The FAC ......................... 8

     2.   Jamari Allen's First Cause Of Action (Unreasonable Seizure) Fails Against Wenger.. 8

       i.    The First Cause Of Action Alleges Insufficient Facts ............................. 8

       ii.   Jamari Allen's First Cause Of Action Is Time-Barred............................. 9

     3.   Jamari Allen's Second Cause Of Action (42 U.S.C. § 1981) Fails ............. 9

     4.   Jamari Allens' Third Cause Of Action (Malicious Prosecution) Fails ........ 9

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

D.    The FAC Fails To Allege Facts Sufficient To State A Claim Against Wenger Under 42 U.S.C. Section 1985 ................................................................................................ 10

1.    The Section 1985 Claim Fails Against Wenger Because The FAC Fails To Allege A Race-Based Conspiracy ............................................................................................ 10

i.    The Factual Allegations Do Not Support Racial Animus ...................................... 10

ii.    The Factual Allegations Do Not Show A Conspiracy ........................................... 11

2.    Alternatively, The Conspiracy Claim Fails Under The Intra-Corporate Conspiracy Doctrine .................................................................................................................... 12

3.    Alternatively, The Section 1985 Claims Are Time-Barred ......................................... 12

E.    The Section 1986 Claim Must Fail In The Absence Of A Claim Under Section 1985 13

F.    Wenger Is Entitled To Qualified Immunity ................................................................. 13

1.    The Qualified Immunity Standard ................................................................................ 13

2.    Wenger's Text Messages Did Not Violate The Constitution ...................................... 14

3.    Wenger's Text Messages Did Not Violate Clearly Established Law .......................... 14

VI.    CONCLUSION ........................................................................................................... 15

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

ii

**TABLE OF AUTHORITIES**

**CASES**

*Alderman v. U.*S., 394 U.S. 165 (1969) .................................................................. 5

*Arnold v. Tiffany*, 487 F.2d 216 (9th Cir. 1973) .................................................... 10

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ............................................................. 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................ 3, 4

*Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004)................................ 8, 9

*Bagley v. CMC Real Estate Corp.*, 923 F.2d 758 (9th Cir. 1991) ............................ 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................... 3, 4

*Bey v. City of Oakland*, 2015 WL 8752762 (N.D. Cal. 2015) ................................ 12

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993) .......................... 10

*Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998) ............................................. 5

*Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711 (9th Cir. 1981) ...... 10

*Chuman v. Wright*, 76 F.3d 292 (9th Cir. 1996) ....................................... 5, 8, 11

*City and County of San Francisco v. Sheehan*, 575 U.S. 600 (2015) ..................... 14

*County of Los Angeles v. Mendez*, 581 U.S. 420 (2017)......................................... 5

*Davis v. Scherer*, 468 U.S. 183 (1984) ................................................................ 14

*District of Columbia v. Wesby*, 583 U.S. 48 (2018).............................................. 14

*Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006) .................................... 7, 9

*Friend v. Time Mfg.* Co., WL 2135807 (D. Ariz. 2006) ........................................... 5

*Gibson v. United States*, 781 F.2d 1334 (9th Cir. 1986)................................... 11, 13

*Graham v. Connor*, 490 U.S. 386 (1989)......................................................... 4, 5

*Griffin v. Breckenridge*, 403 U.S. 88 (1971).......................................................... 10

*Hardin v Straub*, 490 U.S. 536 (1989) .................................................................. 7

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .......................................................... 13

*Hinton v. NMI Pac. Enters.*, 5 F.3d 391 (9th Cir. 1993)................................. 7, 9, 13

*In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104 (9th Cir. 2013) ...... 3

*Josfan v. Indochine*, 2012 WL 12906356 (C.D. Cal. 2012)................................... 11

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

iii

1    *Kimes v. Stone*, 84 F.3d 1121 (9th Cir. 1996) ...................................................................7

2    *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ..............................................4

3    *Malley v. Briggs*, 475 U.S. 335 (1986) ...........................................................................14

4    *Mazloum v. District of Columbia*, 442 F.Supp.2d 1 (D.C. 2006) ...............................11

5    *Morales v. Fry*, 873 F.3d 817 (9th Cir. 2017) ...............................................................13

6    *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365 (9th Cir. 1998) ...........5, 6

7    *Mullenix v. Luna*, 577 U.S. 7 (2015) ..............................................................................14

8    *Nieves v. Bartlett*, 587 U.S. 391 (2019) .......................................................................5, 6

9    *O.H. v. Oakland Unified Sch. Dist.*, 2000 WL 33376299 (N.D. Cal. 2000) ...............12

10   *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916 (9th Cir. 2004) ..........................10

11   *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) ..................................................6

12   *Papasan v. Allain*, 478 U.S. 265 (1986) ..........................................................................4

13   *Phan v. City of Garden Grove*, 2022 WL 3137448 (C.D. Cal. 2022)...........................13

14   *Portman v. County of Santa Clara*, 995 F.2d 898 (9th Cir. 1993).........................10, 12

15   *Rabkin v. Dean*, 856 F. Supp. 543 (N.D. Cal. 1994) ....................................................12

16   *Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018)..................................14

17   *Romero v. Kitsap*, 931 F.2d 624 (9th Cir. 1991)...........................................................14

18   *S.B. v. County of San Diego*, 864 F.3d 1010 (9th Cir. 2017) .......................................14

19   *Saint Francis College v. Al-Khazraji*, 481 U.S. 604 (1987) ..........................................7

20   *Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1990) .....................................13

21   *Saucier v. Katz*, 533 U.S. 194 (2001)............................................................................13

22   *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529 (9th Cir. 1992) .........................................10

23   *Sharp v. County of Orange*, 871 F.3d 901 (9th Cir. 2017) ...........................................14

24   *Strifling v. Twitter Inc.*, 2024 WL 54976 (N.D. Cal. 2024) ...........................................8

25   *Taylor v. Barkes*, 575 U.S. 822 (2015) .........................................................................13

26   *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989) .........................................................5, 8, 9

27   *Trerice v. Pedersen*, 769 F.2d 1398 (9th Cir. 1985) .....................................................13

28   *United States v. Wilson*, 13 F.4th 961 (9th Cir. 2021) ....................................................5

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

iv

*Ward v. EEOC*, 719 F.2d 311 (9th Cir. 1983) ............................................................................ 10

*Wilson v. Garcia*, 471 U.S. 261 (1985) ...................................................................................... 7

*Ziglar v. Abbasi*, 582 U.S. 120 (2017) ...................................................................................... 12

**STATUTES**

42 U.S.C § 1981 ...................................................................................................................... 5, 7, 9

42 U.S.C. § 1983 ................................................................................................................... 5, 7, 8, 9

42 U.S.C. § 1985 .......................................................................................................... 10, 11, 12, 13

42 U.S.C. § 1986 ................................................................................................................... 10, 13

Cal. Code Civ. Proc. § 335.1 .................................................................................................. 7

**RULES**

Fed. R. Ci. P. 12(b)(6) ........................................................................................................... 1, 3

Fed. R. Civ. P. 8 ..................................................................................................................... 1, 4

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

v

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE**

NOTICE IS HEREBY GIVEN that on July 11, 2024 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled court, located at the United States District Court, Courtroom 4, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Devon Wenger will and hereby does move the Court for dismissal of the First Amended Consolidated Complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 8 & 12(b)(6).

This motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities and Request for Judicial Notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

**ISSUE TO BE DECIDED**

1.      Whether the First Amended Consolidated Complaint ("FAC") alleges facts sufficient to state a claim that entitles any plaintiff to relief against defendant Wenger.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

This consolidated case involves numerous plaintiffs who allege discriminatory policing by the Antioch Police Department ("APD") in violations of 42 U.S.C. Sections 1981, 1983, 1985, and 1986.  The FAC alleges that various APD officers violated plaintiffs' Fourth Amendment rights for discriminatory reasons during different police contacts over at least four years.  ECF No. 112 at ¶ 2.  The FAC alleges that defendant DEVON WENGER ("Wenger") was an APD officer during part of this timeframe and that he exchanged texts messages with some of these officers.  The FAC does not allege that Wenger arrested or used force on any of the plaintiffs.  It does not allege that Wenger expressed any racial animus towards anyone at any time.

Wenger now moves to dismiss the FAC for failure to allege facts sufficient to state a claim against him.

**II.      FACTUAL ALLEGATIONS**

Plaintiffs TRENT ALLEN; SHAGOOFA KHAN; ADAM CARPENTER; JOSHUA

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

1

1  BUTLER; DEJON RICHARDS; DRESHAWN JACKSON; KARDELL SMITH; DAVID

2  MACKIN; TERRY DWAYNE ROBINSON, JR.; MANDINGO CAIN; AMADEO GARCIA,

3  JR.; ARON TYSON; DAUNTE GELLINGTON; ROBERT YOUNG; TERRY THOMAS;

4  SHAQUILLE HILLARD; DANYEL EARL LACY; KAYCEE SUITTER; MARCELL LEWIS;

5  GREGORIO YARBOROUGH; QUINCY MASON; TAHJAY MCCULLOUGH; and JAMARI

6  ALLEN sue defendants CITY OF ANTIOCH and several of its employees for civil rights

7  violations arising from unrelated law enforcement contacts spanning from 2019 through 2023.

8      None of the plaintiffs alleges being arrested by Wenger or being subjected to a use of

9  force by Wenger.  None of the plaintiffs allege being contacted by Wenger at all.  Yet two

10  plaintiffs, Kardell Smith and Jamari Allen, specifically sue Wenger in relation to their arrests and

11  all plaintiffs sue him for conspiracy under 42 U.S.C. §§ 1985 and 1986.

12  **A.    *Kardell Smith's Factual Allegations Regarding Wenger***

13      Plaintiff Kardell Smith alleges that he was arrested on state possession charges in 2019 by

14  Officers Amiri and Rombough.  ECF No. 112 at ¶¶ 13, 95.  Smith does not allege that Wenger

15  was present for the arrest.  ECF No. 112 at ¶¶ 13, 95.  He alleges only that Wenger exchanged

16  text messages "[c]oncurrent with [plaintiff] CARPENTER's arrest," including the words "Please

17  find this guys [sic] and fuck him in the ass" followed by a screenshot of identification records and

18  an explanation of the suspect's "wants."  ECF No. 112 at ¶¶ 13, 96.  Carpenter's arrest occurred

19  on November 3, 2020 without use force, long after Smith's arrest for possession.  ECF No. 112 at

20  ¶¶ 9, 87.  Smith does not allege that Officers Amiri and Rombough used force during his arrest.

21  ECF No. 112 at ¶ 13.

22  **B.    *Jamari Allen's Allegations Regarding Wenger***

23      Plaintiff Jamari Allen alleges that he was stopped at a vehicle checkpoint on

24  approximately August 22 or 23, 2020.  ECF No. 112 at ¶ 138.  More specifically, the date of the

25  police contact was August 21, 2020.  Def.'s Request for Judicial Notice No. 1.  Jamari Allen fled

26  and hid in the bushes.  ECF No. 112 at ¶ 138.  Jamari Allen alleges that defendant Officer Amiri

27  deployed his K9 unreasonably after Jamari Allen announced that he would come out with his

28  hands up.  ECF No. 112 at ¶ 138.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

2

The FAC does not allege that Wenger was present for Jamari Allen's arrest.  Rather, it alleges that on August 22, 2020, the day after Jamari Allen's arrest, Wenger texted Amiri: "We need to get into something tonight bro!!  Lets go 3 nights in a row dogbite!!!"  ECF No. 112 at ¶ 139.  The FAC further alleges, contrary to the Contra Costa County Superior Court's records, that no criminal charges were filed against Jamari Allen.  *Compare* ECF No. 112 at ¶ 141 *with* RJN No. 1.

### C.      The FAC Alleges No Racial Animus On The Part Of Wenger

The FAC alleges that specific Antioch officers sent or received text messages that used racist language to refer to citizens.  *See, e.g.*, ECF No. 112 at ¶¶ 39, 40, 41, 47, 48, 49, 50, 51, 52, 54, 109.  The FAC does not allege that any of these racist text messages were sent by or to Wenger.  While Wenger's text communications also spoke disparagingly of criminal suspects, it did so using race neutral terms, such as "nerds," "dweebs," "piece of shit," and "fuck face."  ECF No. 112 at ¶¶ 45, 55, 96.

Plaintiffs' allegations about Wenger are conclusory, not factual, e.g.: "Each of the Plaintiffs' [sic] suffered injuries resulting from contact with Defendant Officers, all of which occurred during the time WENGER was employed by CITY OF ANTIOCH Police Department as an officer and while he was engaged in a conspiracy to violate civil rights."  FAC at ¶ 55.

### III.    LEGAL STANDARD

A claim may be dismissed if it does not "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  When faced with two possible explanations for events, only one of which can be true and only one of which results in liability, plaintiffs must offer more than allegations that are "merely consistent with" their favored explanation but also consistent with the alternative explanation.  *In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104, 1108 (9th Cir. 2013).  To state a

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC                    3

"plausible" claim within the meaning of *Iqbal*, plaintiffs must allege facts tending to exclude the possibility that the alternative explanation is true. *Id.* at 1108; *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134-35 (9th Cir. 2014). Factual allegations that permit the court to infer no more than the mere possibility of misconduct fail to satisfy Rule 8. *Iqbal*, 556 U.S. at 679.

While the court must accept as true all factual allegations in the complaint, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Iqbal*, 556 U.S. at 678-79. The court does not accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the plaintiff is entitled to relief," it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678-79. On a motion to dismiss, the court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## IV.    ARGUMENT

Plaintiffs seek to proceed on conclusory allegations, e.g., "WENGER knowingly sought out and used unconstitutionally excessive force against subjects in and around Antioch, California." FAC at ¶ 55. No facts support this conclusory allegation. No plaintiff alleges an arrest by Wenger. No plaintiff alleges that Wenger used force. No plaintiff alleges that Wenger was even present during the plaintiff's encounter with Antioch Police. The FAC's allegation that Wenger used excessive force is therefore not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678-79. The factual allegations in the FAC state that Wenger sent and received text messages. An exchange of text messages, without more, does not violate the Fourth Amendment.

### A.    *Fourth Amendment Standards*

#### 1.    The Fourth Amendment Standard Is Objective

The Fourth Amendment analysis is objective: the question is whether the officers' actions are "objectively reasonable" given the facts and circumstances confronting them. *Graham v. Connor*, 490 U.S. 386, 397 (1989). "Reasonableness" is assessed from the perspective of the reasonable officer on the scene, not with the 20/20 vision of hindsight. *Id*. at 396. An officer's

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC                                    4
Case No. 3:23-cv-01895-VC

1  underlying intent or motivation is immaterial.  The officer's evil intentions will not convert an

2  objectively reasonable use of force into a Fourth Amendment violation, just as his good intentions

3  will not make an objectively unreasonable use of force constitutional.  *Id.*  The objective inquiry

4  is whether the officer's action was reasonable regardless of the officer's subjective intent.  *Nieves*

5  *v. Bartlett*, 587 U.S. 391, 403 (2019).  An officer's state of mind is simply irrelevant, providing

6  no basis for invalidating an arrest.  *Id.*  Each Fourth Amendment claim should be analyzed

7  separately.  *County of Los Angeles v. Mendez*, 581 U.S. 420, 429 (2017).

8  ### 2.  Fourth Amendment Rights Are Personal Rights

9      Plaintiffs have the burden of alleging and proving standing.  *Byrd v. Guess*, 137 F.3d

10  1126, 1131 (9th Cir. 1998), *superseded by statute on other grounds as stated in Friend v. Time*

11  *Mfg.* Co., WL 2135807 at *7 fn. 4 (D. Ariz. 2006).  Fourth Amendment rights are personal rights.

12  *United States v. Wilson*, 13 F.4th 961, 975 (9th Cir. 2021).  They may not be vicariously asserted.

13  *Alderman v. U.*S., 394 U.S. 165, 174 (1969); *Moreland v. Las Vegas Metro. Police Dep't*, 159

14  F.3d 365, 369 (9th Cir. 1998).  Each plaintiff in this case has standing to enforce only his or her

15  own rights, not rights on behalf of other plaintiffs or non-parties.

16  ### 3.  Section 1983 Requires Personal Participation By The Defendant

17      Liability under 42 U.S.C. Section 1983 arises only upon a showing of personal

18  participation by the defendant.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Liability may

19  not be imposed by lumping all defendants together and alleging a "team effort."  *Chuman v.*

20  *Wright*, 76 F.3d 292, 295 (9th Cir. 1996).  To establish liability against Wenger, a plaintiff must

21  allege that Wenger personally participated in a violation of the plaintiff's own rights.

22  ### B.  *Plaintiff Smith Fails To Allege Facts Sufficient To State A Claim Against Wenger*

23      Plaintiff Kardell Smith fails to allege facts sufficient to state a claim against Wenger.[1]

24

25      [1] With respect to plaintiff ARON TYSON, the FAC alleges claims under 42 U.S.C.
Section 1981 and malicious prosecution against "Defendants *and* DOES 1-100."  FAC at ¶¶ 228-

26  233 (emphasis added).  Wenger presumes the "and" is a typo and that Tyson sues only Doe
defendants, not all defendants in addition to Doe defendants.  To the extent that Tyson does

27  intend to include Wenger in his claims, Wenger notes that he is not alleged to have had any
contact with Tyson and moves to dismiss Tyson's claims on the same grounds argued in Parts

28  IV.B.2 & IV.B.3, *infra*.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

5

1.      **Smith's First Cause Of Action (Unreasonable Seizure) Fails**

i.      **The First Cause Of Action Alleges Insufficient Facts**

Plaintiff Smith alleges that he was arrested in 2019, though not by Wenger.  Smith does not allege that Wenger was present during his arrest.  He does not allege that Wenger or any other officer used force on him during his arrest.  ECF No. 112 at ¶ 95.  Smith alleges that Wenger sent vulgar text messages "[c]oncurrent with" the November 3, 2020 arrest of another plaintiff, Adam Carpenter, who was also not arrested by Wenger.  ECF No. 112 at ¶¶ 9, 13, 87, 96.  These factual allegations are insufficient to state a claim against Wenger under the Fourth Amendment.

Text messages sent in "[c]oncurrent with CARPENTER's arrest" do not support Smith's Fourth Amendment claim.  ECF No. 112 at ¶¶ 13, 96.  Because Fourth Amendment rights are personal, plaintiff Smith cannot assert the rights of plaintiff Carpenter.  Only the person whose Fourth Amendment rights were violated can sue to vindicate those rights.  *Moreland*, 159 F.3d at 369.  Nor do the text messages suggest a Fourth Amendment violation of *either* plaintiff's rights.  As alleged in the FAC, Wenger's text messages provide "a screenshot of identifying records" and disclose the suspect's warrant information, albeit in vulgar and aggressive language: "find this guys [sic] and fuck him in the ass . . . He's the fuck face that ran."  ECF No. 112 at ¶ 96.

The FAC appears to allege that Wenger's use of vulgar language – "fuck him in the ass" – was the Fourth Amendment violation, as force was not used on either Smith or Carpenter.  ECF No. 112 at ¶¶ 9, 95.  A Section 1983 claim cannot be premised on the use of vulgar language, even if the plaintiff hears it.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).  Here, the vulgar language was neither directed towards plaintiff nor accompanied or followed by a use of force.  While the vulgar language may imply aggression, the officer's subjective intent is irrelevant to a Fourth Amendment claim.  *Nieves*, 587 U.S. at 403.  Additionally, a text message concurrent with Carpenter's arrest in November 2020 has no relevance to Smith's arrest in 2019.

Wenger did not personally participate in Kardell Smith's arrest.  No force was used during Kardell Smith's arrest.  Plaintiff Smith fails to allege facts sufficient to state a claim against Wenger for unreasonable seizure.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

6

### ii. Kardell Smith's First Cause Of Action Is Time-Barred

The FAC alleges that Smith was arrested on state possession charges in 2019. ECF No. 112 at ¶¶ 13, 95. Federal law determines when a cause of action accrues. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). It accrues when a party knows or has reason to know of the injury. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Smith's cause of action therefore accrued upon his arrest. In California, the statute of limitations for Section 1983 claims is two years, subject to the state's applicable tolling provisions. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); Cal. Code Civ. Proc. § 335.1; *Hardin v Straub*, 490 U.S. 536, 538-39 (1989). The limitations period for Smith's Fourth Amendment claim would therefore have expired sometime in 2021 or 2022, unless extended by tolling. Plaintiff did not file his lawsuit until June 15, 2023. ECF No. 9. It is plaintiff's burden to allege facts that would give rise to tolling. *Hinton v. NMI Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). Smith alleges no such facts. Smith's First Cause of Action is time-barred.

### 2. Kardell Smith's Second Cause Of Action (42 U.S.C. § 1981) Fails

A plaintiff cannot state a claim under 42 U.S.C. Section 1981 unless he has or would have rights under an existing or proposed contract that he wishes to make and enforce. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479-80 (2006). Section 1981 plaintiffs must identify injuries flowing from a racially or ethnically motivated breach of their own contractual relationship, not of someone else's. *Id*. at 480; *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987). The FAC alleges no facts showing that Wenger was motivated by plaintiff's race or ethnicity. The FAC does not identify Smith's race or ethnicity or the contractual rights Smith had or anticipated. The FAC is also silent as to how Wenger impaired Smith's contractual rights.

Smith fails to allege facts sufficient to state a claim against Wenger under Section 1981.

### 3. Kardell Smith's Third Cause Of Action (Malicious Prosecution) Fails

Plaintiff Smith's malicious prosecution claim also fails against Wenger. Malicious prosecution requires a plaintiff to show that 1) the defendant prosecuted him with malice and without probable cause, 2) for the purpose of denying him equal protection or another specific

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC                    7
Case No. 3:23-cv-01895-VC

constitutional right. Malicious prosecution claims may be brought against persons who have wrongfully caused the charges to be filed. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). The FAC contains no factual material suggesting that Wenger prosecuted Smith, caused charges to be filed against Smith, or that he did so for the purpose of denying Smith equal protection or another constitutional right. The FAC alleges no facts showing that Wenger arrested Smith, played any role in Smith's prosecution, or sought to deny him equal protection. The FAC contains no facts showing that Wenger had animus towards Smith based on his race, which remains unidentified.

Liability under Section 1983 arises only upon a showing of personal participation by the defendant and may not be imposed based on a "team effort." *Taylor*, 880 F.2d at 1045; *Chuman*, 76 F.3d at 295. Factual allegations that permit the court to infer no more than the mere possibility of misconduct fail to satisfy Rule 8. *Iqbal*, 556 U.S. at 679. There are no factual allegations supporting Kardell Smith's malicious prosecution claim against Wenger.

## C. *Plaintiff Jamari Allen's Claims Against Wenger Fail*

### 1. Plaintiff Jamari Allen Should Be Stricken From The FAC

Plaintiff Jamari Allen was not a plaintiff in the original consolidated complaint. ECF No. 69. (Trent Allen is the plaintiff who gives this case its name.) Plaintiffs did not seek leave to add a new plaintiff nor did the Court grant plaintiffs leave to amend to include a new plaintiff. The Courts in this district consistently strike or dismiss parties and claims that exceed the scope of an order granting leave to amend. *Strifling v. Twitter Inc.*, 2024 WL 54976 at *1 (N.D. Cal. 2024). Plaintiff Jamari Allen should be stricken from the FAC.

### 2. Jamari Allen's First Cause Of Action (Unreasonable Seizure) Fails Against Wenger

#### i. The First Cause Of Action Alleges Insufficient Facts

Jamari Allen's unreasonable seizure claim fails against Wenger because Wenger did not seize Jamari Allen. The FAC alleges no personal participation by Wenger in Jamari Allen's arrest. Plaintiff appears to allege that the K9 deployment during his arrest was pre-planned, based on a text message sent by Wenger ("Lets go 3 nights in a row dog bite!!!"). ECF No. 112 at ¶

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

8

139.  Wenger's generalized, gung-ho exhortation does not rise to the level of a plan, particularly where the text message was sent *after* plaintiff's arrest.  Wenger's texts were sent on August 22, 2020, after Jamari Allen had already been arrested the day before.  ECF No. 112 at ¶ 139, RJN No. 1.  Liability under Section 1983 arises only upon a showing of personal participation by the defendant.  *Taylor*, 880 F.2d at 1045.  No participation by Wenger has been alleged in the arrest of Jamari Allen.  Jamari Allen's unreasonable seizure claim fails.

### ii.    Jamari Allen's First Cause Of Action Is Time-Barred

Jamari Allen alleges that that he was seized on approximately August 22 or 23, 2020.  ECF No. 112 at ¶ 138.  As discussed in Part IV.B.1.ii, *supra*, plaintiff's two-year limitations began to run when learned of his injury, which was in August 2020.  The limitations period would have expired in August 2022, unless extended by applicable tolling.  Plaintiff did not file his lawsuit until June 15, 2023.  ECF No. 112.  It is plaintiff's burden to allege facts that would give rise to tolling.  *Hinton,* 5 F.3d at 395.  He has alleged no such facts.  The First Cause of Action is time-barred.

### 3.    Jamari Allen's Second Cause Of Action (42 U.S.C. § 1981) Fails

As argued in Part IV.B.2. *supra*, a Section 1981 claim must involve racially motivated interference in the making and enforcement of contracts.  *Domino's Pizza*, 546 U.S. at 479-80.  Jamari Allen does not identify his race or allege any facts showing that Wenger harbored racially discriminatory animus.  He alleges no facts showing that Wenger interfered in his contractual relationships.  Plaintiff Jamari Allen fails to state a claim against Wenger under Section 1981.

### 4.    Jamari Allens' Third Cause Of Action (Malicious Prosecution) Fails

Jamari Allen fails to state a malicious prosecution claim against Wenger.  As argued in Part IV.B.3, *supra*, a malicious prosecution action requires plaintiff to show that Wenger prosecuted him or caused charges to be filed with malice and without probable cause for the purpose of denying him equal protection or another constitutional right.  *Awabdy*, 368 F.3d at 1066.  The FAC is silent as to Jamari Allen's race.  It alleges no facts showing that Wenger arrested Jamari Allen, played any role in his prosecution, or had any racial animus towards him.  Jamari Allen fails to allege facts sufficient to state a claim for malicious prosecution against

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

9

1    Wenger.

2

3    **D.    *The FAC Fails To Allege Facts Sufficient To State A Claim Against Wenger Under 42 U.S.C. Section 1985***

4          The Second Common Cause of Action alleges that defendant Wenger conspired to violate

5    plaintiffs' civil rights in violation of 42 U.S.C. Sections 1985 and 1986 based on "race, ethnicity,

6    and gender."  ECF No. 112 at ¶¶ 326.  Section 1985 contains three subparts, but only subparts (2)

7    or (3) could be applicable to the facts alleged in this case.[2]  Section 1985(2) and Section 1985(3)

8    each require racial bias or other class-based animus akin to racial bias.[3]  *Portman v. County of*

9    *Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971);

10   *Arnold v. Tiffany*, 487 F.2d 216, 217 (9th Cir. 1973).

11

12   **1.    The Section 1985 Claim Fails Against Wenger Because The FAC Fails To Allege A Race-Based Conspiracy**

13         To support conspiracy, a complaint must allege facts showing a "meeting of the minds" to

14   violate constitutional rights.  *Ward v. EEOC*, 719 F.2d 311, 314 (9th Cir. 1983).  Plaintiffs "must

15   state specific facts to support the existence of the claimed conspiracy."  *Olsen v. Idaho State Bd.*

16   *of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004).   To fall within the applicable provisions of

17   Section 1985, the conspiracy must be racially motivated.  *Portman*, 995 F.2d at 909; *Griffin*, 403

18   U.S. at 102.  The FAC is devoid of factual allegations showing a racially motivated "meeting of

19   the minds" between Wenger and any other person to violate the civil rights of Kardell Smith,

20   Jamari Allen, or any other plaintiff.

21   **i.    The Factual Allegations Do Not Support Racial Animus**

22         There is no allegation that Wenger arrested or used force on any plaintiff, only that he sent

23   and received text messages, which the FAC purports to quote.  None of the text messages sent or

24   ───────────────

[2] Section 1985(1) applies exclusively for the benefit of federal officers.  *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717-18 (9th Cir. 1981).

25

26   [3] It is unclear that Section 1985 can be invoked based on gender.  *See, e.g., Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (discussing uncertainty in determining

27   when Section 1983 applies in contexts not involving race); *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993) (declining invitation to expand Section 1985 beyond race).
     Plaintiffs' gender discrimination claims are immaterial to the present motion, however, as there

28   are no allegations of gender discrimination against Wenger.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC                                      10

received by Wenger reference any of the plaintiffs. None of the text messages sent or received by Wenger convey racial animus or use any racial terms. The racial identities of Smith and Jamari Allen are not alleged. While Wenger's text messages refer to citizens disrespectfully, they do so race neutrally, using words such as "piece of shit," "fuck face," "nerds," and "dweebs." The FAC's extensive allegations of racial motivation arise from text messages attributed to other APD officers. *See, e.g.,* ECF No. 112 at ¶¶ 2, 9, 13, 25, 39, 40, 41, 45, 46, 47, 48, 49, 50, 51, 52, 54, 56, 57, 64. Despite the breadth and specificity of the FAC's allegations regarding who sent text messages, who received them, and what words were used, *none of the racist texts messages were sent or received by Wenger*. *Gibson v. United States*, 781 F.2d 1334, 1341 (9th Cir. 1986) (dismissing Section 1985 claim for failure to allege racial nexus). Liability cannot be established by lumping all the defendants together. *Chuman*, 76 F.3d at 295.

The FAC fails to allege facts showing that Wenger was motivated by racial animus. Plaintiffs' Section 1985 claim against Wenger therefore fails.

### ii.    The Factual Allegations Do Not Show A Conspiracy

Generally, to support liability based on conspiracy in an excessive force case, the plaintiff must allege facts supporting an inference that the defendants reached an agreement prior to the use of force. *Mazloum v. District of Columbia*, 442 F.Supp.2d 1, 10 (D.C. 2006). Merely agreeing that a use of force was reasonable does not constitute conspiracy. *Josfan v. Indochine*, 2012 WL 12906356 at *7 (C.D. Cal. 2012) (witnesses' characterization of police use of force as minimal, reasonable, and justified is insufficient to show agreement to violate the plaintiff's Fourth Amendment rights). Wenger was not present for any of the arrests alleged in the FAC. The FAC alleges no facts showing that Wenger reached an agreement with any other officer to violate any plaintiff's civil rights prior to the police contact. Plaintiffs base their case entirely on the text messages, which show Wenger engaged in police work (providing suspect and warrant information), albeit in vulgar language, or crudely and irreverently celebrating his co-workers' apprehension of criminal suspects after the arrests had been made. None of the text messages show Wenger planning an unreasonable seizure of Smith, Jamari Allen, or any plaintiff.

Because the FAC's factual allegations show neither racial animus nor a conspiracy to

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

11

violate any plaintiff's rights, the FAC fails to state a claim against Wenger under Section 1985.

### 2. Alternatively, The Conspiracy Claim Fails Under The Intra-Corporate Conspiracy Doctrine

Under the intra-corporate conspiracy doctrine, an agreement between or among agents of a single government body, acting in their official capacity, is not a conspiracy because a governmental body cannot conspire with itself. *Portman*, 995 F.2d at 910. The FAC alleges that the City of Antioch and its managers, the City Police Department and its managers, and the City Police Department's officers conspired with themselves. Courts are split on whether a Section 1985 claim can proceed based on an alleged conspiracy between agents of the same entity. *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017). Both the Ninth Circuit and the U.S. Supreme Court have so far declined to decide the issue. *Portman*, 995 F.2d at 910 ("We decline to resolve this conflict today"); *Ziglar*, 582 U.S. at 153 ("Nothing in this opinion should be interpreted as either approving or disapproving the intracorporate-conspiracy doctrine's application in the context of an alleged § 1985(3) violation."). California's Northern District Court itself is split on the question. *See, e.g., Rabkin v. Dean*, 856 F. Supp. 543, 552-53 (N.D. Cal. 1994) (intra-corporate conspiracy bars the claim); *O.H. v. Oakland Unified Sch. Dist*., 2000 WL 33376299 at *8 (N.D. Cal. 2000) (declining to apply intra-corporate conspiracy doctrine where the individual school district employees were defendants, but the school district itself was not); *Bey v. City of Oakland*, 2015 WL 8752762 at *14 (N.D. Cal. 2015) (finding that Section 1985 claim is not necessarily barred by the intra-corporate conspiracy doctrine).

As alleged in the FAC, the conspiracy claim should fail under the intra-corporate conspiracy doctrine. The City cannot conspire with itself. A conspiracy claim is also unnecessary as the City is already being sued directly, as well as through its City Managers and Police Chiefs, under *Monell* for an alleged official policy and widespread custom and practice of discriminatory policing and disregard for the constitutional rights of citizens. ECF No. 112 at ¶¶ 309-326. To the extent that the FAC alleges a culture of excessive force, that is the *Monell* claim.

### 3. Alternatively, The Section 1985 Claims Are Time-Barred

The statute of limitations for Section 1985 claims is two years in California. *Phan v. City*

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

12

*of Garden Grove*, 2022 WL 3137448 at *2 (C.D. Cal. 2022).  A conspiracy cause of action begins to run separately from each overt act that is alleged to have caused damage to the plaintiff. *Gibson*, 781 F.2d at 1340.  As discussed in Parts IV.B.1.ii and IV.C.2.ii, *supra*, neither Kardell Smith nor Jamari Allen filed his respective claims within two years of the date of his arrest.  Nor has either plaintiff alleged acts giving rise to tolling, *Hinton,* 5 F.3d at 395, or additional overt acts to commence a new limitations period, *Gibson*, 781 F.2d at 1340.  Both Kardell Smith's and Jamari Allen's Section 1985 claims against Wenger are time-barred.

## E.    The Section 1986 Claim Must Fail In The Absence Of A Claim Under Section 1985

A violation of Section 1986 requires the existence of a valid claim under Section 1985. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1040 (9th Cir. 1990); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).  Because, as argued in Part IV.D, *supra*, plaintiffs fail to state a claim against Wenger for relief under 42 U.S. Section 1985, they also fail to state a claim against Wenger under 42 U.S.C. Section 1986.

## F.    Wenger Is Entitled To Qualified Immunity

### 1.    The Qualified Immunity Standard

Qualified immunity shields government officials from liability for money damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In analyzing whether qualified immunity applies, a court must address two questions: 1) did the defendant's conduct violate a constitutional right, and 2) was the right at issue clearly established, such that a reasonable officer would have understood his conduct to be unlawful in the situation that he confronted.  *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).  Qualified immunity should be decided at the earliest possible stage in the litigation.  *Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017).

To be "clearly established," a right must be sufficiently clear that every reasonable official who violates that right would have understood that his conduct was unlawful.  *Taylor v. Barkes*, 575 U.S. 822, 825 (2015).  There need not be a case directly on point, but existing precedent must place the statutory or constitutional question "beyond debate."  *Ashcroft v. al-Kidd*, 563 U.S. 731,

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC                                    13

741 (2011).  The dispositive question on qualified immunity is "whether the violative nature of particular conduct is clearly established."  *Mullenix v. Luna*, 577 U.S. 7, 12 (2015).  Prior case law must articulate a constitutional rule specific enough to alert the defendants in this case that their particular conduct was unlawful.  *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017).  The rule must be "settled law" – it is not enough that the rule is suggested by then-existing precedent.  *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018).  Without this "fair notice," an officer is entitled to qualified immunity.  *City and County of San Francisco v. Sheehan*, 575 U.S. 600, 615-16 (2015); *Reese v. County of Sacramento*, 888 F.3d 1030, 1038-40 (9th Cir. 2018) (affirming qualified immunity where plaintiff was unable to identify a factually analogous case); *S.B. v. County of San Diego*, 864 F.3d 1010, 1015 (9th Cir. 2017) (precedent as of the date of the incident that created clear notice must be identified).

To overcome the qualified immunity defense, it is plaintiffs' burden to identify a precedential case in which an officer acting under similar circumstances was held to have violated the Constitution.  *Davis v. Scherer*, 468 U.S. 183, 197 (1984); *Romero v. Kitsap*, 931 F.2d 624, 627 (9th Cir. 1991).  Qualified immunity provides ample protection to all but the plainly incompetent or those who knowingly violate the law.  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

### 2. Wenger's Text Messages Did Not Violate The Constitution

The FAC alleges no facts showing that Wenger arrested any of the plaintiffs, used force on any of the plaintiffs, prosecuted any of the plaintiffs, or interfered with any plaintiff's contractual rights.  Wenger did not violate any plaintiff's constitutional rights.

### 3. Wenger's Text Messages Did Not Violate Clearly Established Law

Wenger also did not violate clearly established law.  Wenger had no contact with any of the plaintiffs.  They are suing him for sending and receiving text messages.  While the tone of Wenger's text messages may reflect poorly, nothing about Wenger's alleged text messages violates clearly established law.  There is no precedential case putting officers on notice that exchanging vulgar and disrespectful text messages, like those attributed to Wenger, violates the Constitution.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC

14

1    Wenger is entitled to qualified immunity for the alleged constitutional violations.

2    ## VI.    CONCLUSION

3    As alleged in the FAC, Wenger did not arrest, use force on, or prosecute any plaintiff.  He

4  did not interfere with the contractual rights of any plaintiff.  For the reasons stated above,

5  Wenger's text messages, without more, are an insufficient basis for plaintiffs' causes of action.

6    Defendant Wenger respectfully requests that his motion to dismiss the FAC be granted.

9  DATE:  May 24, 2024                    RIVERA HEWITT PAUL LLP

11                                          /s/ Wendy Motooka
                                        JONATHAN B. PAUL
12                                      WENDY MOTOOKA
                                        Attorneys for Defendant DEVON WENGER

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

WENGER'S MTD FAC
Case No. 3:23-cv-01895-VC                    15