JOHN ROBINSON, State Bar No. 297065
jrobinson@cmtrlaw.com
EDWARD VIEIRA-DUCEY, State Bar No. 251405
evieira-ducey@cmtrlaw.com
CASTILLO, MORIARTY, TRAN & ROBINSON
75 Southgate Avenue
Daly City, CA 94015
Telephone: (415) 213-4098

Attorneys for Defendant
ANDREA RODRIGUEZ

ERIC J. BENGTSON, State Bar No. 254167
STEVEN BENNETT DIPPELL, State Bar No. 121217
DAVIS, BENGTSON & YOUNG,
1960 The Alameda, Ste 210,
San Jose, CA 95126-1451
Phone: 669-245-4200
Fax: 408-985-1814

Attorney for Defendant
CALVIN PRIETO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRYONN DESHANN PUGH;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANTIOCH, a municipal corporation; TAMMANY BROOKS, individually and in his official capacity as police chief for the CITY OF ANTIOCH; TONY MOREFIELD, individually and in his official capacity as interim police chief for the CITY OF ANTIOCH; STEVEN FORD, individually and in his official capacity as police chief for the CITY OF ANTIOCH; MATTHEW NUTT, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; JOSH EVANS, individually and in his official capacity as a police sergeant for the CITY OF ANTIOCH; ERIC ROMBOUGH, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; MORTEZA AMIRI, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; SCOTT DUGGAR, | Case No.: 3:24-cv-01774-VC<br><br>Related to Case No.<br>3:23-cv-01895-VC<br><br>**DEFENDANTS ANDREA RODRIGUEZ AND CALVIN PRIETO'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date: August 22, 2024<br>Time: 10:00 a.m.<br>Courtroom 4 – 17th Floor<br><br>Hon. Vince Chhabria |

*CASTILLO, MORIARTY, TRAN & ROBINSON, LLP*
*75 Southgate Avenue*
*Daly City, California 94015*

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

1  individually and in his official capacity as
   a police officer for the CITY OF
2  ANTIOCH; TIMOTHY MANLY
   WILLIAMS, individually and in his
3  official capacity as a police officer for the
   CITY OF ANTIOCH; THOMAS SMITH,
4  individually and in his official capacity as
   a police officer for the CITY OF
5  ANTIOCH; CALVIN PRIETO,
   individually and in his official capacity as
6  a police officer for the CITY OF
   ANTIOCH; ANDREA RODRIGUEZ,
7  individually and in her official capacity as
   a police officer for the CITY OF
8  ANTIOCH; JONATHAN ADAMS,
   individually and in his official capacity as
9  a police officer for the CITY OF
   ANTIOCH; ROBERT GERBER,
10 individually and in his official capacity as
   a police officer for the CITY OF
11 ANTIOCH; Officer MARCOTT,
   individually and in his official capacity as
12 a police officer for the CITY OF
   ANTIOCH; and DOES 1-100, inclusive,
13
                              Defendants.
14

15 **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

16     PLEASE TAKE NOTICE THAT on August 22, 2024 at 10:00 a.m., in Courtroom 4 of the

17 above-entitled Court, located on the 17th Floor, 450 Golden Gate Avenue, San Francisco, CA

18 94102, Defendants Andrea Rodriguez and Calvin Prieto move to dismiss the following claims

19 under Rule 12(b)(6) of the Federal Rules of Civil Procedure because they are barred by the statute

20 of limitations and/or the doctrine described in *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct.

21 2364, 129 L. Ed. 2d 383 (1994):

22        1. The 42 U.S.C. § 1983 unreasonable seizure claim (First Cause of Action).

23        2. The 42 U.S.C. § 1981 bias claim (Second Cause of Action).

24        3. The 42 U.S.C. § 1981 malicious prosecution claim (Third Cause of Action).

25        4. The 42 U.S.C. § 1985-86 conspiracy claim (Fifth Cause of Action).

26     This Motion is based on this Notice of Motion, the Supporting Memorandum of Points

27 and Authorities, all pleadings and papers on file in this action and any documents of which the

28 Court may take judicial notice, and upon such further oral or written argument as may be

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

presented at the time of the hearing or otherwise considered by the Court.

### STATEMENT OF RELIEF SOUGHT

Defendants seek an order in their favor and against Plaintiff pursuant to Federal Rules of Civil Procedure 12, dismissing portions of the Plaintiff's Complaint (ECF 1).

### STATEMENT OF ISSUES TO BE DECIDED

This motion presents the following issues:

1. Whether the claims against Defendants Rodriguez and Prieto, all of which stem from Plaintiff's arrest on November 13, 2020 (First, Second, Third, and Fifth Causes of Action), are barred by the statute of limitation;

2. Whether Plaintiff sufficiently plead a § 1981 claim against Defendants Rodriguez or Prieto (Second Cause of Action);

3. Whether Plaintiff sufficiently plead a malicious prosecution claim against Defendants Rodriguez or Prieto (Third Cause of Action);

4. Whether Plaintiff sufficiently plead a conspiracy claim against Defendants Rodriguez or Prieto (Fifth Cause of Action);

**5.** Whether at least Plaintiff's claims for malicious prosecution (Third Cause of Action) and/or conspiracy (Fifth Cause of Action) are barred by the doctrine described in *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

Respectfully submitted,

Dated:  June 21, 2024

CASTILLO, MORIARTY,
TRAN & ROBINSON, LLP

By:  _/s/ John B. Robinson_
        JOHN ROBINSON
        EDWARD VIEIRA-DUCEY
        Attorneys for Defendant
        ANDREA RODRIGUEZ

///

///

///

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

Dated:  June 21, 2024                    DAVIS, BENGTSON & YOUNG,


                                         By:  _/s/ Eric J. Bengtson_____
                                              ERIC J. BENGTSON
                                              STEVEN BENNETT DIPPELL
                                              Attorneys for Defendant
                                              CALVIN PRIETO

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

# TABLE OF CONTENTS

Page

Table of Authorities ................................................................. ii-iv

I.   **INTRODUCTION** ...........................................................................1

II.  **FACTS** ..............................................................................1

III. **PROCEDURAL HISTORY** ..........................................................3

IV.  **ARGUMENT** ...........................................................................4

    A. **Legal Standard** .......................................................4

    B. **Plaintiff's First, Second, Third, and Fifth Causes of
    Action Against Defendants Rodriguez and Prieto are
    Barred by the Statute of Limitations** .......................................4

    C. **The Complaint Fails to State a Viable § 1981 Claim
    Against Defendants Rodriguez and Prieto** ............................8

    D. **The Complaint Fails to State a Viable Malicious Prosecution
    Claim Against Defendants Rodriguez and Prieto** ...................9

    E. **The Complaint Fails to State a Viable Conspiracy Claim
    Against Defendants Rodriguez and Prieto** ..........................10

    F. **At least Plaintiff's Malicious Prosecution and Conspiracy
    Claims are Barred as a Result of his Criminal Convictions** ..........11

V.   **CONCLUSION** .........................................................12

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

# TABLE OF AUTHORITES

Page(s)

***Cases***

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678 (2009) ……………………………………………………4

*Avalos v. Baca,*
    517 F. Supp. 2d 1156, 1169 (C.D. Cal. 2007),
    aff'd 596 F.3d 583 (9th Cir. 2010) …………………………………………11

*Awabdy v. City of Adelanto,*
    368 F.3d 1062, 1066 (9th Cir. 2004) …………………………………………9

*Azer v. Connell,*
    306 F.3d 930, 936 (9th Cir. 2002) ……………………………………………5

*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696, 699 (9th Cir. 1990) ……………………………………………4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 554, 570 (2007) ……………………………………………………4

*Brew v. City of Emeryville,*
    138 F.Supp.2d 1217 (N.D. Cal. 2001) ………………………………………8

*Butler v. Nat'l Cmty. Renaissance of California,*
    766 F.3d 1191, 1198 (9th Cir. 2014) …………………………………………5

*Calloway v. Rangel,*
    626 Fed.Appx. 729, 730 (9th Cir. 2015) ……………………………………..7

*Clark v. Safeway, Inc.,*
    478 F.Supp.3d 1080, 1090 (D. Or. 2020) ……………………………………8

*Domino's Pizza, Inc. v. McDonald,*
    546 U.S. 470, 476 (2006) ……………………………………………………8

*Fink v. Shedler,*
    192 F.3d 911, 916 (9th Cir. 1999),
    *cert. denied,* 529 U.S 1117 (2000) …………………………………………..7

*Flowers v. Alameda Cnty. Sheriff's Deputy Bixby,*
    Case No. 12-cv-03181-YGR (PR), 2015 WL 1393582 at *6 (N.D. Cal. 2015) …………..7

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

*Graham v. Jones,*
    709 F.Supp. 969 (D. Or. 1989) ……………………………………………………8

*Guerrero v. Gates,*
    442 F.3d 697, 706 (9th Cir. 2006) ……………………………………………6, 7

*Heck v. Humphrey,*
    512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) …………….....1, 9, 11, 12

*Jones v. R.R. Donnelley & Sons Co.,*
    541 U.S. 369, 377–81 (2004) …………………………………………………...5

*Kleinhammer v. City of Paso Robles,*
    385 Fed. Appx. 642, 643 (9th Cir. 2010) ……………………………………7

*Knox v. Davis,*
    260 F.3d 1009, 1013 (9th Cir. 2001) …………………………………………5

*Kreines v. United States,*
    959 F.2d 834, 836 (9th Cir.1992) ……………………………………………5

*Lacey v. Maricopa Cnty.,*
    693 F.3d 896, 919 (9th Cir. 2012) …………………………………………..9, 10

*McDonald v. Antelope Valley Cmty. Coll. Dist.,*
    45 Cal.4th 88, 99-100 (2008) ………………………………………………..7

*McDonald v. Santa Fe Trail Transp. Co.,*
    427 U.S. 273, 295 (1976) ……………………………………………………8

*McDonald v. West Contra Costa Narcotics Enforcement Team,*
    2015 U.S. Dist. LEXIS 36125, *2 (N.D. Cal. 2015) ……………………………11

*Mimms v. Lewis,*
    Case No. cv-12-10769 DMG(JC), 2016 WL 5329625 at *6 (C.D. Cal 2016) ……………7

*Pagtalunan v. Galaza,*
    291 F.3d 639, 643 (9th Cir. 2002) …………………………………………...7

*Silvas v. Cnty. of Riverside,*
    No. EDCV192358JGBSHKX, 2022 WL 3574176, at *15 (C.D. Cal. July 14, 2022) …..10

*Thompson v. Clark,*
    594 U.S. 36, 44 (2022) ……………………………………………………...9, 10

*Torres v. City of Santa Ana,*
    108 F.3d 224, 226 (9th Cir. 1997) ……………………………………………5

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

*Von Saher v. Norton Simon Museum of Art at Pasadena,*
    592 F.3d 954, 969 (9th Cir.2010) ……………………………………………………5

*Wallace v. Kato,*
    127 S. Ct. 384, 396 (2007) …………………………………………………………..7

*Wilson v. Garcia,*
    471 U.S. 261, 275 (1985) …………………………………………………………….5

*Yoshikawa v. Seguirant,*
    74 F.4th 1042, 1047 (9th Cir. 2023) (en banc) ……………………………………9

***Other Authorities***

28 U.S.C. §1658(a) …………………………………………………………………….5

42 U.S.C. § 1981 …………………………………………………………………..1, 4, 8, 9

42 U.S.C. § 1983 ……………………………………………………..1, 4, 5, 6, 10, 11

42 U.S.C. § 1985-86 …………………………………………………………...…..4

Cal. Code Civ. Proc §335.1 …………………………………………………………..5

Cal. Govt. Code §945.3 ………………………………………………………..…..5, 6

Cal. Pen. Code § 186.22(d) ……………………………………………..…..2, 10

Cal. Pen. Code § 459 ……………………………………………………..…..2, 10

Model Jury Instruction 9.36 …………………………………………………..8, 9

Pen. Code § 69 ………………………………………………………………………2

Pen. Code § 29800(a)(1) ……………………………………………………………2

Torts § 653 …………………………………………………………………………9

https://contracostaherald.com/four-suspects-in-2021-antioch-murder-attempted-murder-convicted/ ……………………………………………..………………………....3

https://www3.ce9.uscourts.gov/jury-instructions/node/1220 …………………………9

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

iv

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

## I.    **INTRODUCTION**

Plaintiff's claims against Defendants Rodriguez and Prieto for unreasonable seizure, bias, malicious prosecution, and conspiracy, arising from a November 2020 incident, are barred by the statute of limitations and/or the doctrines described in *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The applicable two-year statute expired on December 1, 2022, and the Plaintiff's action, filed on March 22, 2024, was untimely by over a year. Plaintiff's claim that a tolling provision applies due to his continued detention is misleading, as his detention stems from separate charges unrelated to the November 2020 incident.

Moreover, Plaintiff fails to establish viable claims under 42 U.S.C. § 1981 and § 1983. The § 1981 claims do not pertain to the making or enforcing of contracts and are inapplicable to state actors like Rodriguez and Prieto. The malicious prosecution claim lacks the requisite element of favorable termination of the underlying criminal case, as Plaintiff pled no contest and was convicted. The conspiracy claim is unsupported by sufficient factual allegations to demonstrate an agreement to violate the Plaintiff's rights.

Lastly, at least Plaintiff's malicious prosecution and conspiracy claims are barred by the doctrine described in *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

Consequently, all causes of action against Defendants Rodriguez and Prieto should be dismissed with prejudice.

## II.    **FACTS**

Plaintiff alleges constitutional violations against many defendants based on two separate incidents. (See ECF 1 at ¶¶ 30-44).

First, Plaintiff claims that defendant officers violated his constitutional rights during his arrest for attempted murder in March 2021. (ECF 1 at ¶ 30). Defendants Andrea Rodriguez and Defendant Calvin Prieto were not involved in this incident.

Second, Plaintiff alleges that Defendants Calvin Prieto, Andrea Rodriguez, and Matthew Nutt violated his constitutional rights and used "racially derogatory terms" during his arrest on November 10, 2020. (ECF 1 at ¶¶ 39-44). He claims the arrest was motivated by racial animus.

(ECF 1 at ¶ 40). Plaintiff also alleges that he "remains in custody at [the] Martinez detention facility, tolling his statute of limitations." (ECF 1 at ¶ 41).

On November 13, 2020, the Contra Costa District Attorney's Office filed criminal charges against Plaintiff.[1] On November 18, 2020, Plaintiff pled no contest to second-degree burglary (Cal. Pen. Code § 459) and criminal street gang charges (Cal. Pen. Code § 186.22(d)) stemming from the November 13, 2020 arrest.[2]



On December 1, 2020, the criminal court held a sentencing hearing.[3]



---

[1] See **Exhibit A** attached to the Request for Judicial Notice. Plaintiff was charged with first degree residential burglary (Pen. Code § 459), felon in possession of a firearm (Pen. Code § 29800(a)(1)), felony resisting a police officer (Pen. Code § 69), second degree burglary (Pen. Code § 459), and several enhancements including committing a crime for the benefit of a criminal street gang (Pen. Code § 186.22(b)(1)(B)). In his criminal case, Plaintiff was represented by the same attorney who now represents him in this civil lawsuit.

[2] See **Exhibit A** attached to the Request for Judicial Notice. The remaining criminal charges were dismissed by court order.

[3] See **Exhibit A** attached to the Request for Judicial Notice.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

Plaintiff was sentenced to 60 days in jail with credit for 44 days; he was placed on 3-years of formal supervised probation to begin on December 1, 2020.[4]

Plaintiff was arrested in April 2021 on separate criminal charges, including murder.[5] These charges are distinct from those related to his November 13, 2020 arrest and conviction.

### III.   <u>PROCEDURAL HISTORY</u>

Plaintiff filed the operative Complaint on March 22, 2024. (ECF 1). He named the City of Antioch and fifteen others as defendants, including Andrea Rodriguez and Calvin Prieto. *Id*.

On May 28, 2024, Plaintiff filed a Waiver of the Service of Summons for Defendant Prieto. (ECF 9). Pursuant to the Waiver of Service, Defendant Prieto's responsive pleading is due 60 days from April 23, 2024. *Id*. That deadline is June 22, 2024.

**Probation**

Type: *Formal-Supervised

Start Date: **12/01/2020**

Term: **3 Years**

End Date: **12/01/2023**

Status

| Status | Date | Comment |
|--------|------|---------|
| Active | 12/01/2020 | |
| Revoke | 05/10/2021 | |

Adult Confinement

Type: *Jail

Start Date: **12/01/2020**

Term Type: **Confinement**

Term: **60 Days**

Conduct Credit: **44 Days**

---

[4] See **Exhibit A** attached to the Request for Judicial Notice.

[5] See **Exhibit B** to the Request for Judicial Notice. According to the public criminal records (**Exhibit B**), these charges stemmed from criminal conduct on February 27, 2021 and March 9, 2021. This is also consistent with the civil lawsuit filed against Plaintiff, which alleges that Plaintiff and several others, including co-Plaintiff Trent Allen, allegedly conspired to murder others. (See **Exhibit C** to the Request for Judicial Notice). Plaintiff and several others, including Plaintiff Trent Allen, murdered Arnold Hawkins and injured another person. https://contracostaherald.com/four-suspects-in-2021-antioch-murder-attempted-murder-convicted/. Recently, Plaintiff pled no contest to two counts of attempted murder and voluntary manslaughter. He will serve 20 years in prison. *Id*.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

On May 28, 2024, Plaintiff filed a Waiver of the Service of Summons for Defendant Rodriguez. (ECF 12). Pursuant to the Waiver of Service, Defendant Prieto's responsive pleading is due 60 days from April 30, 2024. *Id*. That deadline is June 29, 2024.

On June 7, 2024, Plaintiff filed a motion to consolidate with Case No. 3:23-cv-01895-VC, which has already been consolidated with Case Nos. 23-cv-03773-VC and 3:23-cv-06573-VC. (ECF 130 in Case No. 3:23-01895-VC). Defendants Prieto and Rodriguez did not oppose the motion to consolidate. The cases were ordered related and this case was reassigned to Judge Chhabria on June 17, 2024 (ECF 139).

## IV.     ARGUMENT

Plaintiff alleges four causes of action against Defendants Prieto and Rodriguez:

1.  Unreasonable Seizure pursuant to 42 U.S.C. § 1983. (ECF 1 at ¶¶ 45-47).

2.  Bias pursuant to 42 U.S.C. § 1981. (ECF 1 at ¶¶ 48-49).

3.  Malicious Prosecution pursuant to 42 U.S.C. § 1981. (ECF 1 at ¶¶ 50-52).

4.  Conspiracy pursuant to 42 U.S.C. § 1985-86. (ECF 1 at ¶¶ 67-71).

Based on the following arguments, Defendants Prieto and Rodriguez move to dismiss all four causes of action pursuant to Fed. R. Civ. Proc. 12(b)(6).

### A.  Legal Standard

A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). There must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

### B.  Plaintiff's First, Second, Third, and Fifth Causes of Action Against Defendants Rodriguez and Prieto are Barred by the Statute of Limitations

Defendants Rodriguez and Prieto are only alleged to have been involved in the November 2020 incident. (See ECF 1 at ¶¶ 39-44). All claims stemming from this incident are barred by the

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

statute of limitations.

"Fed. R. Civ. P 12(b)(6) is the appropriate mechanism by which to dispose of a case on statute of limitations grounds." *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir.2010). "Under federal law, a claim accrues when the plaintiff knows or should have known of the injury." *Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir. 2001). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." See *Kreines v. United States,* 959 F.2d 834, 836 (9th Cir.1992).

The statute of limitations for the November 2020 incident is two years. Cal. Code Civ. Proc §335.1; see also *Wilson v. Garcia*, 471 U.S. 261, 275 (1985), superseded by statute on other grounds by 28 U.S.C. §1658(a) as recognized in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–81 (2004); see also *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). Plaintiff pled no contest to charges stemming from the incident on November 18, 2020; he was sentenced on December 1, 2020. Therefore, the two-year statute of limitations expired on December 1, 2022. Plaintiff did not file his complaint until March 22, 2024, more than two years later.

Plaintiff suggests that a tolling provision applies because he "remains in custody at [the] Martinez detention facility following a brief release." (ECF 1 at ¶ 42). This is misleading. Plaintiff fails to disclose that his continued detention is not based on the criminal charges stemming from the November 10, 2020 incident. Rather, Plaintiff's continued detention is based on his arrest and subsequent conviction for attempted murder.[6]

State law governs the application of tolling doctrines. *Azer v. Connell,* 306 F.3d 930, 936 (9th Cir. 2002). "In California, the statute of limitations for section 1983 actions is tolled by Cal. Govt. Code §945.3 while criminal charges are pending." *Torres v. City of Santa Ana*, 108 F.3d

---

[6] While Plaintiff did violate the terms of his probation, his continued post-plea bad conduct cannot form the basis for a valid application of the tolling provision. Furthermore, his newest criminal charges for attempted murder – that have nothing to do with his burglary arrest in November 2020 – are seemingly the basis for his continued detention.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

224, 226 (9th Cir. 1997). The tolling provisions of section 945.3 apply only where the misconduct alleged in the complaint is related to the **pending** charges. *Id.* at 227.

The incident occurred on November 10, 2020. Charges against Plaintiff were filed on November 13, 2020, and plaintiff pled no contest and was sentenced on December 1, 2020. Assuming the tolling provisions of section 945.3 apply, the tolling period, therefore, was nineteen days. Accordingly, adding the period of time tolled under Govt. Code section 945.3 – nineteen days – to the 2-year statute of limitations deadline of November 10, 2022, the extended deadline for plaintiff to have filed his action was **November 29, 2022**. Plaintiff's action filed on March 22, 2024, was filed 450 days after the extended deadline expired, and thus the complaint is untimely.

Further, the tolling provisions of Cal. Code of Civ. Proc. Section 352.1 are unavailing. Section 352.1 provides in relevant part that:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, **at the time the cause of action accrued, imprisoned on a criminal charge**, **or in execution under the sentence of a criminal court for a term less than for life**, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.
>
> …
>
> (c) This section does not apply to an action, other than an action to recover damages or that portion of an action that is for the recovery of damages, relating to the conditions of confinement, including an action brought by that person pursuant to Section 1983 of Title 42 of the United States Code.

Plaintiff was not "imprisoned on a criminal charge or in execution under the sentence of a criminal court" at the time the alleged constitutional violations.

Equitable tolling principles also are inapplicable to avoid the statute of limitations bar. "California allows equitable tolling of the statute of limitations when a plaintiff, 'possessing several legal remedies … reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage,' thereby allowing the statutory period to run. A plaintiff whose ignorance of the statutory period is excusable may file a lawsuit outside that period as long as he causes no prejudice to the defendants by doing so." (*Guerrero v. Gates,* 442 F.3d 697, 706 (9th Cir. 2006);

*Fink v. Shedler,* 192 F.3d 911, 916 (9th Cir. 1999), *cert. denied,* 529 U.S 1117 (2000).) "Broadly speaking, equitable tolling under California law applies in cases where 'an injured plaintiff has several possible legal remedies, [but] reasonably and in good faith pursues only one.'" (*Mimms v. Lewis,* Case No. cv-12-10769 DMG(JC), 2016 WL 5329625 at *6 (C.D. Cal 2016), *citing McDonald v. Antelope Valley Cmty. Coll. Dist.,* 45 Cal.4th 88, 99-100 (2008); *Flowers v. Alameda Cnty. Sheriff's Deputy Bixby,* Case No. 12-cv-03181-YGR (PR), 2015 WL 1393582 at *6 (N.D. Cal. 2015); *Calloway v. Rangel,* 626 Fed.Appx. 729, 730 (9th Cir. 2015).)

"Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" (*Fink*, 192 F.3d 911 at 916.) The party asserting equitable tolling has the burden to establish the three-prong test to show the doctrine applies. (*Mimms,* 2016 WL 5329625 at *6, *8; *see also, Kleinhammer v. City of Paso Robles,* 385 Fed. Appx. 642, 643 (9th Cir. 2010)). Equitable tolling should not be applied where a plaintiff cannot establish every one of the three conditions necessary for equitable tolling. Indeed, as the Supreme Court has noted, "when has it been the law that a criminal defendant or a potential criminal defendant is absolved from all other responsibilities that the law would otherwise place upon him? … Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." (*Wallace v. Kato,* 127 S. Ct. 384, 396 (2007).)

Plaintiff in the instant case cannot demonstrate that he pursued his November 2020 claim in any manner until he filed this lawsuit on March 22, 2024. Equitable tolling, therefore, is inapplicable. *Guerrero,* 442 F.3d at 706. Plaintiff also did not provide advance notice of his claims to the Defendants Prieto or Rodriguez prior to filing this suit, thus the Defendants had no timely warning of Plaintiff's allegations, and allowing this untimely action to proceed would prejudice the Defendants. *Id.*; see also *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.") Plaintiff cannot meet his burden to establish each part of the three-pronged test and equitable tolling is inapplicable.

DEFENDANTS RODRIGUEZ & PRIETO'S MTD
3:24-CV-01774-VC

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

1    Plaintiff's action filed on March 22, 2024, three years and 134 days after the incident, is

2    untimely and barred by the statute of limitations. The Court should dismiss the claims against

3    Defendants Rodriguez and Prieto stemming from the November 10, 2020 incident.

4                **C.  The Complaint Fails to State a Viable § 1981 Claim Against Defendants**

5                     **Rodriguez and Prieto**

6         Assuming the Court finds that Plaintiff's claims stemming from the November 2020

7    incident are not barred by the statute of limitations, Plaintiff failed to state a viable § 1981 claim

8    against Defendants Rodriguez and Prieto.

9         Plaintiff's 42 U.S.C. § 1981 cause of action is based on the allegation that "Defendants

10   engaged in discriminatory conduct towards minority communities by subjecting them to civil

11   rights violations and more frequent and aggressive policing than similarly situated individuals."

12   (ECF 1 at ¶ 49). 42 U.S.C. § 1981 prohibits race discrimination in the making and enforcing of

13   contracts. See *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295 (1976); see also

14   *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Section 1981 offers relief when

15   racial discrimination blocks the creation of a contractual relationship, as well as when racial

16   discrimination impairs an existing contractual relationship, so long as the plaintiff has or would

17   have rights under the existing or proposed contractual relationship."); see also *Brew v. City of*

18   *Emeryville*, 138 F.Supp.2d 1217 (N.D. Cal. 2001) ("African-American's claim of false arrest did

19   not provide basis for § 1981 claim against police officer, absent showing of how arrest could be

20   considered either racially discriminatory action on contract or discriminatory effort to deny

21   arrestee of his right to sue, be party, and give evidence."); see also *Graham v. Jones,* 709 F.Supp.

22   969 (D. Or. 1989) ("Claims of racial harassment and discriminatory treatment by police in

23   connection with investigatory stop were not cognizable under § 1981, which requires existence of

24   contractual relationship."); *Clark v. Safeway, Inc.,* 478 F.Supp.3d 1080, 1090 (D. Or. 2020) ("The

25   court held that neither instance of racial discrimination was actionable under section 1981

26   because neither denied the plaintiff the ability to enter into the contract to purchase goods from

27   the store."); see also Model Jury Instruction 9.36 (Discrimination in Making and Enforcing

28   Contracts). Here, Plaintiff does not allege that Defendants Rodriguez or Prieto purposefully

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

1    discriminated against him in the making and enforcing of a contract.

2            Furthermore, the Court should dismiss the § 1981 claim because the Defendants are state

3    actors. According to Model Jury Instruction 9.36 (Discrimination in Making and Enforcing

4    Contracts)[7], "Section 1981 does not provide a cause of action against state actors." See also

5    *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023) (en banc); see also 42 U.S.C. §

6    1981(c) ("The rights protected by this section are protected against impairment by

7    nongovernmental discrimination and impairment under color of State law."). "A plaintiff seeking

8    to enforce rights secured by § 1981 against a state actor must bring a cause of action under §

9    1983." *Yoshikawa*, 74 F.4th at 1047.

10           For these reasons, the Second Cause of Action should be dismissed with prejudice as to

11   Defendants Rodriguez and Prieto.

12        **D.   The Complaint Fails to State a Viable Malicious Prosecution Claim**

13             **Against Defendants Rodriguez and Prieto**

14           As discussed above, Plaintiff's malicious prosecution claim is barred by the statute of

15   limitations. The claim is also based on § 1981, which does not apply. (ECF 1 at ¶¶ 50-52).

16           A federal cause of action for malicious prosecution is available under 42 U.S.C. § 1983.

17   *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Assuming Plaintiff's malicious

18   prosecution claim were not barred by the statute of limitations and was correctly based on § 1983,

19   the Supreme Court has recently held that, "a Fourth Amendment claim under § 1983 for

20   malicious prosecution requires the plaintiff to show a favorable termination of the underlying

21   criminal case against him." *Thompson v. Clark*, 594 U.S. 36, 44 (2022); see also *Heck v.

22   Humphrey*, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a

23   malicious prosecution action is termination of the prior criminal proceeding in favor of the

24   accused."). A malicious prosecution claim requires "the institution of criminal proceedings

25   against another who is not guilty of the offense charged" and that "the proceedings have

26   terminated in favor of the accused." Restatement (Second) of Torts § 653 (1977). *Lacey v.

27   ───────────────

28   [7] See https://www3.ce9.uscourts.gov/jury-instructions/node/1220.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

1    *Maricopa Cnty.*, 693 F.3d 896, 919 (9th Cir. 2012).[8]

2          Here, Plaintiff is unable to demonstrate 'that he obtained a favorable termination of the

3    underlying criminal prosecution.' *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022) (internal

4    emphasis omitted)." *Silvas v. Cnty. of Riverside*, No. EDCV192358JGBSHKX, 2022 WL

5    3574176, at *15 (C.D. Cal. July 14, 2022). On November 18, 2020, Plaintiff pled no contest to

6    second-degree burglary (Cal. Pen. Code § 459) and criminal street gang charges (Cal. Pen. Code

7    § 186.22(d)) stemming from the November 13, 2020 arrest. He was subsequently found guilty by

8    the criminal court on December 1, 2020. Because Plaintiff was convicted of multiple crimes

9    stemming from the November 10, 2020 stop, there is no viable claim for malicious prosecution.

10         For these reasons, the Third Cause of Action should be dismissed with prejudice as to

11   Defendants Rodriguez and Prieto.

12   ### E.   The Complaint Fails to State a Viable Conspiracy Claim Against

13   ### Defendants Rodriguez and Prieto

14         As discussed above, Plaintiff's conspiracy claims stemming from his November 10, 2020

15   arrest are barred by the statute of limitations. Assuming the Court disagrees, the claim fails

16   against Defendants Rodriguez and Prieto due to insufficient facts to support the allegation.

17         Plaintiff repeatedly concludes there was a "conspiracy between the officers." (ECF 1 at ¶¶

18   12, 13, 15, 16, 17, 19, 20, 21, 22). Specifically, the alleged conspiracy was "to violate civil rights

19   and/or other misconduct." (ECF 1 at ¶ 25). As it relates to Defendants Rodriguez and Prieto,

20   Plaintiff alleges that they sent discriminatory text messages "agreeing to target Black people for

21   traffic citations." (ECF 1 at ¶ 21). Plaintiff concludes that the text messages form the basis for a

22   "conspiracy between the officers [that] directly lead to the damages suffered by the Plaintiff…"

23   (ECF 1 at ¶ 21). However, Plaintiff does not allege he was arrested by Defendants Rodriguez and

24   Prieto based on a traffic stop.

25   _____

26   [8] Relying on *Lacey*, the Northern District held that, "to prevail on a claim for malicious
     prosecution under § 1983, a plaintiff must prove the defendants prosecuted him (1) with malice,

27   (2) without probable cause, (3) for the purpose of denying him equal protection or another
     specific constitutional right, and (4) that institution of criminal proceedings have terminated in

28   favor of the accused. See *Lacey*, 693 F.3d at 919.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

Plaintiff alleges that all defendants, including Rodriguez and Prieto, were members of a vast conspiracy to intentionally violate Plaintiff's rights, but the Complaint fails to provide sufficient evidence to support that claim. There are no factual allegations that Defendants Rodriguez or Prieto were a party to any express or implied agreement to violate Plaintiff's rights. *Avalos v. Baca*, 517 F. Supp. 2d 1156, 1169 (C.D. Cal. 2007), aff'd 596 F.3d 583 (9th Cir. 2010)("The elements to establish a cause of action for conspiracy under § 1983 are: (1) the existence of an express or implied agreement among the defendant officers to deprive [plaintiff] of his constitutional rights; and (2) an actual deprivation of those rights resulting from that agreement."). The text messages between Rodriguez and Prieto, taken in the light most favorable to Plaintiff, do not reasonably infer that Plaintiff's alleged injuries were the result of an agreement between Rodriguez and Prieto to specifically violate Plaintiff's constitutional rights.

For these reasons, the Fifth Cause of Action should be dismissed with prejudice as to Defendants Rodriguez and Prieto.

### F. At least Plaintiff's Malicious Prosecution and Conspiracy Claims are Barred as a Result of his Criminal Convictions

Plaintiff's Third Cause of Action for malicious prosecution is predicated on the allegation that "Defendants arrested Plaintiff without probable cause" and falsely justified the arrest that was otherwise without probable cause." (ECF 1 at ¶ 51.) Plaintiff asserts, apparently in regard to his convictions for crimes resulting from his arrest, that he "was coerced to resolve the November 2020 incident against him."  (ECF 1 at ¶ 52.) Plaintiff's Fifth Cause of action for conspiracy relies upon the same allegations. (ECF 1 at ¶ 67.)

Plaintiff's contentions that he was arrested without probable cause and "coerced" to plead no contest to the charges that resulted from his arrest are an impermissible collateral attack on his convictions by the Contra Costa County Superior Court. As this Court noted in *McDonald v. West Contra Costa Narcotics Enforcement Team*, 2015 U.S. Dist. LEXIS 36125, *2 (N.D. Cal. 2015), "any claim based on a lack of probable cause is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)."

Defendants respectfully submit that all of Plaintiff's claims against them, except for

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC

1  potentially his allegations that excessive force was employed during his arrest, are barred by

2  *Heck*. If and to the extent that it is determined that his First and Second Causes of Action are also

3  predicated on allegations other than excessive force, Defendants will assert the *Heck* bar by

4  summary judgment motion or otherwise.

5       **V.**    <u>**CONCLUSION**</u>

6       Defendants Rodriguez and Prieto request the Court grant its motion to dismiss based on

7  the arguments discussed above.

8                                 Respectfully submitted,

9  Dated:  June 21, 2024              CASTILLO, MORIARTY,

10                                TRAN & ROBINSON, LLP

11                                By:  */s/ John B. Robinson*

12                                  JOHN ROBINSON
                                EDWARD VIEIRA-DUCEY

13                                  Attorneys for Defendant
                                ANDREA RODRIGUEZ

14  Dated:  June 21, 2024              DAVIS, BENGTSON & YOUNG,

15

16                                By:  */s/ Eric J. Bengtson*
                                STEVEN BENNETT DIPPELL

17                                  ERIC J. BENGTSON
                                Attorneys for Defendant

18                                  CALVIN PRIETO

19       Defendants Andrea Rodriguez and Calvin Prieto respectfully demand a jury trial.

20  Dated:  June 21, 2024              CASTILLO, MORIARTY,

21                                TRAN & ROBINSON, LLP

22                                By:  */s/ John B. Robinson*

23                                  JOHN ROBINSON
                                EDWARD VIEIRA-DUCEY

24                                  Attorneys for Defendant
                                ANDREA RODRIGUEZ

25  Dated:  June 21, 2024               DAVIS, BENGTSON & YOUNG,

26                                By:  */s/ Eric J. Bengtson*

27                                  STEVEN BENNETT DIPPELL
                                ERIC J. BENGTSON

28                                  Attorneys for Defendant
                                CALVIN PRIETO

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DEFENDANTS RODRIGUEZ
& PRIETO'S MTD
3:24-CV-01774-VC