```
 1  TODD H. MASTER [SBN. 185881]
    SHANGYAYI "SHERYL" LIU [SBN. 330865]
 2  RIDLEY♦MASTER
    1900 O'Farrell Street, Suite 280
 3  San Mateo, CA  94403
    Telephone:    (650) 365-7715
 4  Facsimile:    (650) 364-5297
    Email:        tmaster@hrmrlaw.com
 5                syaliu@hrmrlaw.com

 6  Attorneys for Defendant
    MORTEZA AMIRI
 7
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| TERRYONN DESHANN PUGH,<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, a municipal corporation; TAMMANY BROOKS, individually and in his official capacity as police chief for the CITY OF ANTIOCH; TONY MOREFIELD, individually and in his official capacity as interim police chief for the CITY OF ANTIOCH; STEVEN FORD, individually and in his official capacity as police chief for the CITY OF ANTIOCH; MATTHEW NUTT, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; JOSH EVANS, individually and in his official capacity as a police sergeant for the CITY OF ANTIOCH; ERIC ROMBOUGH, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; MORTEZA AMIRI, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; SCOTT DUGGAR, individually and in his | No. 3:24-cv-01774-VC<br><br>Related to Case No.<br>3:23-cv-01895-VC<br><br>**DEFENDANT MORTEZA AMIRI'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OR FOR A MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. RULES 12(b)(6), and 12(e); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:**      August 27, 2024<br>**Time:**      10:00 a.m.<br>**Courtroom:** 4 – 17th Floor<br>**Judge:**     Hon. Vince Chhabria |

official capacity as a police officer for the CITY OF ANTIOCH; TIMOTHY MANLY WILLIAMS, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; THOMAS SMITH, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; CALVIN PRIETO, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; ANDREA RODRIGUEZ, individually and in her official capacity as a police officer for the CITY OF ANTIOCH; JONATHAN ADAMS, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; ROBERT GERBER individually and in his official capacity as a police officer for the CITY OF ANTIOCH; Officer MARCOTTE, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; and DOES 1-100, inclusive,

Defendants.

## NOTICE

PLEASE TAKE NOTICE that on August 27, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-titled court, located at the United States District Court, Courtroom 4, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Morteza Amiri ("Amiri") will, and hereby does, move the Court for an order dismissing the Complaint filed by Plaintiff with prejudice or for a more definite statement, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e).

This Motion seeks dismissal of the Complaint with prejudice, or a more definite statement, or such other and/or further relief as the Court deems appropriate, and is based on this Notice, the Memorandum of Points and Authorities set forth below, the complete files and records in this action, and any further evidence and/or argument that the Court may properly receive at or before the hearing on this Motion. Defendant Amiri's motion is based on the grounds that the Complaint

DEFENDANT MORTEZA AMIRI'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; Case No. 4:24-cv-01774-VC      2


does not comply with Rule 12 of the Federal Rule of Civil Procedure.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

On March 22, 2024, Plaintiff Terryonn Deshann Pugh ("Plaintiff") initiated this action by filing a Complaint against the City of Antioch ("City") and fifteen individuals who were employed by the Antioch Police Department ("APD"), including defendant Amiri. [Document 1]. By way of the Complaint, Plaintiff contends that he was arrested and injured by Antioch police officers during incidents that occurred in November 2020 and March 2021. [*Id.* ¶¶ 30 – 44].

Defendant Amiri hereby moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) due to Plaintiff's failure to allege sufficient facts to support any cognizable legal theory against him. Alternatively, a more definite statement should be ordered pursuant to Rule 12(e) relating to Plaintiff's claims that the statute of limitation of his claims was tolled.

Plaintiff claims that Amiri, as an Officer of the City, sent text messages to other Antioch officers "in which he referred to Black people as 'gorillas' and 'pussies.'" [Document 1, ¶15]. Plaintiff further alleges that Amiri "admitted to serious offenses of falsification." *Id*. However, Plaintiff alleges no other "facts" against Amiri in the remaining 70 paragraphs of the Complaint. Without reference to any alleged acts against Plaintiff, Amiri is simply lumped in with the other defendants in the Fifth Causes of Action – to wit, general and conclusory allegations that Amiri and the other defendants, "conspired for the purpose of depriving Plaintiff and/or persons similarly situated to Plaintiff, either directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws as alleged in this complaint in violation of 42 U.S.C. § 1985." [Document 1, ¶69].

Notwithstanding these conclusory allegations, Plaintiff does not plead any facts which suggest that Amiri personally participated in the arrests during the November 2020 and March 2021 incidents, or that Amiri ever used or conspired with anyone to use excessive force against

him.

## II.

## ARGUMENT

**A. Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted v. Defendant Amiri.**

The Rules of Federal Civil Procedure provide that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Plaintiff must plead enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 555. This pleading standard calls for "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action…" *Id*. The "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens* (9th Cir. 2008) 546 F.3d 580, 588. However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 669 (citing *Bell Atlantic Corp. v. Twombly, supra*, 550 U.S. at 556.) A plaintiff must allege facts sufficient to "raise a right above the speculative level." *Twombly*, 550 U.S. at 570. Where plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*.

The Complaint is devoid of any specific factual allegations that would support a claim that Amiri violated Plaintiff's rights under federal law. When Amiri is referenced along with the other defendants, Plaintiff only provides conclusory allegations that are nothing more than legal characterizations – to wit, Amiri, along with others, allegedly "acted in concert to promote racial discrimination by officers within the ANTIOCH police department," and this "conspiracy" directly leads to the damages suffered by Plaintiff. [Document 1, ¶ 15]. The Complaint lacks any statements identifying with any particularity the alleged involvement of Amiri in the arrests and/or other

treatment of Plaintiff. The Complaint thus does not meet the bar mandated by the Supreme Court in *Twombly* and *Iqbal* and should be dismissed with prejudice as against Amiri.

### B. Plaintiff's 42 U.S.C. § 1985-86 Cause of Action Lacks Merit.

Plaintiff's Fifth Cause of Action is brought against all defendants under 42 U.S.C. § 1985-86 for conspiracy to violate civil rights. [Document 1, ¶¶ 67-71]. 42 U.S.C. § 1985 contains three subparts. While not specified in the Complaint, this claim appears to be brought under 42 U.S.C. § 1985(3), which forbids certain conspiracies to violate equal protection rights. To prevail on a cause of action under § 1985(3), a plaintiff must allege and prove four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Sever v. Alaska Pulp Corp.* (9th Cir. 1992) 978 F.2d 1529, 1536.

Further, a civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Vieux v. East Bay Reg'l Park Dist.* (9th Cir. 1990) 906 F.2d 1330, 1343 (citation and internal quotation marks omitted). To prove a civil conspiracy, the plaintiff must show that the conspiring parties "reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *Id*. (citation and internal quotation marks omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.* (9th Cir. 1989) 865 F.2d 1539, 1541 (en banc).

In the instant case, Plaintiff makes the bare assertion that Amiri conspired with other defendants to violate his Civil Rights. There are no facts alleged which support this conclusion. The Complaint offers no concrete facts other than generally alleging that Amiri sent text messages to other officers referring to Black people. However, nowhere in the Complaint does it allege that

DEFENDANT MORTEZA AMIRI'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; Case No. 4:24-cv-01774-VC

5

any of the "discriminatory text messages" pertain to Plaintiff. Plaintiff contends that the text messages are discriminatory, but the conclusory argument cannot be construed as facts indicating a common objective to arrest or injure him specifically. Therefore, it is unclear from the Complaint how Amiri has engaged in any conspiracy against Plaintiff. The factual allegations here are simply not enough "to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. City. of Tulare* (9th Cir. 2012) 666 F.3d 631, 637.

42 U.S.C. § 1986 provides for a remedy against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C. § 1986. Thus, § 1986 provides a cause of action for damages where a valid claim for relief has been stated under § 1985. *Trerice v. Pedersen* (9th Cir. 1985) 769 F.2d 1398, 1403. The Ninth Circuit has "adopted the broadly accepted principle that a cause of action is not provided under § 1986 absent a valid claim for relief under section 1985." *Id.* at 1403; *See also, Karim-Panahi v. Los Angeles Police Dep'* (9th Cir. 1988) 839 F.2d 621, 626. Here, since Plaintiff's allegations alone are insufficient to show the existence of a conspiracy, his claim against Amiri under 42 USCS § 1986 also necessarily fails.

The claims and cause of action against Amiri should therefore be dismissed with prejudice because Plaintiff failed to allege sufficient facts to state a claim. The defect cannot be cured, given that Plaintiff made detailed allegations against several other parties but has failed to present any specific facts to meet the pleading standard in his allegations against Amiri.

**C. The Complaint is excessively vague and ambiguous regarding the tolling of Plaintiff's claims against Amiri.**

The Ninth Circuit has held that actions under § 1985 are "best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983." *McDougal v. County of Imperial* (9th Cir. 1991) 942 F.2d 668, 673-74. For section 1983 and section 1985 claims arising in California on or after January 1, 2003, the limitation period is two years. *See* Cal. Civ. Proc. Code § 335.1; *Action Apartment Ass'n, Inc. v. Santa Monica Rent*

---

DEFENDANT MORTEZA AMIRI'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; Case No. 4:24-cv-01774-VC    6

*Control Bd.* (9th Cir. 2007) 509 F.3d 1020; *1026 Canatella v. Van De Kamp* (9th Cir. 2007) 486 F.3d 1128, 1132-1133; *Maldonado v. Harris* (9th Cir. 2004) 370 F.3d 945, 954-955.

California state law also applies to determine whether equitable tolling excuses the filing of a § 1983 or § 1985 claim outside of the statute of limitations. *Estate of Blue v. County of Los Angeles* (9th Cir. 1997) 120 F.3d 982, 984. Federal law, however, determines when a section 1983 claim accrues. *Wallace v. Kato* (2007) 549 U.S. 384, 388. Under federal law, a section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the claim. *Maldonado v. Harris* (9th Cir. 2004) 370 F.3d at 954 (citation and internal quotation marks omitted).

As stated in the Complaint, Plaintiff's § 1985 claim is based on incidents that allegedly occurred in 2020 and 2021. Plaintiff knew or had reason to know of his injury arising from each of the incidents alleged in the Complaint on the date the incident allegedly occurred. Therefore, absent tolling, the statute of limitation on Plaintiff's § 1985 claim arising from the alleged incidents on November 10, 2020 and March 31, 2021 expired on November 10, 2022 and March 31, 2023, respectively. This action was not filed until March 22, 2024, more than two years after the incidents described. Accordingly, Plaintiff's § 1985 claim against Amiri is untimely unless the limitation period was tolled.

In contrast to Plaintiff's §1985 claims, Plaintiff's claim under 42 U.S.C. § 1986 is subject to federal equitable tolling principles because § 1986 contains an express one-year statute of limitations. 42 U.S.C. § 1986; *Ellis v. City of San Diego* (9th Cir. 1999) 176 F.3d 1183, 1188. The Ninth Circuit has held that equitable tolling does apply to § 1986 claims. *Id.* at 1189. Unless tolled, the statute of limitations on Plaintiff's claims expired one year after accrual - November 10, 2021 and March 31, 2022.

The Complaint alleges that the statute of limitations was tolled because Plaintiff was "incarcerated since his arrest" and "remains in custody at Martinez detention facility following a brief release." [Document 1, ¶38, 42]. Yet this allegation is not supported by California law that governs the tolling of section 1985 claims. Section 1985 claims should be governed by the same

DEFENDANT MORTEZA AMIRI'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; Case No. 4:24-cv-01774-VC     7

statute of limitations as 1983 claims. *McDougal v. County of Imperial* (9th Cir. 1991) 942 F.2d 668, 673-74. In California, the statute of limitations for section 1983 actions is tolled by Cal. Gov't Code § 945.3 while **criminal charges are pending**." *Trimble v. City of Santa Rosa* (9th Cir. 1995) 49 F.3d 583, 585 (emphasis added). Under this section, "criminal charges are 'pending' until the date of judgment." *McAlpine v. Superior Court* (Cal. Ct. App. 1989) 209 Cal. App. 3d 1, 3.

The Complaint is void of any information regarding when Plaintiff's criminal charges were pending and the basis of applying tolling principles to his claims against Defendant Amiri. FRCP Rule 12(e) allows a party to request a more definite statement if a pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). Absent any information on when Plaintiff's criminal charges were pending, Defendant Amiri cannot reasonably ascertain how long the statute of limitations is tolled, and he is seriously prejudiced in attempting to answer it.

Plaintiff's contention regarding his incarceration appears to reference Cal. Code of Civ. Proc. Section 352.1(a), which provides that the statute of limitation is tolled when a plaintiff is imprisoned on a criminal charge, or in execution under of the sentence of a criminal court for a term for less than for life "**at the time the elements of the claim have accrued**." (emphasis added). However, the Complaint does not indicate that Plaintiff was imprisoned or under the sentence of a criminal court at the time of his incidents. Accordingly, defendant requests that the Court order Plaintiff to provide a more definite statement pursuant to Rule 12(e) regarding the tolling of his claims against Amiri.

## III.
## CONCLUSION

Plaintiff's Complaint lacks sufficient non-conclusory factual allegations and base under the law to support a cognizable theory of recovery against Defendant Amiri, and it is excessively vague as to when the tolling of Plaintiff's claims expires. Accordingly, defendant Amiri respectfully request that the Court grant this Motion with prejudice, or order a more definite

///

DEFENDANT MORTEZA AMIRI'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; Case No. 4:24-cv-01774-VC

8

statement regarding whether the claims against Amiri were filed timely.

Date:  June 28, 2024

            RIDLEY♦MASTER

By: _____
  Todd H. Master
  Shangyayi "Sheryl" Liu
  Attorneys for Defendant
  MORTEZA AMIRI

---

DEFENDANT MORTEZA AMIRI'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; Case No. 4:24-cv-01774-VC

9