UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT ALLEN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF ANTIOCH, et al.,<br><br>        Defendants. | Case No. 23-cv-01895-VC<br><br>**ORDER RE BIFURCATION AND PRETRIAL DEADLINES**<br><br>Re: Dkt. No. 142 |

      The defendants' motion to bifurcate and stay discovery relating to municipal and apex-supervisory liability is denied. Although bifurcation of such claims is sometimes a good idea in police cases, it's a bad idea here. The allegations relating to municipal liability are particularly detailed, and some of the evidence adduced to date supports those allegations. It's difficult to imagine that comprehensive discovery relating to municipal liability won't eventually be needed in this case. And even if a subset of plaintiffs is ultimately unable to establish a constitutional violation, the scope of discovery on municipal liability would not change dramatically. Accordingly, moving forward promptly with this discovery is in the interests of justice. The possibility of bifurcating trials can be discussed at a later stage.

      Regarding tomorrow's case management conference, the Court is inclined to set pretrial deadlines for all of the plaintiffs' cases, to be divided in roughly four groups. The Court is contemplating the following dates:

Group 1

| | |
|---|---|
| Fact Discovery Cutoff | April 4, 2025 |
| Last Day to Hear Dispositive Motions | May 22, 2025 |
| Trials | Beginning in September 2025 |

Group 2

| | |
|---|---|
| Fact Discovery Cutoff | June 6, 2025 |
| Last Day to Hear Dispositive Motions | August 14, 2025 |
| Trials | Beginning in January 2026 |

Group 3

| | |
|---|---|
| Fact Discovery Cutoff | October 3, 2025 |
| Last Day to Hear Dispositive Motions | December 4, 2025 |
| Trials | Beginning in May 2026 |

Group 4

| | |
|---|---|
| Fact Discovery Cutoff | December 17, 2025 |
| Last Day to Hear Dispositive Motions | February 26, 2026 |
| Trials | Beginning in September 2026 |

The parties should be prepared to discuss these dates, as well as which plaintiffs should go in which group, and why.

There is also a disconnect between the Plaintiffs' CMS and the First Amended Complaint in that the FAC lists more officers for each plaintiff than the CMS's proposed groupings. Plaintiffs should be prepared to discuss whether they plan to dismiss certain officers from the complaint.

**IT IS SO ORDERED.**

Dated: August 26, 2024

VINCE CHHABRIA
United States District Judge