UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT ALLEN, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>CITY OF ANTIOCH, et al.,<br><br>            Defendants. | Case No.  23-cv-01895-VC<br><br>**ORDER DENYING DEFENDANT AMIRI'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 172 |

      The motion to dismiss is denied. Plaintiff Terryon Pugh brings one claim for conspiracy to violate civil rights under 42 U.S.C. § 1985-86 against Defendant Morteza Amiri. A plaintiff asserting such a claim must allege, and eventually prove, "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828–29 (1983)).

      Pugh alleges two incidents in which Antioch police officers targeted him for his race and used excessive force against him including shooting him with a 40mm rubber bullet, tasing him, and placing him in a full body wrap device. Pugh doesn't allege Amiri was present at either incident. Rather, his complaint (including the Contra Costa County DA Report incorporated by reference) alleges that Amiri was engaged in a series of text messages with many members of the Antioch police department, including the officers who were present at his arrest, in which Amiri used extremely racially derogatory language and encouraged other officers to target and use

force against people of color in Antioch. These facts are enough to state a plausible claim.

Dismissal on statute of limitations grounds is also denied. The conspiracy claim "accrues when the plaintiff knows or should have known of the injury." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Pugh could not have known about Amiri's participation in the text messages with other officers until the DA's report was released on March 27, 2023.

**IT IS SO ORDERED.**

Dated: September 9, 2024

_____
VINCE CHHABRIA
United States District Judge