UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT ALLEN, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>CITY OF ANTIOCH, et al.,<br><br>        Defendants. | Case No. 23-cv-01895-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WENGER'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 116 |

      The motion is granted in part and denied in part. This order assumes the reader's familiarity with the facts, relevant legal standards, and arguments made by the parties. This Court's prior Order [111] dismissed claims against Defendant Wenger in the first complaint. The plaintiffs then filed a consolidated amended complaint, which Wenger moves to dismiss again.

      1. Plaintiffs Kardell Smith and Jamari Allen's Section 1983 claims for unreasonable seizure cannot be dismissed. The complaint alleges that Wenger texted the officers who arrested the plaintiffs and encouraged them to do so. For instance, Wenger allegedly texted Officers Amiri and Rombough to "please find this guys and f*** him in the ass" concurrent with Kardell Smith's 2019 arrest by those officers.[1] Wenger also allegedly texted Amiri "lets go 3 nights in a row dog bite" one day after Amiri arrested Allen and used a K-9 dog to bite Allen. Wenger also allegedly celebrated after Amiri sent him photos of Allen's injuries.

      Wenger argues that Smith and Allen can't state a claim against him because he wasn't an "integral participant" in the plaintiffs' arrests. *Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir.

---

[1] The complaint erroneously stated that these texts were concurrent with the arrest of another plaintiff, Adam Carpenter; but the plaintiffs explained that this was a typo and should have said the texts were contemporaneous to Kardell Smith's arrest. Plaintiffs should fix this error in the next iteration of the complaint.

2022). An officer can be an "integral participant" if either "(1) the defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (2) the defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury." *Id.* at 891. Here, the allegations, read with reasonable inferences in the plaintiffs' favor, sufficiently allege that Wenger knew about and acquiesced in constitutionally defective arrests.

These claims are not time barred. A claim "accrues when the plaintiff knows or should have known of the injury." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Even though Smith was arrested in 2019 and Allen was arrested on August 21, 2020, neither could have known about Wenger's participation in their arrests until Wenger's text messages were released by the DA's report on March 27, 2023.

2. Smith and Allen's Section 1981 claims for racial bias are dismissed with leave to replead as a Section 1983 claim. *See Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023) (en banc).

3. Smith and Allen's malicious prosecution claims are dismissed. The complaint does not allege sufficient facts to infer that Wenger participated in prosecuting or filing false charges against Smith or Allen.

4. All of the plaintiffs' claims under Section 1985-86 for conspiracy to violate civil rights survive. A plaintiff asserting such a claim must allege, and eventually prove, "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828–29 (1983)).

The complaint alleges that Wenger participated in a series of text messages with other

officers in the department which can reasonably be interpreted as racially derogatory and encouraging the use of force against people of color in Antioch. Even though Wenger's own text messages did not specifically use racial epithets, one can easily draw the inference that Wenger exhibited racial bias given the allegations that he encouraged other officers to use dog bites, asked for pictures of plaintiffs' injuries post-bite, and used derogatory language such as "piece of shit" toward plaintiffs who are black.

 5. Wenger is not entitled to qualified immunity, at least at the motion to dismiss stage. It has been clearly established since 1998 that "improper encouragement" of an excessively long dog bite is a constitutional violation. *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998). Plaintiffs' allegations support a reasonable inference that Wenger improperly encouraged other officers to use dog bites excessively. Wenger may raise qualified immunity again at summary judgment when the Court has the benefit of a fuller factual record.

 Dismissal is with leave to amend. If no amended complaint is filed within 3 days of this order, dismissal of these claims will be with prejudice.

**IT IS SO ORDERED.**

Dated: September 9, 2024

_____
VINCE CHHABRIA
United States District Judge