UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT ALLEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF ANTIOCH, et al.,<br><br>    Defendants. | Case No. 23-cv-01895-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS RODRIGUEZ AND PRIETO'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 167 |

    The motion is granted in part and denied in part. This order assumes the reader's familiarity with the facts, relevant legal standards, and arguments made by the parties.

    1. Pugh's Section 1983 claim based on excessive force stemming from the November 2020 incident is dismissed.[1] Pugh's counsel conceded at the hearing that this claim is barred by the statute of limitations.

    2. Pugh's Section 1981 claim of racial bias is dismissed with leave to replead as a Section 1983 claim. *See Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023) (en banc).

    3. Pugh's Section 1981 malicious prosecution claim is dismissed, as conceded by Pugh.

    4. Pugh's Section 1985-86 claims survive. A plaintiff asserting such a claim must allege, and eventually prove, "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege

---

[1] The Court construes Pugh's Section 1983 claim as being based on excessive force instead of unreasonable seizure given the facts pled, which focus on the force used by various officers during his two arrests.

of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828–29 (1983)).

Pugh alleges two incidents in which Antioch police officers targeted him for his race and used excessive force against him. In the first incident, in November 2020, defendants Rodriguez and Prieto are alleged to have slammed him into the ground, kneed him, tased him, and placed him in a full body wrap device. In March 2023, through the release of the Contra Costa DA's report, Pugh learned that contemporaneous to his November 2020 arrest, Rodriguez and Prieto had texted each other stating they blamed black people for crime in the neighborhood and that they wanted to target black and brown people for traffic citations. These facts are enough to state a plausible claim of conspiracy.

Further, this conspiracy claim cannot be dismissed on statute of limitations grounds. A claim "accrues when the plaintiff knows or should have known of the injury." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Pugh could not have known about the alleged agreement between Rodriguez and Prieto until the text messages were released by the DA's report on March 27, 2023.

Finally, this claim cannot be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) at this time. The Ninth Circuit has explained that courts must examine the details of the factual basis for a conviction and analyze whether success in the Section 1985 suit *necessarily* implies that the conviction is invalid. *See Lemos v. County of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022), *cert. denied sub nom. County of Sonoma, California v. Lemos*, 143 S. Ct. 429 (2022). Pugh pled to second-degree burglary and criminal street gang charges following his first arrest, and attempted murder and several other charges following his second arrest. Without more information about the factual basis underlying those convictions, the Court can't determine whether *Heck* bars this claim. Defendants may raise *Heck* again at summary judgment.

Dismissal is with leave to amend. If no amended complaint is filed within 3 days of this order, dismissal of these claims will be with prejudice.

**IT IS SO ORDERED.**

Dated: September 9, 2024

VINCE CHHABRIA
United States District Judge