RIVERA HEWITT PAUL LLP
JONATHAN B. PAUL, SBN 215884
WENDY MOTOOKA, SBN 233589
11341 Gold Express Drive, Suite 160
Gold River, California 95670
Telephone: 916-922-1200 Fax: 916 922-1303
Email:  JPaul@rhplawyers.com
            wmotooka@rhplawyers.com

Attorneys for Defendant DEVON WENGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT ALLEN, et al.,<br><br>         Plaintiffs,<br><br>  vs.<br><br>CITY OF ANTIOCH, et al.,<br><br>         Defendants. | Lead Case No. 3:23-cv-01895-VC<br><br>[Consolidated with Case No. 23-cv-03773-SI for Pre-Trial Purposes]<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT WENGER'S PARTIAL MOTION TO DISMISS THE THIRD AMENDED CONSOLIDATED COMPLAINT**<br><br>Date: Nov. 7, 2024<br>Time: 10:00 a.m.<br>Courtroom: 4, 17th Floor<br>Judge:  Hon. Vince Chhabria |

**I.     PLAINTIFFS CONCEDE THAT THE SECOND CAUSE OF ACTION SHOULD BE DISMISSED**

Plaintiffs Kardell Smith and Jamari Allen each pled a Second Cause of Action for malicious prosecution in the Third Amended Consolidated Complaint ("TACC").  Plaintiffs now concede that their malicious prosecution claims against defendant Wenger should be dismissed. ECF No. 261 at 7: 8-11.[1]  Accordingly, Smith and Jamari Allen's Second Cause of Action against

---

[1] Page citations are to the page number shown on the blue Court stamp at the top of the document.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY TO OPP'N TO DEF. WENGER'S MTD TACC
Case No. 3:23-cv-01895-VC                                     1

Wenger should be dismissed without leave to amend.

## II. PLAINTIFF JAMARI ALLEN'S THIRD CAUSE OF ACTION DOES NOT CONVERT A SECTION 1981 CLAIM INTO A SECTION 1983 CLAIM

### A. *Plaintiffs' Conclusory Allegations Are Not Relevant To This Motion*

In their "Statement of Facts," plaintiffs reiterate conclusory allegations that "Wenger planned with other Defendant APD officers to subject whoever they would encounter while on duty to unjust seizures and uses of force." ECF No. 261 at 4: 26-27. This conclusory allegation is contradicted by the TACC's *factual material*. The factual allegations identify no wrongful arrest or use of force by Wenger, a striking absence if the plan really were to violate the Fourth Amendment rights of "whoever they would encounter."[2] Nor does the TACC factually allege that Wenger was a "direct participant in and a witness to more than four years' worth of egregious text messages." ECF No. 5: 10-11. As alleged in the TACC, Wenger received very few of the text messages alleged and none of the racial ones. The TACC does not allege that Wenger received over four years' worth of "egregious text messages." Rather, the TACC is largely silent as to when any text message was sent, making it nearly impossible to discern when the texts were sent and whether they were excerpted from a single conversation or from multiple conversations spread out over time.

These conclusory allegations, even if conclusory allegations were sufficient to withstand a motion to dismiss, do not assist plaintiff in converting his Section 1981 claim into a Section 1983 claim.

### B. *The TACC Does Not Convert The Section 1981 Claim Into A Section 1983 Claim Because It Does Not Allege An Impairment Of Contractual Rights*

#### 1. Section 1981 Prohibits Racial Discrimination In Contracting

It is well established that section 1 of the Civil Rights Act of 1866, 14 Stat. 27, 42 U.S.C.

---

[2] Plaintiffs have finally found Wenger's name in the thousands of pages of discovery produced by defendant City this case. The documents show that Wenger was assigned to provide cover for Amiri, not any wrongdoing by Wenger. Based on this non-evidence of wrongdoing, plaintiffs now want to formally request leave from the Court to add Wenger to Jamari Allen's Third Cause of Action, even though they have already named Wenger in the Third Cause of Action (hence this motion). ECF No. 261 at 10 n.1.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY TO OPP'N TO DEF. WENGER'S MTD TACC
Case No. 3:23-cv-01895-VC

2

§ 1981, "prohibits racial discrimination in the making and enforcement of private contracts." *Runyon v. McCrary,* 427 U.S. 160, 168 (1976).  As the Supreme Court unequivocally reiterated in 2006: "§ 1981, originally § 1 of the Civil Rights Act of 1866, 14 Stat. 27, has a *specific function*: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (emphasis added).  The statute has an "obvious" reading from which the High Court has never retreated: "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Id*. at 476.  While Section 1981 was amended in 1991 to broaden the discriminatory conduct covered by the statute, the Supreme Court observed that Congress did not modify the statute's focus upon contract obligations – instead, Congress positively reinforced that element. *Id*. at 477.

Accordingly, a plaintiff cannot state a claim under Section 1981 unless he has or would have rights under an existing or proposed contract that he wishes to make and enforce, and he suffered injuries from a racially motivated breach of the contractual relationship.  *Id.* at 479-80.  Section 1981 protects the unitary right to make contracts and to enforce them "with the full and equal benefit of all laws and proceedings," including the right to sue, be parties, and give evidence.  42 U.S.C. § 1981(a).  Plaintiffs' acontextual parsing of this language to create two separate rights – one to make and enforce contracts and the other for "full and equal benefit" unrelated to contractual rights (ECF No. 261 at 8: 17-19) – is contrary to the Supreme Court's interpretation of "specific function" of Section 1981.

### 2. Plaintiff Jamari Allen's Third Cause Of Action Does Not Convert The Section 1981 Claim Into A Section 1983 Claim, Because It Does Not Identify A Substantive Right Under Section 1981

Section 1981 establishes substantive rights that a state actor may violate, but it does not itself contain a remedy against state actors for such violation.  *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023).  To bring a federal claim, the plaintiff must identify both a substantive right violated under Section 1981 and a cause of action.  *Id*. at 1045.  The substantive

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY TO OPP'N TO DEF. WENGER'S MTD TACC
Case No. 3:23-cv-01895-VC

3

right under Section 1981 is the right to make and enforce contracts. To convert his Section 1981 claim into a Section 1983 cause of action, plaintiff must allege impairment of a contractual relationship based on race. Nothing in the text of Section 1981 "suggests that it was meant to provide an omnibus remedy for *all* racial injustice," for otherwise "it would not have been limited to situations involving contracts." *Domino's Pizza*, 546 U.S. at 479. Plaintiffs' invention of a "full and equal benefit" clause independent of contractual rights impermissibly turns Section 1981 into the "omnibus remedy for *all* racial injustice" that the Supreme Court has already rejected. Under plaintiffs' reading of Section 1981, what racial injustice would *not* be covered by the statute? Plaintiff's interpretation of Section 1981 cannot be squared with the "obvious" reading of the statute from which the Supreme Court has never retreated: that Section 1981 has a "specific function," which is to prohibit racial discrimination in the making and enforcement of contracts. *Domino's Pizza*, 546 U.S at 474, 476.

Therefore, to convert his Section 1981 claim into a Section 1983 cause of action, plaintiff must identify an impaired contractual relationship under which he has rights. *Domino's Pizza*, 546 U.S. at 476. The TACC fails to do so. Because the TACC fails to allege facts showing violation of a substantive right protected by Section 1981, the TACC fails to state a claim under Section 1981 that may be converted into a Section 1983 cause of action. The TACC therefore fails to convert the Section 1981 claim into a Section 1983 claim.

C. **The TACC Alleges Insufficient Facts To State An Equal Protection Claim**

Evidently mindful that Section 1981 is not an "omnibus remedy for *all* racial injustice," plaintiffs next argue that text messages could demonstrate a discriminatory purpose behind on-duty conduct in violation of the Fourteenth Amendment's Equal Protection Clause. While this may be true, text messages are not a *substitute* for on-duty conduct. Plaintiffs identify no on-duty conduct by Wenger that harmed Jamari Allen, much less discriminatory on-duty conduct. Plaintiffs concede that Wenger did not send text messages containing racially derogatory language.[3] ECF No. 261 at 9: 20-21. They rely on the conclusory allegation that Wenger sent

---

[3] While plaintiffs would construe "piece of shit" to be a racial term, the TACC does not allege that Wenger used this term to refer to any African-American person or any person of color.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY TO OPP'N TO DEF. WENGER'S MTD TACC
Case No. 3:23-cv-01895-VC

4

1  texts "planning to engage in a concerted effort to brutalize more individuals with other officers
2  who made it clear that they sought to target Black people." ECF No. 261 at 9: 24-26. The TACC
3  alleges no facts that would raise the inference that Wenger targeted Black people, much less that
4  he targeted Jamari Allen. The TACC does not allege Jamari Allen's race. It does not allege that
5  Wenger knew Jamari Allen's race. It does not allege conduct that Wenger engaged in, which
6  Wenger would not otherwise have engaged in, but for plaintiff's race. None of the alleged text
7  messages sent or received by Wenger convey racial bias. Plaintiffs' contention that Wenger
8  should be held liable because he worked for APD and exchanged non-racial text messages with
9  APD officers who "made it clear" – to people *other than Wenger* – that "they sought to target
10 Black people" is guilt by association, a non-cognizable theory. *N.A.A.C.P. v. Claiborne*
11 *Hardware Co.*, 458 U.S. 886, 908 (1982) (the "right to associate does not lose all constitutional
12 protection merely because some members of the group may have participated in conduct or
13 advocated a doctrine that itself is not protected").

14       If plaintiff Jamari Allen contends that Wenger injured him, he should allege the facts
15 showing what Wenger did to cause the injury and why Wenger's conduct was discriminatory.
16 With the benefit of discovery, plaintiffs in opposition now assert, for the first time, that Wenger
17 "provided cover" for defendant Amiri during the incident giving rise to Jamari Allen's First
18 Cause of Action for excessive force. ECF No. 261 at 10 n.1. Yet plaintiffs do not articulate how
19 serving as a cover officer amounts to an equal protection violation under the Fourteenth
20 Amendment.

21       If plaintiff Jamari Allen complains about the lawfulness of his arrest and the force used to
22 effectuate it, his claim is governed by the Fourth Amendment, not the Fourteenth. *Graham v.*
23 *Connor*, 490 U.S. 386, 395 (all claims that law enforcement officers have used excessive force in
24 the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed
25 under the Fourth Amendment); *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (if a
26 constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth
27 Amendment, the claim must be analyzed under the standard appropriate to that specific
28 provision). The lawfulness of Jamari Allen's arrest does not implicate the Fourteenth

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY TO OPP'N TO DEF. WENGER'S MTD TACC
Case No. 3:23-cv-01895-VC

5

Amendment.

The TACC does not allege facts sufficient to state a Fourteenth Amendment equal protection violation.

### D. Plaintiffs Concede The Third Cause Of Action's Fourth Amendment Claim Should Not Have Been Pled

Plaintiffs concede that the Fourth Amendment claims alleged in Jamari Allen's Third Cause of Action should not have been pled. Yet they still oppose the motion, arguing that they "intended" to allege a *Fourteenth* Amendment violation, namely, the equal protection cause of action discussed in Part II.C, *supra*. ECF No. 261 at 10: 17-19. This intended Fourteenth Amendment claim is therefore duplicative of the equal protection claim and should be dismissed along with that claim. The Third Cause of Action's Fourth Amendment claim should be dismissed based on plaintiffs' concession.

### E. The TACC Fails To State A Constitutional Privacy Claim

The Third Cause of Action also fails to state a claim for constitutional privacy. The Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 202 (1989). The TACC alleges that defendant Amiri took photos of Jamari Allen's injuries at the hospital and texted them to other officers, including Wenger. ECF No. 225 at 60: 5-8. The Constitution does not prohibit unconsented and unwarranted disclosure of intimate photographs by the state, because such acts are not of "constitutional magnitude" and may be vindicated via state tort law. *Davis v. Bucher*, 853 F.2d 718, 719-20 (9th Cir. 1988).

Plaintiffs argue that state torts rise to constitutional magnitude through repetition, asserting that Wenger "regularly received" photos (ECF No. 261 at 11: 16-17), "repeatedly encouraged" officers who sent photos (ECF No. 261 at 13: 5), and therefore should be distinguished from the defendant in *Davis v. Bucher*, who engaged in "two isolated instances of poor judgment" (ECF No. 261 at 12: 26). Plaintiffs' argument, however, is not supported by the factual allegations in the TACC. The TACC alleges only *one* instance in which Wenger requested photos. ECF No. 261 at 11: 21-23. One instance is not "regularly" or "repeatedly."

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY TO OPP'N TO DEF. WENGER'S MTD TACC
Case No. 3:23-cv-01895-VC

6

Plaintiffs' argument is also unsupported by law. Plaintiffs cite to no authority holding that a mere request for photographs may rise to the level of a constitutional violation.

Plaintiffs' reliance on *York v. Story*, 324 F.2d 450 (9th Cir. 1963) aids defendant more than plaintiff. In *York*, a police officer told an assault victim that he would need to photograph her, took her to a room, locked the door, told her to undress, and then directed her to assume various indecent positions. He photographed her in those positions, despite her protestations that the bruises would not show in any photograph. The officer then circulated the photos among personnel at the police department. Two other officers made additional prints of the photographs and circulated these prints among police personnel. *York*, 324 F.2d at 452.

The *York* court found that such acts would violate the Fourteenth Amendment because the court could not imagine a privacy intrusion more arbitrary than "for a male police officer to unnecessarily photograph the nude body of a female citizen who has made complaint of an assault upon her, over her protest that the photographs would show no injuries, and at a time when a female police officer could have been, but was not, called in for this purpose, and to distribute those photographs to other personnel of the police department despite the fact that such distribution of the photographs could not have aided in apprehending the person who perpetrated the assault." *Id.* at 455. *York* does not assist plaintiffs because it is not factually analogous to the present case, not only in the degree of the alleged intrusion (nude female body v. injuries sustained in a parking lot), but also because Wenger, unlike the defendants in *York*, did not circulate the photos. *Id*. at 452. The analysis in *York* also pre-dates the Supreme Court's limitations on the Fourteenth Amendment articulated in *Paul v. Davis*, 424 U.S. 693, 713 (1976) (Fourteenth Amendment "right of privacy" limited to "fundamental" rights), *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (the Constitution does not supplant traditional tort law), and *DeShaney*, 489 U.S. at 202 (Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

Plaintiffs' arguments regarding "integral participation" likewise do not convert a tort by a governmental actor into a constitutional violation. ECF No. 261 at 11: 8-15. The doctrine of integral participation becomes relevant only if a constitutional deprivation has been found to have

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY TO OPP'N TO DEF. WENGER'S MTD TACC
Case No. 3:23-cv-01895-VC

7

occurred and the scope of liability is to be determined. Here, the allegations in the TACC do not state a claim for violation of constitutional privacy in the first instance.

Plaintiff Jamari Allen's Third Cause of Action against Wenger should be dismissed.

### III.   CONCLUSION

Plaintiffs Kardell Smith and Jamari Allen's Second Cause of Action should be dismissed without further leave to amend based on plaintiffs' concession. Plaintiff Jamari Allen's Third Cause of Action, supposedly a conversion of a Section 1981 claim into a Section 1983 cause of action, should be dismissed because plaintiff fails to plead impairment of a right protected by Section 1981. Plaintiffs were not granted leave to amend the Section 1981 claim in any other way, so the newly alleged Fourteenth Amendment equal protection and constitutional privacy claims should be dismissed for exceeding the scope of leave to amend granted and also because the TACC fails to allege facts sufficient to state a claim for either of these two causes of action.

DATE: October 15, 2024            RIVERA HEWITT PAUL LLP


   /s/ Wendy Motooka
JONATHAN B. PAUL
WENDY MOTOOKA
Attorneys for Defendant DEVON WENGER

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY TO OPP'N TO DEF. WENGER'S MTD TACC
Case No. 3:23-cv-01895-VC

8