UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT ALLEN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF ANTIOCH, et al.,<br><br>        Defendants. | Case No. 23-cv-01895-VC<br><br>**ORDER RE WENGER'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 235 |

The motion is granted in part and denied in part. This order assumes the reader's familiarity with the facts, legal standards, arguments made by the parties, and the prior Orders addressing Wenger's two previous motions to dismiss. *See* Dkt. Nos. 218 and 111. The operative complaint is now the Third Amended Complaint, which Wenger moves to dismiss as to him.

1. Kardell Smith and Jamari Allen's malicious prosecution claims are dismissed. The plaintiffs concede these claims should be dismissed given the prior order and lack of new allegations, so dismissal is without leave to amend.

2. Jamari Allen's Section 1983 claims alleging violations of the Fourteenth Amendment's Equal Protection Clause and right to privacy are not dismissed.

First, Wenger argues that Allen hasn't made sufficient allegations of racial animus because Wenger never texted a racial epithet. As the prior Order denying Wenger's second motion to dismiss explained, Wenger's texts, read in context, easily raises an inference of racial bias even if he did not use a specific racial epithet. *See* Dkt. No. 218.

 Second, Wenger argues that Allen didn't allege a constitutional violation of his privacy. The Ninth Circuit has recognized that "the security of one's privacy against arbitrary intrusion by the police is basic to a free society and is therefore 'implicit in the concept of ordered liberty,'

embraced within the Due Process Clause of the Fourteenth Amendment." *York v. Story*, 324 F.2d 450, 455 (9th Cir. 1963). In York, the Ninth Circuit held that a plaintiff had stated a constitutional violation when she alleged a police officer took intimate photos of her and distributed them to other officers. *Id.* The facts here are similarly sufficient. Allen alleges that Officer Morteza Amiri, after attacking Allen with his K9 dog, took photos of Allen's left leg and hip injuries while Allen was in the hospital and then distributed those photos to Wenger (and other officers) who celebrated Allen's injuries. Allen also alleges that there was no legitimate lawful basis to take and distribute those photos.

Finally, Wenger again argues that Allen failed to state a claim against him because Amiri—not Wenger—made the arrest and took the photos. But the complaint raises the inference that Wenger was an "integral participant" because he either "knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation," or "set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury." *Peck v. Montoya*, 51 F.4th 877, 891 (9th Cir. 2022). With respect to the arrest, the complaint alleges that contemporaneous to Jamari Allen's arrest, Wenger texted Amiri, "We need to get into something tonight bro!! Lets go 3 nights in a row dog bite!!!" Amiri also texted Wenger, "if [ ] didn't have all those body cams and that was us… we would have fucked him up more. He didn't get what he deserved," to which Wenger responded, "I agree, That's why I don't like body cams." With respect to the photos, the complaint alleges Wenger had asked for photos of suspects' injuries on at least one other occasion. Wenger texted Amiri "Pics of [suspect] please my dude!!! That bitch [suspect] has talked so much shit to me! Thank you for biting that piece of shit!"

**IT IS SO ORDERED.**

Dated: November 8, 2024

VINCE CHHABRIA
United States District Judge