.92363

| | |
|---|---|
| 1 | ERIC J. BENGTSON—BAR NO. 254167<br>STEVEN B. DIPPELL—BAR NO. 121217 |
| 2 | **DAVIS, BENGTSON & YOUNG, APLC**<br>1960 The Alameda, Suite 210 |
| 3 | San Jose, CA  95126<br>Phone:     669.245.4200 |
| 4 | Email:     eric@dby-law.com<br>Email:     sdippell@dby-law.com |
| 5 | |
| 6 | Attorneys for Defendant<br>JAMES STENGER |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT ALLEN, individually; TERRYONN PUGH, individually; SHAGOOFA KHAN, individually; ADAM CARPENTER, individually; JOSHUA BUTLER, individually; DEJON RICHARDS, individually; DRESHAWN JACKSON, individually; KARDELL SMITH, individually; DANIEL MACKIN, individually; TERRY DWAYNE ROBINSON, JR., individually; MANDINGO CAIN, individually; AMADEO GARCIA, JR., individually; ARON TYSON, individually; DAUNTE GELLINGTON, individually; ROBERT YOUNG, individually; TERRY THOMAS, individually; SHAQUILLE HILLARD, individually; DANYEL EARL LACY, individually; KAYCEE SUITTER, individually; MARCELL LEWIS, individually; GREGORIO YARBOROUGH, individually; QUINCY MASON, individually; TAHJAY MCCULLOUGH, individually; JAMARI ALLEN; individually;<br><br>              Plaintiffs,<br><br>     vs.<br><br>CITY OF ANTIOCH, a municipal corporation; ROB BERNALL, Individually and in his official capacity as the City Manager for the CITY OF ANTIOCH; CORNELIUS JOHNSON, | **Case No. 3:23-cv-01895-VC**<br>*Consolidated with 23-cv-03773-SI (Robinson), 23-cv-06573-VC (Hillard), 24-cv-01774-VC (Pugh), and 24-cv-02758 (Wilson)*<br>*For All Pre-Trial Purposes*<br>**Hon. Vince Chhabria, District Court Judge**<br><br>**DEFENDANT JAMES STENGER'S NOTICE OF MOTION AND MOTION TO DISMISS THE PLAINTIFFS' FOURTH AMENDED CONSOLIDATED COMPLAINT AGAINST HIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date: May 22, 2025<br>Time: 10:00 a.m.<br>Courtroom 4 – 17th Floor<br>Judge: Hon. Vince Chhabria |

.92363

| | |
|---|---|
| 1 | individually and in his official capacity as the City Manager for the CITY OF ANTIOCH; |
| 2 | FORREST EBBS,individually and in his official capacity as the City Manager for the CITY OF |
| 3 | ANTIOCH; KWAME REED, individually and in his official capacity as the City Manager for |
| 4 | the CITY OF ANTIOCH; TAMMANY BROOKS, individually and  in his official |
| 5 | capacity as police chief  for the CITY OF ANTIOCH; TONY MOREFIELD, individually |
| 6 | and in his official capacity as interim police chief for the CITY OF ANTIOCH; STEVEN |
| 7 | FORD, individually and in his official capacity as police chief for the CITY OF ANTIOCH; |
| 8 | MATTHEW NUTT,individually and in his official capacity as a police officer for the CITY |
| 9 | OF ANTIOCH; JOSH EVANS, individually and in his official capacity as a police sergeant for |
| 10 | the CITY OF ANTIOCH; ERIC ROMBOUGH, individually and in his official capacity as a |
| 11 | police officer for the CITY OF ANTIOCH; MORTEZA AMIRI, individually and in his |
| 12 | official capacity as a police officer for the CITY OF ANTIOCH; SCOTT DUGGAR, individually |
| 13 | and in his official capacity as a police officer for the CITY OF ANTIOCH; JOHN RAMIREZ, |
| 14 | individually and in his official capacity as a police officer for the CITY OF ANTIOCH; |
| 15 | TIMOTHY MANLY WILLIAMS, individually and in his official Capacity as a police officer for |
| 16 | the CITY OF ANTIOCH; TOM LENDERMAN, individually and in his official capacity as a |
| 17 | police officer for the CITY OF ANTIOCH; LOREN BLEDSOE, individually and in his |
| 18 | official capacity as a police sergeant for the CITY OF ANTIOCH; THOMAS SMITH, |
| 19 | individually and in his official capacity as a police officer for the CITY OF ANTIOCH; |
| 20 | CALVIN PRIETO, individually and in his official capacity as a police officer for the CITY |
| 21 | OF ANTIOCH; ANDREA RODRIGUEZ, individually and in her official capacity as a |
| 22 | police officer for the CITY OF ANTIOCH; JONATHAN ADAMS, individually and in his |
| 23 | official capacity as a police officer for the CITY OF ANTIOCH; DEVON WENGER, |
| 24 | individually and in his official capacity as a police officer for the CITY OF ANTIOCH; |
| 25 | DANIEL HARRIS,individually and in his official capacity as a police officer for the CITY |
| 26 | OF ANTIOCH; ROBERT GERBER, individually and in his official capacity as a |
| 27 | police officer for the CITY OF ANTIOCH; KYLE HILL, individually and in his official |
| 28 | capacity as a police officer for the CITY OF |

.92363

| | |
|---|---|
| 1 | ANTIOCH; Officer BROCK MARCOTTE, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; AARON HUGHES, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; RYAN GEIS, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; RICK HOFFMAN, individually and in his official capacity as a sergeant for the CITY OF ANTIOCH; JIMMY WISECARVER, individually and in his official capacity as a sergeant for the CITY OF ANTIOCH; JOHN FORTNER, individually and in his official capacity as a lieutenant for the CITY OF ANTIOCH; BRAYTON MILNER, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; DEVIN EIGARD, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; CONSTANTINE KAWALYA, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; RYAN DUFF, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; JACOB KING, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; GUSTAVO JIMENEZ, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; ASHLEY LUNDIN, individually and in her official capacity as a police officer for the CITY OF ANTIOCH; GARY LOWTHER, individually and in his official capacity as a police sergeant for the CITY OF ANTIOCH; DUSTIN DIBBLE, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; KYLE SMITH, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; JAKE EWART, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; JAMES BEDGOOD, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; ROBERT GREEN, individually and in his official capacity as a sergeant for the CITY OF ANTIOCH; JAMES STENGER, individually and in his official capacity as a sergeant for the CITY OF ANTIOCH; RANDALL GRAGG, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; KEVIN TJAHJADI, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; RYAN MCDONALD, individually and in his official capacity as a police officer for the CITY |

.92363

| | |
|---|---|
| 1 | OF ANTIOCH; MATTHEW KOCH, individually and in his official capacity as a sergeant for the CITY OF ANTIOCH; DANIEL NAVARRETTE, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; CASEY BROGDON, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; JONATHAN DOWNIE, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; STEVEN MILLER, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; ANTIOCH POLICE DEPARTMENT OFFICER MOORE, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; and DOES 26-100, inclusive, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | Defendants. |

# TABLE OF CONTENTS

NOTICE OF MOTION & MOTION……………………………………………………………………1

MEMORANDUM OF POINTS AND AUTHORITIES……………………………………………….1

    I.     Introduction……………………………………………………………………….....1

    II.    Statement of Relief Sought…………………………………………………………..1

    III.   Statement of Issues To Be Decided…………………………………………………..2

    IV.   Relevant Facts………………………………………………………………………..2

    V.    The Allegations Against Stenger………………………………………………………3

    VI.   No One Has Legal Capacity to Assert Mason's Claims Against Stenger……………3

    VII.  Mason's Claims are Barred by the Statute of Limitations…………………………..5

    VIII. The Conspiracy Claim Against Stenger Cannot Proceed Without Mason…………10

    IX.   The *Monell* Claim……………………………………………………………………11

CONCLUSION……………………………………………………………………………………….11

JURY DEMAND……………………………………………………………………………………...11

# TABLE OF AUTHORITIES

**CASES**

*Addison v. State of California*, 21 Cal.3d 313 (1978) ....................................................................10

*Austin v. Medicis*, 21 Cal. App. 5th 577 (2018) ..............................................................................8

*Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191 (9th Cir. 2014) ........................5

*Canatella v. Van De Kamp,* 486 F.3d 1128 (9th Cir. 2007)............................................................5

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993) .................................................5, 10

*Cota v. Santa Ana Police Dep't.*, 2022 U.S. Dist. LEXIS 221034, *15-16 (C.D. Cal. 2022)............9

*Darbouze v. Los Angeles Cty. Sheriff*, No. 2:18-cv-02964-CJC (JDE), 2020 U.S. Dist. LEXIS 236113, 2020 WL 7220458....................................................................6

*Deiter* v. *Kiser*, 158 Cal. 259 ............................................................................................................4

*Duran v. Cnty. of Riverside*, 2024 U.S. Dist. LEXIS 182650, *9 (C.D.Cal. 2024) .......................7

*Elliott v. City of Union City*, 25 F.3d 800 (9th Cir. 1994)........................................................8, 9

*Fager v. Olympic Peninsula Narcotics Enforcement Team,* 2015 U.S. Dist. ...............................5

*Fink*, 192 F.3d at 916 ....................................................................................................................10

*Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2011) .......................................................................5

*Gosztyla v. French*, 2024 U.S. Dist. LEXIS 123032 (E.D. Cal. 2024) ..........................................9

*Hardin*, 490 U.S. at 543-44 ............................................................................................................5

*Heck v. Humphrey,* 512 U.S. 477 (1994) .......................................................................................6

*Hinton v. Pac. Enters.*, 5 F.3d 391 (9th Cir. 1993.................................................................7, 10

*Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328 (Cal. Ct. App. 1994).......10

*Jasso v. Flores*, 2024 U.S. Dist. LEXIS 172708, (S.D. Cal. 2024). ...............................5, 6, 10

*Kleinhammer v. City of Paso Robles*, 385 Fed. App'x 642 (9th Cir. 2010) ...............................10

*L.A. County v. Humphries*, 562 U.S. 29 (2010) .........................................................................11

*Lintvelt v. Snyder*, 2024 U.S. Dist. LEXIS 122913, *2 (E.D. Cal. 2024). ....................................8

*Luke v. Abbott*, 954 F. Supp. 202 (C.D. Cal. 1997) ...................................................................11

*Maldonado*, 370 F.3d at 955 ..........................................................................................................6

*McAlpine v. Superior Court*, 209 Cal. App. 3d 1 (1989) ................................................................8

*McDougal v. County of Imperial,* 942 F.2d 668 (9th Cir. 1991) ....................................................5

*Mosteiro v. Simmons*, 2023 U.S. App. LEXIS 23509 *; 2023 WL 5695998 (9 Cir. 2023)..........8, 9

*Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204 ................................................................................5

*Swartfager v. Wells*, 53 Cal. App. 2d 522 ....................................................................................4

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, (9th Cir. 2000)......5

*Torres v. City of Santa Ana*, 108 F.3d 224 (9th Cir. 1997) ............................................................5

*TwoRivers v. Lewis*, 174 F.3d 987 (9th Cir. 1999) .......................................................................6

*Ucci v. LAPD*, 2020 WL 1032359, at *7 (C.D. Cal. Jan. 7, 2020) ................................................7

*Union Carbide Corp. v. Superior Court,* 36 Cal. 3d 15 (1984) ....................................................6

*Venegas v. Cnty. of Riverside*, 2025 U.S. Dist. LEXIS 17200, *37 (C.D. Cal. 2025) ...............6, 9

*Wallace*, 549 U.S. at 388................................................................................................................5

**STATUTES**

California Code of Civil Procedure § 335.1.....................................................................................5

California Code of Civil Procedure § 352.1(a).............................................................................8, 9

California Code of Civil Procedure § 352(a)(3) ..............................................................................9

California Code of Civil Procedure § 377.32 ..................................................................................4

California Code of Civil Procedure § 377.32(c) .............................................................................4

California Government Code § 945.3 ..........................................................................................7, 8

**RULES**

Federal Rule of Civil Procedure Rule 12........................................................................................1

Federal Rule of Civil Procedure Rule 12(b)(6) ...........................................................................1, 5

Federal Rule of Civil Procedure Rule 17(b)(1) ..............................................................................4

.92363

# NOTICE OF MOTION & MOTION

## TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on **May 22, 2025** at **10:00 a.m**., in Courtroom 4 of the above-entitled Court, located on the 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant JAMES STENGER ("Stenger") will, and hereby does, move for an order dismissing the Plaintiffs' Fourth Amended Consolidated Complaint (Dkt. 315) against him under Rule 12(b)(6) of the Federal Rules of Civil Procedure because no one with capacity to assert claims arising from Plaintiff Quincy Mason's 2018 arrest is a plaintiff in the case, whatever claims existed as a result of Mason's 2018 arrest are now barred by the statute of limitations, and Plaintiffs' conspiracy and *Monell* claims against Stenger are defective.

This Motion is based on this Notice of Motion & Motion, the Supporting Memorandum of Points and Authorities set forth below, Stenger's Request for Judicial Notice that accompanies this motion, all pleadings and papers on file in this action and any other documents of which the Court may take judicial notice, and upon such further oral or written argument as may be presented at the time of the hearing or otherwise considered by the Court.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.     Introduction

Defendant James Stenger (hereinafter, "Stenger") has purportedly been sued by Plaintiff Quincy Mason (hereinafter, "Mason"), even though Mason has been deceased since 2022. The claims asserted against Stenger allegedly arise from Mason's arrest in 2018. However, no one with the legal capacity to assert those claims is named as a plaintiff in this case, whatever claims that could have been asserted as a result of Mason's 2018 arrest are barred by the applicable statute of limitations, and Plaintiffs' conspiracy and *Monell* claims against Stenger are defective. Stenger therefore respectfully requests that this entire action against him be dismissed with prejudice.

### II.    Statement of Relief Sought

Defendant Stenger seeks an order pursuant to Federal Rules of Civil Procedure Rule 12, dismissing Plaintiffs' Fourth Amended Consolidated Complaint (Dkt. 315) against him with prejudice.

**III.     Statement of Issues to be Decided**

This motion presents the following issues:

1. Given that Mason is deceased, whether anyone with the legal capacity to sue as a result of Mason's 2018 arrest is a named Plaintiff;

2. Whether some or all of whatever claims Mason had, if any, as a result of his 2018 arrest are now barred by the statute of limitations;

3. Whether Plaintiffs' conspiracy claim against Stenger is defective; and,

4. Whether Plaintiffs' *Monell* claim against Stenger is defective.

**IV.     Relevant Facts**

Mason first appeared as a plaintiff in the Plaintiffs' Consolidated Complaint filed on February 2, 2024 (Refer to Defendant Steger's Request for Judicial Notice ["Stenger's RJN"], Exh. 1, Dkt. 69). The only incident in that complaint involving Mason allegedly occurred in June of 2022. (Stenger's RJN, Exh. 1, Dkt. 69, pp. 14:13 – 16, 48:19 – 49:19, and 83:20 – 84:22.)  Mason was deceased when the Consolidated Complaint was filed. (Stenger's RJN, Exh. 2, Dkt. 148.)

In June of 2024, a petition to appoint Deshon Cordova as guardian ad litem for Mr. Mason's two minor children, Q.M. and Q.A.M., was filed. (Stenger's RJN, Exh. 3, Dkt. 150.) That petition specifically, and *only*, requested appointment of a guardian for the purpose of pursuing a cause of action resulting from a June, 2022, incident:

> Plaintiffs' causes of action arise out of an incident which occurred in June 2022, in which Minor Plaintiffs' father, Quincy Mason, Sr., died during an incident with Antioch police officers.
>
> Stenger's RJN, Exh. 3, Dkt. 150, p. 2:1 – 3.
>
> Petitioner requests that she be appointed guardian ad litem for their children, to prosecute the above-described causes of action on behalf of the minor plaintiffs, and for such other relief as the Court may deem just and proper.
>
> Stenger's RJN, Exh. 3, Dkt. 150, p. 2:14 – 16.

The guardian was appointed as requested by the petition. (Stenger's RJN, Exh. 4, Dkt. 151.) However, the guardian has not submitted a code-compliant declaration to commence or continue the action as a successor regarding claims allegedly arising from the 2022 incident, no guardian has been appointed

.92363

to pursue whatever claims, if any, arose from Mason's 2018 arrest, nor is the guardian a named plaintiff in the Plaintiffs' Fourth Amended Consolidated Complaint (the "FAAC") (Dkt. 315).

The FACC, which continues to name the late Mr. Mason as a plaintiff, abandoned the allegation of conduct in June of 2022 during which Mason allegedly died (Stenger's RJN, Exh. 3, Dkt. 150). The FACC now instead seeks damages from Stenger and others resulting from an arrest newly referenced as having allegedly occurred on September 12, 2018 (Dkt. 315, pp. 16:3 – 6, 39:4 – 20, 71:18 – 72:2, and 105:5 – 106:3), and from Defendant Rombough and others based on a second and separate incident that allegedly occurred on December 1, 2020 (Dkt. 315, pp. 72:3 - 20 and 105:5 – 106:3). Plaintiffs do not allege Stenger was involved in the arrest of any plaintiff other than Mason in 2018. (Dkt. 315, p. 39:7.)

The records of the Contra Costa County Superior Court show that criminal charges were brought against Mason on September 25, 2018, as a result of his arrest on September 12, 2018. Mason pled "No Contest" to "evading peace officer/drive in reckless manner" on September 27, 2019, the other charges were dismissed, and an amended abstract of judgment was entered by the Superior Court on November 21, 2019. (Stenger RJN, Exh. 5.)

### V.   The Allegations Against Stenger

The FAAC names Stenger as a defendant in three causes of action: (1) Mason's First Cause of Action alleging an "unreasonable seizure" in violation of 42 U.S.C. section 1983 (Dkt. 315, pp. 105:5 – 106:3), (2) Plaintiffs' "First Common Cause of Action" alleging *Monell* violations (Dkt. 315, pp. 110:9 – 115:8), and (3) Plaintiffs' "Second Common Cause of Action" alleging a conspiracy to violate civil rights (Dkt. 315, pp. 115:19 – 117:19).

### VI.   No One Has Legal Capacity to Assert Mason's Claims Against Stenger

When Mason was named as a plaintiff in this case in February of 2024 (Stenger RJN, Exh. 1, Dkt. 69) he had been dead for almost two years. (Stenger RJN, Exh. 2, Dkt. 148.) Whatever attorney – client relationship existed before his death ended upon his demise, and no longer existed when the Consolidated Complaint was filed. As one court noted:

> The death of Mr. Morrison, however, absolutely terminated the authority of this [*528] appellant, Bryce Swartfager, to represent him, as attorney in that suit.

(*Deiter* v. *Kiser*, 158 Cal. 259 [110 P. 921]; 3 Cal. Jur. 631, § 40.) In the text last cited it is said in that regard:

> "The authority of an attorney necessarily ceases with the death of the client, for no one can act [\*\*\*9] for a dead man. After the death of the client, his attorney therefore becomes a stranger to the proceedings."

*Swartfager v. Wells*, 53 Cal. App. 2d 522, 527-528 (1942).

Thus, Mason's addition to the Consolidated Complaint in February of 2024 was of no legal consequence.

The subsequent effort in June of 2024 to have a guardian ad litem appointed for Mason's children was a flawed step toward pursuing whatever successor action, if any, that might still exist *for claims arising from an arrest that occurred in 2022*. Pursuant to Rule 17(b)(1) of the Federal Rules of Civil Procedure, federal courts look to the laws of an individual's domicile state to determine capacity to sue and be sued. The applicable laws of California include California Code of Civil Procedure section 377.32 which requires one who seeks to commence or continue an action as a decedent's successor to file a declaration or affidavit containing certain specified information. Plaintiffs' counsel recognized that compliance with this statue was necessary, as the declaration ("Co-Successor-In-Interest Statement") submitting to the Court on June 25, 2024 complies with all-but-one critical requirement of the statute: A certified copy of Mason's death certificate was not attached as required by CCP section 377.32(c) ("A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.") (Stenger RJN, Exh. 6, Dkt. 149.)

No guardian ad litem has been appointed to pursue claims supposedly arising from Mason's 2018 arrest. (Stenger's RJN, Exhs. 3 & 4, Dkts. 150 & 151.) Second, the effort to have a successor appointed to commence or continue an action on behalf of Mason was flawed because of the failure to comply with CCP section 377.32(c). Third, the guardian's declaration pertains only to whatever claims Mason had arising from the 2022 incident and any other clams, such as those that may have arose from Mason's 2018 arrest, are beyond the scope of the guardian's appointment and authority. (*Id.*) As a result, no one with the legal capacity to assert whatever claims Mason might have had, if any, against Stenger arising from Mason's 2018 arrest is named as a plaintiff in this case.

Therefore, Defendant Stenger respectfully requests that this motion to dismiss be granted.

.92363

Furthermore, as discussed below, no viable claims arising from Mason's 2018 arrest still existed when Mason died in 2022, so no such claims passed to a successor that can now be commenced or continued. Accordingly, Stenger respectfully requests that the dismissal be with prejudice.

### VII.     Mason's Claims are Barred by the Statute of Limitations

"Fed. R. Civ. P 12(b)(6) is the appropriate mechanism by which to dispose of a case on statute of limitations grounds." *Fager v. Olympic Peninsula Narcotics Enforcement Team,* 2015 U.S. Dist. LEXIS 11363, *11 (Wash W.D. 2015).

> "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff fails to allege facts which, [*4] if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may *sua sponte* raise the defense of statute of limitations), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc).

*Jasso v. Flores*, 2024 U.S. Dist. LEXIS 172708, *3-4 (S.D. Cal. 2024).

The statute of limitations applicable to all claims arising from Mason's September 12, 2018 arrest is two years. Cal. Code Civ. Proc §335.1; see also *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014); *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997) ("Section 1983 claims are characterized as personal injury actions for statute of limitations purposes."); and *McDougal v. County of Imperial,* 942 F.2d 668, 673-74 (9th Cir. 1991) (section 1985 claims governed by the same statute of limitations as 1983 claims); *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir. 2007) (in 1983 actions, federal courts in California typically apply the state's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling . . .").

> Unlike the length of the limitations period or tolling, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a

-5-
DEFENDANT JAMES STENGER'S NOTICE OF MOTION AND MOTION
TO DISMISS THE PLAINTIFFS' FOURTH AMENDED

claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

*Jasso*, *supra*, at p. *5.

Although the FACC alleges an "unreasonable seizure," any claim that Mason's 2018 arrest was unlawful is barred by his criminal conviction and the "Heck Doctrine." *Heck v. Humphrey,* 512 U.S. 477 (1994). However, *whatever* claims Mason had, or could have had, resulting from his 2018 arrest would be barred by the statute of limitations. Mason was present, had to know he was arrested, and had to know about whatever force was employed. If, as alleged, Mason was tased and attacked by two police canines during his arrest (Dkt. 315, pp. 71:19 – 72:2), he knew it at the time. Thus, any cause of action Mason had resulting from his 2018 arrest accrued on the day of his arrest, and he failed to timely sue.

> "Further, where the time-bar appears 'on the face of the complaint,' the plaintiff 'has an obligation to anticipate the defense and plead facts to negative the bar.'" *Darbouze v. Los Angeles Cty. Sheriff*, No. 2:18-cv-02964-CJC (JDE), 2020 U.S. Dist. LEXIS 236113, 2020 WL 7220458, at *7 (C.D. Cal. Nov. 18, 2020), report and recommendation adopted, No. 2:18-cv-02964-CJC (JDE), 2021 U.S. Dist. LEXIS 6831, 2021 WL 119441 (C.D. Cal. Jan. 13, 2021), aff'd, No. 21-55133, 2022 WL 1769794, at *1 (9th Cir. June 1, 2022) (quoting *Union Carbide Corp. v. Superior Court*, 36 Cal. 3d 15, 25, 201 Cal. Rptr. 580, 679 P.2d 14 (1984)).

*Venegas v. Cnty. of Riverside*, 2025 U.S. Dist. LEXIS 17200, *37 (C.D. Cal. 2025).

In opposition to an earlier motion asserting the statute of limitations as a defense to a 1983 claim arising from Plaintiff Pugh's 2020 arrest, Pugh's attorney unsuccessfully argued for delayed accrual of his cause of action, and the Court dismissed the 2020 claim based on the statute of limitations. (Stenger RJN, Exh. 7, Dkt. 219, p. 1.) The Court allowed Pugh's conspiracy claim to survive because "he could not have known about the alleged agreement . . . until text messages were released by the DA's report on March 27, 2023." (*Id.* at p. 2.) However, no credible argument can be made that Mason first learned of the alleged conspiracy when those text messages were released, as he was deceased in 2023.

Further, unlike at the time of Pugh's 2020 arrest, there are no allegations of text messages occurring when Mason was arrested in 2018. Instead, the FACC alleges that "(f)rom 2019-2022,

.92363

1   Antioch police officers and sergeants exchanged hundreds of salacious text messages riddled with
2   vile and offensive language about community members." (Emphasis added; Dkt. 315, p. 5:21 – 22.)
3   Plaintiffs' description of Mason's 2018 arrest makes no reference to text messages that accompanied
4   and/or pertained to it, as has been alleged regarding several other incidents involving others. The
5   revelation in 2023 of text messages from 2019 – 2022 could not have resulted in a delayed discovery
6   of a 2018 conspiracy, even if Mason had been alive in 2023. Plaintiffs have failed to allege facts
7   stating a claim that a conspiracy existed at the time of Mason's 2018 arrest.

8   The FACC does not plead facts giving rise to tolling of the statute of limitations.

9   "The burden of alleging facts that would give rise to tolling falls upon the
    plaintiff." *Ucci v. LAPD*, 2020 WL 1032359, at *7 (C.D. Cal. Jan. 7, 2020)
10  (citing *Hinton v. Pac. Enters*., 5 F.3d 391, 395 (9th Cir. 1993)), accepted by 2020
    U.S. Dist. LEXIS 8023, 2020 WL 1042273 (C.D. Cal. Jan. 7, 2020).
11

12  *Duran v. Cnty. of Riverside*, 2024 U.S. Dist. LEXIS 182650, *9 (C.D.Cal. 2024).

13  In deciding whether to grant leave to amend, consideration should be given to whether any
14  facts exist that could result in tolling sufficient to save claims from 2018. There are four potential
15  sources of tolling that could conceivably be applicable. First, because of the criminal charges resulting
16  from Mason's 2018 arrest, the tolling provisions of California Government Code section 945.3 applied
17  while those charges were pending between September 25, 2018 and when judgment was entered by
18  the criminal court on November 21, 2019 (Stenger RJN, Exh. 5, p. 12). This section states, in relevant
19  part:

20  No person charged by indictment, information, complaint, or other accusatory
    pleading charging a criminal offense may bring a civil action for money or damages
21  against a peace officer or the public entity employing a peace officer based upon
    conduct of the peace officer relating to the offense for which the accused is charged,
22  including an act or omission in investigating or reporting the offense or arresting or
    detaining the accused, while the charges against the accused are pending before a
23  superior court.
24  Any applicable statute of limitations for filing and prosecuting these actions shall
    be tolled during the period that the charges are pending before a superior court.
25

26  For the purposes of this section, charges pending before a superior court do not
    include appeals or criminal proceedings diverted pursuant to Chapter 2.5
27  (commencing with Section 1000), Chapter 2.6 (commencing with Section 1000.6),
    Chapter 2.7 (commencing with Section 1001), Chapter 2.8 (commencing with
28  Section 1001.20), or Chapter 2.9 (commencing with Section 1001.50) of Title 6 of

.92363

Part 2 of the Penal Code.

Tolling under this statute ended when the Superior Court entered judgment in the criminal action. *McAlpine v. Superior Court*, 209 Cal. App. 3d 1, 7 – 8 (1989).

Second, California adopted a 180-day tolling period between April 6 and October 1, 2020 during the COVID pandemic, which was applicable to whatever claims existed from the 2018 arrest. *Lintvelt v. Snyder*, 2024 U.S. Dist. LEXIS 122913, *2 (E.D. Cal. 2024).

Combining these two tolling provisions, and employing the most liberal interpretation, any claims Mason had from his 2018 arrest accrued on the date of his arrest, September 12, 2018, the applicable two-year statute of limitation was first tolled under Government Code section 945.3 until November 21, 2019, and then tolled for an additional 180-days per the COVID legislation, resulting in the two-year statute of limitation expiring on May 21, 2022.

A third conceivable, but inapplicable, basis for tolling is set out in California Code of Civil Procedure section 352.1(a), which states:

> If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Mason was not "imprisoned" at the time of his 2018 arrest, when whatever claims he had resulting from the arrest accrued. However, there are conflicting judicial opinions discussing when this provision applies, with several recent cases focusing on whether a pre-trial detainee is "imprisoned" under the statute. These cases address the tension between the California Court of Appeal's decision in *Austin v. Medicis*, 21 Cal. App. 5th 577 (2018), which interpreted the California law and concluded that tolling was only available to those convicted and serving sentences in state prison, and the Ninth Circuit's earlier decision in *Elliott v. City of Union City*, 25 F.3d 800 (9th Cir. 1994), which interpreted the same provision and came to a contrary conclusion. The Ninth Circuit revisited the issue in 2023 in an unpublished opinion, *Mosteiro v. Simmons*, 2023 U.S. App. LEXIS 23509 *; 2023 WL 5695998 (9 Cir. 2023), where a split panel followed *Elliott* and concluded the provision applied to a *pretrial detainee*. One subsequent District Court case relied on and erroneously <u>extended</u> *Mosteiro* to apply

-8-
**DEFENDANT JAMES STENGER'S NOTICE OF MOTION AND MOTION
TO DISMISS THE PLAINTIFFS' FOURTH AMENDED**

section 352 tolling to claims that accrued at the time of a plaintiff's arrest. See *Gosztyla v. French*, 2024 U.S. Dist. LEXIS 123032 (E.D. Cal. 2024). However, a more comprehensive, even more recent, and too-lengthily-to-quote-here review of the relevant cases, including *Mosteiro*, was conducted by Magistrate Kewalramani of California's Central District two months ago in *Venegas v. Cnty. of Riverside*, 2025 U.S. Dist. LEXIS 17200, *37 (C.D. Cal. 2025), who concluded that tolling was not available under CCP 352.1(a) to even pre-trial detainees. See *Venegas*, *supra*, at pp. *33-34.

However, even if the Court elects to follow *Mosteiro,* and therefore follow the Ninth Circuit's decision in *Elliott*, rather than the California Court of Appeal's 2018 decision in *Austin* interpreting California law, Mason would still not be entitled to tolling under *Elliott's* interpretation of CCP 352 unless he was continuously in custody from the date of his arrest until the date judgment was entered by the Superior Court.

> In *Elliott v. City of Union City*, 25 F.3d 800, 802-03 (9th Cir. 1994), the Ninth Circuit found "being <u>continuously incarcerated prior to arraignment constitutes being 'imprisoned on a criminal charge'</u>" under California Code of Civil Procedure § 352(a)(3), the predecessor to § 352.1. In *Elliott*, the plaintiff, who had been in <u>continuous custody from his arrest through his conviction, sentencing, and subsequent imprisonment</u>, filed a Section 1983 action while imprisoned, asserting he had been subject to excessive force during his underlying arrest. Id. at 801. After finding, at that time, that no California court had [*16] considered whether the then-existing version of California Code of Civil Procedure § 352(a)(3) applied to toll the limitations period in the pretrial detention context, the Ninth Circuit, "[i]n the absence of controlling state precedent," found that "'actual, <u>uninterrupted incarceration is the touchstone' for assessing tolling</u> under § 352(a)(3), which covers all post-arrest custody," and therefore, "the statute of limitations applicable to [the plaintiff's] § 1983 action was tolled commencing at the time of his arrest and continuing through his custody." Id. at 803 (citation omitted).
> (Emphasis added.)
>
> *Cota v. Santa Ana Police Dep't.*, 2022 U.S. Dist. LEXIS 221034, *15-16 (C.D. Cal. 2022).

The Superior Court's records regarding Mason's criminal prosecution appear to indicate Mason was released from custody after his arrest on September 12, 2018, as the Court issued a Bench Warrant on September 25, 2018. (Stenger RJN, Exh. 5, p. 4.) Mason then apparently appeared for arraignment on September 26, 2018, and was "held" at the conclusion of that proceeding. (*Id.*.) Since it appears Mason was not "continuously incarcerated prior to arraignment," this essential criteria for

.92363

application of CCP 352 tolling described in *Elliott* has not been satisfied.

The fourth conceivable basis for tolling is equitable tolling.

> Under California law, however, Jasso must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335, 34 Cal. Rptr. 2d 175 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17, 146 Cal. Rptr. 224, 578 P.2d 941 (1978); *Fink*, 192 F.3d at 916. However, Jasso has not pleaded any facts to explain why he did not diligently pursue claims accruing in 2002 or what "forces beyond his control" prevented him from filing this action earlier. Thus, he has not plausibly alleged a claim for equitable tolling either. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff carries the burden to plead facts which would give rise to equitable tolling); *see also Kleinhammer v. City of Paso Robles*, 385 Fed. App'x 642, 643 (9th Cir. 2010).

*Jasso v. Flores*, 2024 U.S. Dist. LEXIS 172708, *6 (S.D. Cal. 2024).

As with the plaintiff in *Jasso*, no facts have been alleged on behalf of Mason that explain why he did not diligently pursue whatever claims he had following his 2018 arrest during the years before his death, or what "forces beyond his control" prevented him from doing so, and it is difficult to imagine how such facts could be credibly alleged now.

The two-year statute of limitations applicable to Mason's claims against Stenger expired prior to Mason's death in June of 2022, and he had no such claims to pass on to a successor at the time of his death. As a result, Defendant Stenger respectfully requests that all of Mason's claims against him be dismissed with prejudice.

### VIII.   The Conspiracy Claim Against Stenger Cannot Proceed Without Mason

The parties have agreed, and this court has approved their agreement, that the conspiracy claims alleged by the Plaintiffs will only be asserted against those defendants who are alleged to be involved in a particular Plaintiff's underlying incident. (See the Joint Further Case Management Statement of November 8, 2024, Stenger RJN, Exh. 8, Dkt. 278, p. 8:11 – 21.) The Joint Further Case Management Statement dated December 2, 2024 (Stenger RJN, Exh. 9, Dkt. 289, p. 4:8 - 18), documented the parties' agreement and the Court's approval during the November 15 conference:

> If/when the Court dismisses the claims against Stenger purportedly asserted by Mason, the

Plaintiffs' conspiracy claims against Stenger should also be dismissed because Stenger is not named as a defendant in any other plaintiff's incident.

### IX.  The *Monell* Claim

Stenger, sued in both his official and individual capacities (Dkt. 315, p. 39:6 – 7), has erroneously been named as a defendant in Plaintiffs' "First Common Cause of Action" alleging *Monell* violations (Dkt. 315, pp. 110:9 – 115:8).

> In sum, in *Monell* the Court held that [7] "a municipality cannot be held liable" solely for the acts of others, *e.g.*, "*solely* because it employs a tortfeasor." 436 U.S., at 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611. But the municipality may be held liable "when execution of a governments *policy or custom* . . . inflicts the injury." *Id.*, at 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (emphasis added).

*L.A. County v. Humphries*, 562 U.S. 29, 36 (2010).

A *Monell* claim against an employee in his or her official capacity should be dismissed. *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997).

The *Monell* decision authorizes actions against municipalities under certain circumstances, but it does not provide a basis to assert a claim against a public employee. Stenger respectfully requests that he be dismissed with prejudice from the Plaintiffs' *Monell* claim.

### CONCLUSION

For the reasons enumerated herein, Defendant Stenger respectfully requests that this motion be granted, and that the entire Fourth Amended Consolidated Complaint be dismissed against him.

DATED: March 25, 2025                                         **DAVIS, BENGTSON & YOUNG, APLC**

                                                            By */s/ Steven B. Dippell*
                                                                Eric J. Bengtson
                                                                Steven B. Dippell
                                                                Attorneys for Defendant
                                                                JAMES STENGER

Defendant Stenger respectfully demands a jury trial.

.92363

| | |
|---|---|
| DATED: March 25, 2025 | **DAVIS, BENGTSON & YOUNG, APLC** |
| | By */s/ Steven B. Dippell* |
| | Eric J. Bengtson |
| | Steven B. Dippell |
| | Attorneys for Defendant |
| | JAMES STENGER |