# EXHIBIT 1

JOHN L. BURRIS, Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK, Esq., SBN 300212
**Burris, Nisenbaum, Curry & LACY, LLP**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@bncllaw.com
Ben.Nisenbaum@bncllaw.com
James.Cook@bncllaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENT ALLEN, individually; SHAGOOFA KHAN, individually; ADAM CARPENTER, individually; JOSHUA BUTLER, individually; DEJON RICHARDS, individually; DRESHAWN JACKSON, individually; KARDELL SMITH, individually; DAVID MACKIN, individually; TERRY DWAYNE ROBINSON, JR., individually; MANDINGO CAIN, individually; AMADEO GARCIA, JR., individually; ARON TYSON, individually; DAUNTE GELLINGTON, individually; ROBERT YOUNG, individually; TERRY THOMAS, individually; SHAQUILLE HILLARD, individually; DANYEL EARL LACY, individually; KAYCEE SUITTER, individually; MARCELL LEWIS, individually; GREGORIO YARBOROUGH, individually; QUINCY MASON, individually; TAHJAY MCCULLOUGH, individually; <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ANTIOCH, a municipal corporation; | CASE NO.: 3:23-cv-01895-VC <br> Consolidated with case nos. <br> 23-cv-03773-VC and 3:23-cv-06573-VC <br><br> CONSOLIDATED COMPLAINT FOR DAMAGES <br><br> DEMAND FOR JURY TRIAL |

TAMMANY BROOKS, individually and in his
official capacity as police chief for the CITY OF
ANTIOCH; TONY MOREFIELD, individually
and in his official capacity as interim police
chief for the CITY OF ANTIOCH; STEVEN
FORD, individually and in his official capacity
as police chief for the CITY OF ANTIOCH;
MATTHEW NUTT, individually and in his
official capacity as a police officer for the CITY
OF ANTIOCH; JOSH EVANS, individually
and in his official capacity as a police sergeant
for the CITY OF ANTIOCH; ERIC
ROMBOUGH, individually and in his official
capacity as a police officer for the CITY OF
ANTIOCH; MORTEZA AMIRI, individually
and in his official capacity as a police officer for
the CITY OF ANTIOCH; SCOTT DUGGAR,
individually and in his official capacity as a
police officer for the CITY OF ANTIOCH;
JOHN RAMIREZ, individually and in his
official capacity as a police officer for the CITY
OF ANTIOCH; TIMOTHY MANLY
WILLIAMS, individually and in his official
capacity as a police officer for the CITY OF
ANTIOCH; TOM LENDERMAN, individually
and in his official capacity as a police officer for
the CITY OF ANTIOCH; LOREN BLEDSOE,
individually and in his official capacity as a
police sergeant for the CITY OF ANTIOCH;
THOMAS SMITH, individually and in his
official capacity as a police officer for the CITY
OF ANTIOCH; CALVIN PRIETO, individually
and in his official capacity as a police officer for
the CITY OF ANTIOCH; ANDREA
RODRIGUEZ, individually and in her official
capacity as a police officer for the CITY OF
ANTIOCH; JONATHAN ADAMS,
individually and in his official capacity as a
police officer for the CITY OF ANTIOCH;
DEVEN WENGER, individually and in his
official capacity as a police officer for the CITY
OF ANTIOCH; DANIEL HARRIS, individually
and in his official capacity as a police officer for
the CITY OF ANTIOCH; ROBERT GERBER,
individually and in his official capacity as a
police officer for the CITY OF ANTIOCH;

KYLE HILL, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; Officer MARCOTT, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; ARRON HUGHES, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; RYAN GEIS, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; ANTIOCH POLICE DEPARTMENT OFFICER MOORE, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; and DOES 1-100, inclusive,

Defendants.

## INTRODUCTION

1.      In the early 2000s, Black and brown people migrated away from east and west Oakland's urban sprawl, blight and oppressive policing. They relocated east to cities such as Tracy, Pittsburg, and Antioch. They sought the imprimatur of authentic citizenship intrinsic in the greenery and rolling hills of those East Bay communities. Instead, these people were subjected to a systematic and intentional effort to repress their existence through discriminatory and violent policing. The victims complained about the conspiracy, spoken or unspoken, of abuse over the years. Their calls for justice and reform went unheard for years and years. On April 11, 2023, local media published certified proof of the depth of many Antioch Police Department Officers' bigotry, racism, willingness to falsify evidence, and their celebration of their own uses of unconstitutional and unreasonable force.

2.      On March 28, 2023, the Office of the District Attorney of Contra Costa County published an investigative report detailing crimes of moral turpitude and criminal offenses committed by sworn law enforcement officers within the CITY OF ANTIOCH Police Department. From 2019-2022, Antioch police officers and sergeants exchanged hundreds of

salacious text messages riddled with vile and offensive language about community members. In those text threads, officers bragged about using excessive force and beating arrest subjects so severely that the officers themselves hurt their hands and feet. The District Attorney's report detailed "derogatory, homophobic, and sexually explicit language and photographs shared by members of the Antioch Police Department that demonstrates their racial bias and animus towards African Americans and other people of color in the community." Over a period of at least four years, the Antioch Police Department officers regularly referred to citizens as "niggers," "niggas," "monkeys," "gorillas," "faggots," "water buffalos," "cunts," "pussies," "fat bitches," and more. Officers celebrated the violent targeting of Black community members ("we just ran down a monkey"; "I'm only stopping them cuz they black [sic]"; "I'll bury that nigger in my fields"; "I can't wait to forty all of them"). Furthermore, officers admitted to serious acts of lying and falsification ("we'll just say he refused to comply"; "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]"). Appallingly, at least 45 officers participated in or were aware of this misconduct and did nothing.

3.     The widespread abuse by large numbers of the Antioch Police Department population, detailed in the investigative report, highlights a pattern and practice of discriminatory law enforcement based on race and gender. Officers engaged in vile derogatory speech, physical mistreatment of community members, and violations of individual civil rights. The abuses in question were the product of a culture of intolerance within the CITY OF ANTIOCH Police Department. This culture is rooted in the deliberate indifference of high ranking City officials, who have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to curtail and prevent it. Despite the repeated and frequent nature of the misconduct and civil rights violations committed by its officers, high ranking CITY OF ANTIOCH officials

failed to take any or appropriate remedial action. As a result, officers engaged in repeated and serious acts of misconduct and civil rights violations against citizens living, visiting, and/or traveling in Antioch.

4.     Plaintiffs, all of whom experienced malicious treatment by Antioch Police Department officers during the time frame in which officers exchanged these text messages, recently discovered that the officers treatment of them was based in racial animus, misogyny, homophobia, and other offensive conduct. Plaintiffs have reason to believe that each of their interactions with Antioch Police Department officers constituted numerous civil rights violations. Plaintiffs are informed and believe and thereon allege that said civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, false imprisonment, malicious prosecution, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct.

5.     This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution. It is alleged that these violations were committed during the course and scope of the above-mentioned law enforcement officers' employment with the aforementioned government agencies and DOES 1-100.

## JURISDICTION AND VENUE

6.     This action arises under Title 42 of the United States Code, §§ 1981, 1983, and 1985. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in California, which is within the judicial district of this Court. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

# **PARTIES**

7.     Plaintiff TRENT ALLEN ("ALLEN") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. ALLEN was brutally beaten by Defendant Officer ERIC ROMBOUGH on March 30, 2021. ROMBOUGH bragged about his conduct, stating in text messages that he gave ALLEN "6 muzzle thumps" and that he tried to "kick [ALLEN'S] head over the fence." ROMBOUGH also stated "I tried to knock him unconscious" and referred to ALLEN as "faggot" and "nigger" multiple times. Furthermore, Defendant Officer MANLY WILLIAMS sent text messages in which he joked about TRENT ALLEN being beaten by ROMBOUGH and asked, "is he dead?" Mr. ALLEN remains in-custody, having been incarcerated since his arrest on March 30, 2021.

8.     Plaintiff SHAGOOFA KHAN ("KHAN") has been and is a resident of California and a United States Citizen. She brings this action on her own behalf. KHAN was arrested and prosecuted maliciously and without provocation or cause by CITY OF ANTIOCH police officers in January 2021. KHAN was charged with felony arson and battery on an officer. KHAN completed diversion, however she never entered a plea agreement. The charges were eventually dismissed. The arresting Defendant Officers EVANS, MANLY WILLIAMS, LENDERMAN, BLEDSOE, and THOMAS SMITH are key participants in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. Concurrent with KHAN's arrest, Defendant Officer JOSH EVANS sent racist and misogynistic text messages about her to multiple CITY OF ANTIOCH officers, in which he described her as an "Arabian Knight's [sic] 'cum dump.'" Defendant Officer THOMAS SMITH sent text messages to other Antioch officers in which he referred to women as "bitches." Defendant Officer MANLY WILLIAMS sent text messages in which he joked about the

brutalization of an arrestee and asked, "is he dead?" LENDERMAN and BLEDSOE were members of these group text chats and received all of the salacious text messages uncovered in this scandal.

9.    Plaintiff ADAM CARPENTER ("CARPENTER") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. CARPENTER was arrested maliciously and without provocation or cause on November 3, 2020 by multiple CITY OF ANTIOCH police officers, including ERIC ROMBOUGH, SCOTT DUGGAR, MORTEZA AMIRI, and TIMOTHY MANLY WILLIAMS. From January 2020 up until the date of his arrest, these officers conducted nearly ten traffic stops on Mr. CARPENTER. Concurrent with CARPENTER's arrest, Defendant officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). DUGGAR sent text messages to other Antioch officers in which he referred to Black people as "niggas." ROMBOUGH proudly admitted to brutalizing arrestees on multiple occasions. ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]." AMIRI admitted to serious offenses of falsification, claiming: "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]." MANLY WILLIAMS sent text messages in which he joked about the brutalization of an arrestee and asked, "is he dead?"

10.    Plaintiff JOSHUA BUTLER ("BUTLER") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. BUTLER was arrested in maliciously and without provocation or cause in February 2022. Multiple Antioch Police Department officers, including JOSH EVANS, arrested BUTLER in Antioch, CA for allegedly discharging a firearm, despite never finding a weapon. Since the date of the arrest,

officers have conducted nearly ten traffic stops on Mr. BUTLER, each time verbally accosting him with racist obscenities. None of these traffic stops have resulted in additional arrests. Concurrent with BUTLER's arrest, officers, including JOSH EVANS, sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). On another occasion, EVANS sent text messages about an unknown subject, detailing plans to "smash in and bite him, 40mm him, and call him a cunt." EVANS regularly referred to Black people as "niggers," and in discussing an unknown subject, he once stated: "I'm going to bury that nigger in my fields." On May 26, 2023, BUTLER's case was dismissed.

11.     Plaintiff DEJON RICHARDS ("RICHARDS") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. RICHARDS was arrested and brutalized in 2020 by CITY OF ANTIOCH Police Department Officers, including Defendant Officer DUGGAR. During the arrest, DUGGAR repeatedly called RICHARDS a "bitch," told him that he had no rights, and slammed his head on the car cutting the left side of his face. DUGGAR is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. DUGGAR sent text messages to other Antioch officers in which he referred to Black people as "niggas." RICHARDS was incarcerated for one year prior to his case being dismissed.

12.     Plaintiff DRESHAWN JACKSON ("JACKSON") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. JACKSON was arrested in 2018 by CITY OF ANTIOCH Police Department Officers, including Defendant Officer ROMBOUGH. During the arrest, ROMBOUGH admitted to JACKSON that he had "a beer or two," then demanded that JACKSON get out of the car. JACKSON was charged with

possession of a firearm and was incarcerated for 15 months. In April 2022, his case was dismissed by the District Attorney. Arresting officer ROMBOUGH is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. ROMBOUGH proudly admitted to brutalizing arrestees on multiple occasions. ROMBOUGH referred to arrestees as "faggots" and "niggers" multiple times. On other occasions, ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]."

13.     Plaintiff KARDELL SMITH ("KARDELL SMITH") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. KARDELL SMITH was arrested on state possession charges in 2019. KARDELL SMITH served parole and then later got picked up on the same charges by the federal government. On April 13, 2022, a federal judge dismissed KARDELL SMITH's case, dropped every charge, and withdrew all previous pleadings. Defendant Officers AMIRI and ROMBOUGH were involved in the arrest of KARDELL SMITH. Concurrent with CARPENTER's arrest, Defendant Officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). ROMBOUGH proudly admitted to brutalizing arrestees on multiple occasions. ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]." AMIRI admitted to serious offenses of falsification, claiming: "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]."

14.     Plaintiff DAVID MACKIN ("MACKIN") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. MACKIN was brutalized on June 15, 2021, by CITY OF ANTIOCH Police Department Officers, including Defendant

Officer ROMBOUGH. During the interaction, MACKIN was beaten so severely that he sustained a metacarpal fracture in his foot. He spent six months in a wheelchair and underwent multiple surgeries. Officer ROMBOUGH is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. ROMBOUGH proudly admitted to brutalizing arrestees o multiple occasions. ROMBOUGH referred to arrestees as "faggots" and "niggers" multiple times. On other occasions, ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic].",

15.    Plaintiff TERRY DWAYNE ROBINSON, JR. ("ROBINSON") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. ROBINSON was arrested and brutalized on July 1, 2022 by CITY OF ANTIOCH police officers, including Defendant Officer MATTHEW NUTT. NUTT is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. NUTT was a member of these group text changes and received all of the salacious text messages uncovered in this scandal.

16.    Plaintiff MANDINGO CAIN ("CAIN") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. CAIN was searched and arrested without provocation or cause by CITY OF ANTIOCH police officers in October 2022. The officers accused CAIN of illegally transporting a firearm, and CAIN was charged, but the charges were eventually dismissed. At least one of the officers is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants.

17.     Plaintiff AMADEO GARCIA, JR. ("GARCIA") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. GARCIA was arrested and brutalized on December 19, 2022 by CITY OF ANTIOCH police officers who conducted an unlawful search of GARCIA's vehicle. GARCIA was charged with multiple counts of possession, but the charges were eventually dismissed.

18.     Plaintiff ARON TYSON ("TYSON") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. TYSON was arrested and brutalized in August 2019 by CITY OF ANTIOCH police officers who conducted an unlawful search of TYSON's vehicle. TYSON was charged with possession, but the charges were eventually dismissed in August 2022.

19.     Plaintiff DAUNTE GELLINGTON ("GELLINGTON") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. GELLINGTON was brutalized on April 30, 2023 by several CITY OF ANTIOCH police officers who falsely accused him of threatening his brother. During the interaction, GELLINGTON was beaten so severely that he sustained a broken toe, bruised ribs, and scars on his knees and shoulders.

20.     Plaintiff ROBERT YOUNG ("YOUNG") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. YOUNG was harassed and robbed on July 3, 2022 by Defendant Officer ERIC ROMBOUGH. Officer ROMBOUGH is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]."

21.     Plaintiff TERRY THOMAS ("TERRY THOMAS") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. TERRY THOMAS was slammed to the ground and arrested during an illegal search of his mother's home on July 12, 2022 by several CITY OF ANTIOCH police officers, including Defendant Officers ERIC ROMBOUGH, ROBERT GERBER, and KYLE HILL. TERRY THOMAS was charged with murder and incarcerated but the charges were ultimately dismissed in August 2023. Officer ROMBOUGH is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]." Officer GERBER is also implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. GERBER sent text messages containing photos of gorillas and referring to Black people as "fag[s]" to other Antioch officers.

22.     Plaintiff SHAQUILLE HILLARD ("HILLARD") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. HILLARD was searched and arrested without provocation or cause in April 2022 by CITY OF ANTIOCH Police Department officers, including but not limited to Defendant Officers HUGHES and AMIRI. HILLARD was illegally searched and charged with gun possession by the same group of CITY OF ANTIOCH Police Department officers, including but not limited to Defendant OFFICERS AMIRI and HUGHES, in multiple incidents between January of 2020 and September of 2022. Officers HUGHES and AMIRI are both key participants in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. AMIRI sent texts to other Antioch officers in which he referred to Black people as

"gorillas" and "pussies." He also admitted to serious offenses of falsification, claiming: "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]."

23.     Plaintiff DANYEL EARL LACY ("LACY") has been and is a resident of California and a United States Citizen (is he African-American? This must be stated!). He brings this action on his own behalf. LACY was maliciously targeted, wrongfully searched, and wrongfully arrested by several CITY OF ANTIOCH police officers including Defendant Officers ROMBOUGH, MANLY, and HUGHES in April 2022 at 1600 Buchanan Road in Antioch, CA.  The CITY OF ANTIOCH police officers searched a car that did not belong to LACY, claimed to find a firearm, and arrested LACY. LACY was charged with illegal possession of a firearm and spent three months in jail, but all charges were eventually dismissed in August 2023.

24.     Plaintiff KAYCEE SUITTER ("SUITTER") has been and is a resident of California and a United States Citizen. She brings this action on her own behalf. On December 19, 2022, Ms. SUITTER was unlawfully held, handcuffed, and searched in a parking garage while with her boyfriend AMADEO GARCIA by CITY OF ANTIOCH police officers including but not limited to Defendant Officers MARCOTT, THOMAS SMITH, and RODRIGUEZ.  After the search SUITTER was charged with possession of cocaine with intent to distribute; possession of fentanyl and methamphetamine; and possession of a firearm, but all charges were dismissed on December 27, 2022.  Defendant Officers MARCOTT, SMITH, and RODRIGUEZ are all key participants in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. Defendant Officer SMITH sent text messages to other Antioch officers in which he referred to Black people as "niggas" and to

women as "bitches." Defendant Officer RODRIGUEZ sent texts agreeing to target Black people for traffic citations, stating that it "will be easy" and "a good time."

25. Plaintiff MARCELL LEWIS ("LEWIS") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. On November 15, 2020, Mr. LEWIS was unlawfully held, handcuffed, and searched by CITY OF ANTIOCH police officers including but not limited to Defendant Officers AMIRI.

26. Plaintiff GREGORIO YARBOROUGH ("YARBOROUGH") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. On August 15, 2023, Antioch Police Officer RYAN GEIS used excessive force when he shot YARBOROUGH without justification.

27. Plaintiff QUINCY MASON ("MASON") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. In June of 2022, Antioch Police Department officers, including Officer ROMBOUGH, assaulted QUINCY MASON without justification.

28. Plaintiff TAHJAY MCCULLOUGH ("MCCULLOUGH") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf. On November 10, 2020, Antioch Police Department officers, including officers PRIETO, RODRIQUEZ, AMIRI and MOORE, physically assaulted Mr. MCCULLOUGH without justification.

29. Defendant CITY OF ANTIOCH ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF ANTIOCH

Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of Defendant OFFICERS, individually and as peace officers.

30. Defendant CITY POLICE CHIEF TAMMANY BROOKS ("BROOKS"), at all times mentioned herein, was employed by Defendant CITY as the Chief of Police for the CITY, from May 2017 through October 2021, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as the Chief of Police for the CITY. Plaintiffs allege Defendant BROOKS was aware of the openly racist conduct of the police officers he employed, their use of excessive force as set forth herein, the widespread acceptance within the Antioch Police Department of Unconstitutional actions by Antioch police officers as set forth in the instant Complaint, and failed to take any remedial measures, and tolerated, encouraged and ratified the repeated and widespread pattern and practice of Unconstitutional actions by Defendant CITY OF ANTIOCH police officers as set forth herein.

31. Defendant CITY INTERIM POLICE CHIEF TONY MOREFIELD ("MOREFIELD"), at all times mentioned herein, was employed by Defendant CITY as the Interim Chief of Police for the CITY, from October 2021 through May 2022, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as the Interim Chief of Police for the CITY. Plaintiffs allege Defendant MOREFIELD was aware of the openly racist conduct of the police officers he employed, their use of excessive force as set forth herein, the widespread acceptance within the Antioch Police Department of Unconstitutional actions by Antioch police officers as set forth in the instant Complaint, and failed to take any remedial measures, and tolerated, encouraged and ratified the repeated and widespread pattern and practice of Unconstitutional actions by Defendant CITY OF ANTIOCH police officers as set forth herein.

32. Defendant CITY POLICE CHIEF STEVEN FORD ("FORD"), at all times mentioned herein, was employed by Defendant CITY as the Chief of Police for the CITY, from May 2022 through present, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as the Chief of Police for the CITY. Plaintiffs allege Defendant FORD was aware of the openly racist conduct of the police officers he employed, their use of excessive force as set forth herein, the widespread acceptance within the Antioch Police Department of Unconstitutional actions by Antioch police officers as set forth in the instant Complaint, and failed to take any remedial measures, and tolerated, encouraged and ratified the repeated and widespread pattern and practice of Unconstitutional actions by Defendant CITY OF ANTIOCH police officers as set forth herein.

33. Defendant OFFICER MATTHEW NUTT ("NUTT") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. NUTT is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. NUTT received numerous hateful text messages from his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Furthermore, NUTT was a recipient of texts in which Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz they black [sic]," and "sometimes just say[ing] people gave me a full confession when they didn't." Despite being a direct witness to this behavior, NUTT never intervened nor reported it to supervisors.

34.     Defendant OFFICER JOSH EVANS ("EVANS") at all times mentioned herein, was employed by Defendant CITY as a SERGEANT of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as a SERGEANT of the CITY OF ANTIOCH police department. EVANS sent text messages about an unknown subject, detailing plans to "smash in and bite him, 40mm him, and call him a cunt." EVANS referred to Black people as "niggers" numerous times, and in discussing an unknown subject, he once stated: "I'm going to bury that nigger in my fields." His actions are indicative of the defendant officers acting in concert to promote racial bigotry and bias in the Antioch police department. These actions directly led to the damages of the Plaintiffs named herein.

35.     Defendant OFFICER ERIC ROMBOUGH ("ROMBOUGH") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. ROMBOUGH robbed Plaintiff YOUNG and was involved in the unlawful arrest of Plaintiff TERRY THOMAS. ROMBOUGH is also a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. ROMBOUGH sent text messages to other Antioch officers in which he referred to Black people as "niggers," "niggas," "gorillas," and "monkeys." On other occasions, ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]." ROMBOUGH'S actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers, including Officer ROMBOUGH, acted in concert to promote racial discrimination by

officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

36.     Defendant OFFICER MORTEZA AMIRI ("AMIRI") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. AMIRI is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. AMIRI sent texts to other Antioch officers in which he referred to Black people as "gorillas" and "pussies." He also admitted to serious offenses of falsification, claiming: "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]." AMIRI'S actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers, including Officer AMIRI, acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

37.     Defendant OFFICER SCOTT DUGGAR ("DUGGAR") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. DUGGAR is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. DUGGAR sent text messages to other Antioch officers in which he referred to Black people as "niggas." DUGGAR'S actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers,

1    including Officer DUGGAR, acted in concert to promote racial discrimination by officers within

2    the ANTIOCH police department. This conspiracy between the officers directly lead to the

3    damages suffered by the Plaintiffs named herein.

4        38.    Defendant OFFICER JONATHAN RAMIREZ ("RAMIREZ") at all times

5    mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was

6    acting within the course and scope of that employment. He is being sued individually and in his

7    official capacity as an OFFICER of the CITY. RAMIREZ is implicated in the District Attorney's

8    investigation into the discriminatory text messages sent among Antioch Police Department

9    officers and sergeants. RAMIREZ sent texts to other Antioch officers in which he expressed a

10   desire to "40 that mfr (Thorpe) during the protest today [sic]." This is a reference to the potential

11   use of a .40mm less lethal launcher being utilized on current Antioch Mayor Lamar Thorpe.

12   RAMIREZ also sent numerous text messages in which he called Black people "niggas" and

13   "niggers." RAMIREZ'S actions are indicative of the conspiracy between the officers at the

14   Antioch Police Department. Antioch Police Department officers, including Officer RAMIREZ,

15   acted in concert to promote racial discrimination by officers within the ANTIOCH police

16   department. This conspiracy between the officers directly lead to the damages suffered by the

17   Plaintiffs named herein.

18       39.    Defendant OFFICER TIMOTHY MANLY WILLIAMS ("MANLY

19   WILLIAMS") at all times mentioned herein, was employed by Defendant CITY as an OFFICER

20   of the CITY and was acting within the course and scope of that employment. He is being sued

21   individually and in his official capacity as an OFFICER of the CITY. MANLY WILLIAMS is

22   implicated in the District Attorney's investigation into the discriminatory text messages sent

23   among Antioch Police Department officers and sergeants. MANLY WILLIAMS received

numerous hateful text messages from his fellow CITY OF ANTIOCH police officers about

Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to

refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Furthermore, MANLY

WILLIAMS was a recipient of texts in which Defendant Officers bragged about "violating civil

rights," "only stopping [people] cuz they black [sic]," and "sometimes just say[ing] people gave

me a full confession when they didn't." Despite being a direct witness to this behavior, MANLY

WILLIAMS never intervened nor reported it to supervisors. Defendant's actions are indicative of

the conspiracy between the officers at the Antioch Police Department. Antioch Police

Department officers acted in concert to promote racial discrimination by officers within the

ANTIOCH police department. This conspiracy between the officers directly lead to the damages

suffered by the Plaintiffs named herein.

       40.     Defendant OFFICER TOM LENDERMAN ("LENDERMAN") at all times

mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was

acting within the course and scope of that employment. He is being sued individually and in his

official capacity as an OFFICER of the CITY. LENDERMAN is implicated in the District

Attorney's investigation into the discriminatory text messages sent among Antioch Police

Department officers and sergeants. LENDERMAN received numerous hateful text messages

from his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas,"

"niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot,"

"pussies," "cunt," "fat bitch"). Furthermore, LENDERMAN was a recipient of texts in which

Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz they black

[sic]," and "sometimes just say[ing] people gave me a full confession when they didn't." Despite

being a direct witness to this behavior, LENDERMAN never intervened nor reported it to

supervisors. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

41.  Defendant OFFICER LOREN BLEDSOE ("BLEDSOE") at all times mentioned herein, was employed by Defendant CITY as a SERGEANT of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as a SERGEANT of the CITY. BLEDSOE is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. BLEDSOE received numerous hateful text messages from his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Furthermore, BLEDSOE was a recipient of texts in which Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz they black [sic]," and "sometimes just say[ing] people gave me a full confession when they didn't." BLEDSOE was a member of these group text chats, and by refusing to intervene and halt the heinous behavior of fellow officers, BLEDSOE failed to perform his supervisory duties. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

42.  Defendant OFFICER THOMAS SMITH ("THOMAS SMITH") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was

acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. THOMAS SMITH is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. THOMAS SMITH sent text messages to other Antioch officers in which he referred to Black people as "niggas" and to women as "bitches." Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

43. Defendant OFFICER CALVIN PRIETO ("PRIETO") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. PRIETO is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. PRIETO sent text messages to other Antioch officers in which he referred to Black people as "niggas" and to women as "bitches." Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

44. Defendant OFFICER ANDREA RODRIGUEZ ("RODRIGUEZ") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. She is being sued individually and in her

official capacity as an OFFICER of the CITY. RODRIGUEZ is a key subject of the District Attorney's investigation into the discriminatory text messages sent amongst Antioch Police Department officers and sergeants. RODRIGUEZ sent text messages agreeing to target Black people for traffic citations, stating that it "will be easy" and "a good time." Defendant's actions are emblematic of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert with one another to patrol and effectuate arrests in the CITY OF ANTIOCH in a racially discriminatory manner. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

45.     Defendant OFFICER JONATHAN ADAMS ("ADAMS") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. ADAMS is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. ADAMS sent text messages to other Antioch officers in which he referred to Black people as "niggers" and joked about all Black people looking the same. Defendant's actions are emblematic of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

46.     Defendant OFFICER DEVEN WENGER ("WENGER") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. WENGER is implicated in the District Attorney's

investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. WENGER received numerous hateful text messages from his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Furthermore, WENGER was a recipient of texts in which Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz they black [sic]," and "sometimes just say[ing] people gave me a full confession when they didn't." Despite being a direct witness to this behavior, WENGER never intervened nor reported it to supervisors. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

47. Defendant OFFICER DANIEL HARRIS ("HARRIS") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. HARRIS is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. HARRIS received numerous hateful text messages from his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Furthermore, HARRIS was a recipient of texts in which Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz they black [sic]," and "sometimes just say[ing] people gave me a full confession when they didn't." Despite being a direct witness to

this behavior, HARRIS never intervened nor reported it to supervisors. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

48. Defendant OFFICER ROBERT GERBER ("GERBER") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. GERBER is implicated in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. GERBER sent text messages containing photos of gorillas and referring to Black people as "fag[s]" to other Antioch officers. GERBER also received numerous hateful text messages from his fellow CITY OF ANTIOCH police officers about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Furthermore, GERBER was a recipient of texts in which Defendant Officers bragged about "violating civil rights," "only stopping [people] cuz they black [sic]," and "sometimes just say[ing] people gave me a full confession when they didn't." Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

49. Defendant OFFICER KYLE HILL ("HILL") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and

scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. HILL was involved in the arrest of Plaintiff TERRY THOMAS. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

50.     Defendant OFFICER MARCOTT ("MARCOTT") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. MARCOTT was involved in the arrest of Plaintiff SUITTER. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

51.     Defendant OFFICER ARRON HUGHES ("HUGHES") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. HUGHES was involved in the arrest of Plaintiff HILLARD. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

52.     Defendant OFFICER RYAN GEIS ("GEIS") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. GEIS was involved in the arrest of Plaintiff YARBOROUGH. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

53.     Defendant Antioch Police Department Officer MOORE ("OFFICER MOORE") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY. MOORE was involved in the arrest of Plaintiff MCCULLOUGH. Defendant's actions are indicative of the conspiracy between the officers at the Antioch Police Department. Antioch Police Department officers acted in concert to promote racial discrimination by officers within the ANTIOCH police department. This conspiracy between the officers directly lead to the damages suffered by the Plaintiffs named herein.

54.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 100 inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1-100, inclusive, when they have been ascertained.

## **FACTUAL ALLEGATIONS**

55.     Plaintiffs are informed and believe and thereon allege that DEFENDANTS

NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS,

LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER,

HARRIS, GERBER, HILL, MARCOTT, HUGHES, GEIS, MOORE, and each of them,

individually and/or acting in concert with one another, as well as other CITY OF ANTIOCH

Police Officers (Does 1-100) engaged in a repeated pattern and practice of civil rights violations

and other misconduct against citizens living, traveling, or visiting the Antioch neighborhoods

where they were assigned.  Each Plaintiff is likely to suffer a recurrence of the alleged violations

of civil rights, or similar violation of civil rights, committed by police officers employed by

Defendant CITY OF ANTIOCH.

56.     Plaintiffs are further informed and believe and thereon allege that said civil rights

violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests,

unreasonable searches and seizures, intimidation, false imprisonment, falsifying reports, denial

of equal protection, racial discrimination, conspiracy to violate civil rights and/or other

misconduct.

57.     Plaintiffs are further informed and believe and thereon allege that said misconduct

included, but was not limited to, subjecting people living, visiting, and/or traveling in Antioch

neighborhoods to disparate treatment because of their race and/or gender. As a result, Plaintiffs

and persons similarly situated to them, were subjected to unequal treatment, civil rights

violations, and other misconduct by DEFENDANTS NUTT, EVANS, ROMBOUGH, AMIRI,

DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH,

PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, GEIS, MOORE, and/or CITY OF ANTIOCH police officers (Does 1-100).

58.    Plaintiffs are further informed and believe and thereon allege that despite the repeated and frequent nature of the misconduct and civil rights violations committed by Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, GEIS, MOORE, and DOES 1-100, high ranking CITY OF ANTIOCH officials and/or police department supervisors, including but not limited to, BROOKS, MOREFIELD, FORD, EVANS, BLEDSOE, DOES 1-100, and each of them, individually and/or acting in concert with one another, failed to take any or appropriate remedial action prior to the subject incidents involving the Plaintiffs. As a result, DEFENDANTS engaged in repeated and serious acts of misconduct and civil rights violations against citizens living, visiting, and/or traveling in Antioch.

59.    Plaintiffs are informed and believe and thereon allege that as a matter of official policy—rooted in an entrenched posture of deliberate indifference to the constitutional rights of black and brown people who live, visit, and/or travel within Antioch in particular—Defendant CITY OF ANTIOCH has long allowed Plaintiffs and persons similarly situated to them, to be abused by its police officers, including by DEFENDANTS NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, GEIS, and/or other CITY OF ANTIOCH Police Officers (DOES-100).

60.    Plaintiffs are informed and believe and thereon allege that plaintiffs, and each of them, suffered the violation of their constitutional rights as a result of customs, policies, patterns

and/or practices of Defendant CITY OF ANTIOCH, Defendants BROOKS, MOREFIELD, FORD, DOES 1-100, and each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training, and discipline of members of the Antioch Police Department, including Defendant NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, GEIS, MOORE, and/or DOES 1-100, and/or each of them.

**TRENT ALLEN**

61.     In March 2021, multiple Antioch Police Department officers, including ERIC ROMBOUGH, arrested ALLEN for attempted murder. During the arrest, ERIC ROMBOUGH brutally beat Mr. ALLEN, kicking his head multiple times. On April 11, 2023, ALLEN discovered that CITY officer ROMBOUGH texted about him during the time of his arrest. ROMBOUGH proudly stated that he gave ALLEN "6 muzzle thumps" and tried to "kick his head over the fence." ROMBOUGH also stated "I tried to knock him unconscious" and referred to ALLEN as a "faggot" and "nigger" multiple times. On other occasions, ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]." Furthermore, Defendant Officer MANLY WILLIAMS sent text messages in which he joked about TRENT ALLEN being beaten by ROMBOUGH and asked, "is he dead?" Mr. ALLEN may be acquitted and exonerated as a result of the investigation into Defendant Officers' text messages.

62.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted, brutalized, and prosecuted ALLEN, and that Defendant Officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. ALLEN withstood humiliation and associated

emotional distress corresponding to the text message scandal. Mr. ALLEN suffered severe physical injuries caused by Defendant ROMBAUGH's use of excessive force.

63. Mr. ALLEN has been incarcerated since his arrest and the use of excessive force by ROMBOUGH, tolling his statute of limitations.

## SHAGOOFA KHAN

64. Beginning in the summer of 2020, SHAGOOFA KHAN organized police reform protests throughout the CITY OF ANTIOCH. In January 2021, Antioch Police Department officers EVANS, MANLY WILLIAMS, LENDERMAN, BLEDSOE, and THOMAS SMITH arrested KHAN for burning a "Blue Lives Matter" flag at a protest. KHAN was charged with felony arson and battery on an officer. KHAN completed diversion, however she never entered a plea agreement. Defendant Officers arrested KHAN without probable cause and with malice. The charges were eventually dismissed. The arresting Defendant Officers EVANS, MANLY WILLIAMS, LENDERMAN, BLEDSOE, and THOMAS SMITH are key participants in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. On April 11, 2023, KHAN discovered that Antioch police officer JOSH EVANS texted about her before the time of her arrest. EVANS stated that KHAN resembles an "Arabian Knight's [sic] 'cum dump.'" Defendant Officer THOMAS SMITH sent text messages to other Antioch officers in which he referred to women as "bitches." Defendant Officer MANLY WILLIAMS sent text messages in which he joked about the brutalization of an arrestee and asked, "is he dead?" LENDERMAN and BLEDSOE were members of these group chats and received all of the salacious text messages uncovered in this scandal.

65. As a result, the text messages discovered in April 2023 demonstrate that Antioch

1   Police Department Defendant Officers EVANS, MANLY WILLIAMS, LENDERMAN,

2   BLEDSOE, and THOMAS SMITH maliciously and unfairly prosecuted KHAN and that

3   Defendant Officers' behavior stemmed from the discriminatory and violent culture of the

4   Antioch Police Department. Moreover, Ms. KHAN withstood humiliation and associated

5   emotional distress corresponding to the text message scandal.

6

7   **ADAM CARPENTER**

8           66.     On November 3, 2020, multiple Antioch Police Department officers, including

9   ERIC ROMBOUGH, SCOTT DUGGAR, MORTEZA AMIRI, and TIMOTHY MANLY

10  WILLIAMS, arrested CARPENTER for possession of a firearm without probable cause and with

11  malice. The charges against CARPENTER were later dropped. From January 2020 up until the

12  date of his arrest, these officers conducted nearly ten traffic stops on Mr. CARPENTER. All of

13  these officers are implicated in the offensive text message scandal. Concurrent with

14  CARPENTER's arrest, Defendant officers sent numerous text messages about Black people,

15  calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects

16  (i.e.: "faggot," "pussies," "cunt," "fat bitch"). DUGGAR sent text messages to other Antioch

17  officers in which he referred to Black people as "niggas." ROMBOUGH proudly admitted to

18  brutalizing arrestees on multiple occasions. ROMBOUGH boasted about "violating civil rights"

19  and "only stopping [people] cuz they black [sic]." AMIRI admitted to serious offenses of

20  falsification, claiming: "I sometimes just say people gave me a full confession when they didn't.

21  gets filed easier [sic]." MANLY WILLIAMS sent text messages in which he joked about the

22  brutalization of an arrestee and asked, "is he dead?"

23          67.     As a result, the text messages discovered in April 2023 imply that Antioch Police

24

25

26  Department maliciously and unfairly targeted and prosecuted CARPENTER and that Defendant

27

28

Officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. CARPENTER withstood humiliation and associated emotional distress corresponding to the text message scandal.

**JOSHUA BUTLER**

68.     In February 2022, multiple Antioch Police Department officers, including JOSH EVANS, arrested BUTLER in Antioch, CA for allegedly discharging a firearm. Officers never found a weapon. On May 26, 2023, BUTLER's case was dismissed. Since the date of the arrest, officers have conducted nearly ten traffic stops on Mr. BUTLER, each time verbally accosting him with racist obscenities. None of these traffic stops have resulted in additional arrests. Concurrent with BUTLER's arrest, officers, including JOSH EVANS, sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). On one occasion, EVANS sent text messages about an unknown subject, detailing plans to "smash in and bite him, 40mm him, and call him a cunt." EVANS regularly referred to Black people as "niggers," and in discussing an unknown subject, he once stated: "I'm going to bury that nigger in my fields."

69.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly prosecuted BUTLER and that Defendant Officers' behaviors and actions stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. BUTLER withstood humiliation and associated emotional distress corresponding to the text message scandal.

**DEJON RICHARDS**

70.     In 2020, DEJON RICHARDS was arrested and brutalized in 2020 by CITY OF ANTIOCH Police Department Officers, including Defendant Officer DUGGAR. During the

arrest, DUGGAR repeatedly called RICHARDS a "bitch," told him that he had no rights, and slammed his head on the car cutting the left side of his face. DUGGAR is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. DUGGAR sent text messages to other Antioch officers in which he referred to Black people as "niggas." RICHARDS was incarcerated for one year prior to his case being dismissed.

71.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department DUGGAR maliciously and unfairly targeted and arrested RICHARDS without probable cause and that Defendant Officers' behaviors and actions stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. RICHARDS withstood humiliation and associated emotional distress corresponding to the text message scandal.

**DRESHAWN JACKSON**

72.     DRESHAWN JACKSON was arrested in 2018 by CITY OF ANTIOCH Police Department Officers, including Defendant Officer ROMBOUGH. During the arrest, ROMBOUGH admitted to JACKSON that he had "a beer or two," then demanded that JACKSON get out of the car. JACKSON was charged with possession of a firearm and was incarcerated for 15 months. In April 2022, his case was dismissed by the District Attorney. Arresting officer Defendant ROMBOUGH is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants. ROMBOUGH proudly admitted to brutalizing arrestees on multiple occasions. ROMBOUGH referred to arrestees as "faggots" and "niggers" multiple times. On other occasions, ROMBOUGH boasted about "violating civil rights" and "only stopping [people]

1  cuz they black [sic]."

2      73.     As a result, the text messages discovered in April 2023 demonstrate that Antioch

3  Police Department maliciously and unfairly targeted and arrested JACKSON and that Defendant

4  Officers' behaviors and actions stemmed from the discriminatory and violent culture of the

5  Antioch Police Department. Moreover, Mr. JACKSON withstood humiliation and associated

6  emotional distress corresponding to the text message scandal.

7

8  **KARDELL SMITH**

9      74.     KARDELL SMITH was arrested on state possession charges in 2019. Defendant

10  Officer AMIRI and other Antioch Police officers prepared a false police report which was used

11  to maliciously prosecute Mr. SMITH.  Specifically, Defendant Officer AMIRI claimed he saw,

12  from outside the building where Mr. SMITH was located, a bathroom window be broken and a

13  handgun be thrown out of a bathroom window into a side yard. Defendants entered the apartment

14  and arrested Mr. SMITH, claiming he had thrown the gun out of the bathroom window.  In

15  reality, no weapon was possessed by Mr. SMITH, and no weapon or any object was thrown by

16  anyone through that window in Defendants' presence or in that time frame. A picture purported

17  to be taken by defendants of the weapon at the scene shows it was covered by leaves and dirt.

18  The window had been broken for months. KARDELL SMITH served a parole violation and then

19  later got charged on the same false factual basis by the Federal government on Federal charges.

20  On April 13, 2022, a Federal judge dismissed KARDELL SMITH's case, dropped every charge,

21  and withdrew all previous pleadings. Defendant Officers AMIRI and ROMBOUGH were

22  involved in the arrest of KARDELL SMITH and each were integral participants in maliciously

23  prosecuting him. Concurrent with CARPENTER's arrest, Defendant Officers sent numerous text

24  messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other

25

26

27

28

targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). ROMBOUGH proudly admitted to brutalizing arrestees on multiple occasions. ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]." AMIRI admitted to serious offenses of falsification, claiming: "I sometimes just say people gave me a full confession when they didn't. gets filed easier [sic]." Consistent with this admission, Defendant AMIRI prepared a false police report in which he fabricated an alleged confession by KARDELL SMITH, that he claimed took place while they smoked a cigarette together outside the police station. In reality, Defendant AMIRI acted friendly to Mr. SMITH, offered to smoke a cigarette with him outside the police station, but Mr. SMITH never possessed and never confessed to having any weapon, much less a gun. Defendant AMIRI lied in his police report and claimed that Mr. SMITH confessed to possession of the gun. This false report was then used to fabricate the gun charge against Mr. SMITH.

75. As a result, the text messages discovered in April 2023 demonstrate that Antioch Police Department maliciously and unfairly targeted and arrested KARDELL SMITH and that Defendant Officers' behaviors and actions stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. KARDELL SMITH withstood humiliation and associated emotional distress corresponding to the text message scandal.

**DAVID MACKIN**

76. DAVID MACKIN was brutalized on June 15, 2021, by CITY OF ANTIOCH Police Department Officers, including Defendant Officer ROMBOUGH. During the interaction, MACKIN was beaten so severely that he sustained a metacarpal fracture in his foot. He spent six months in a wheelchair and underwent multiple surgeries. Concurrent with MACKIN's incident, multiple CITY OF ANTIOCH officers, including ROMBOUGH, sent numerous text messages

about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). ROMBOUGH proudly admitted to brutalizing arrestees on multiple occasions. On other occasions, ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]."

77.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted and brutalized MACKIN, and that Defendant Officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. MACKIN withstood humiliation and associated emotional distress corresponding to the text message scandal. Mr. MACKIN suffered severe physical injuries caused by Defendant ROMBAUGH's use of excessive force.

**TERRY ROBINSON, JR.**

78.     On July 1, 2022, during a traffic stop where TERRY ROBINSON, JR. was a passenger in his brother's car, multiple Antioch Police Department officers, including MATTHEW NUTT, arrested ROBINSON on the basis of two allegedly outstanding arrest warrants. However, the arrest warrants were outdated and inaccurate as ROBINSON had already gone to court and resolved them. During the arrest, MATTHEW NUTT brutally beat Mr. ROBINSON while he was handcuffed, throwing him to the ground and repeatedly shoving, kicking, punching, and kneeing him in the legs, stomach, and ribs. Despite ROBINSON's pleas that he was having a panic attack and needed medical attention, NUTT continued to attack ROBINSON and failed to call an ambulance. ROBINSON spent six days in jail and was released with no criminal charges. Concurrent with ROBINSON's arrest, Antioch Police Department officers, including MATTHEW NUTT, sent and/or received numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to

refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch").

79.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted, arrested, and brutalized ROBINSON and that Defendant Officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. ROBINSON withstood humiliation and associated emotional distress corresponding to the text message scandal.  Furthermore, Mr. ROBINSON suffered severe physical injuries caused by Defendant NUTT's use of excessive force.

**MANDINGO CAIN**

80.     In October 2022, Antioch Police Department officers seized MANDINGO CAIN's registered firearm after pulling him over and searching his car without cause, arrested Mr. CAIN, and sexually harassed Mr. CAIN's wife. After briefly entering the Quik Stop store at 1108 Sycamore Dr, Antioch, CA 94509, CAIN and his wife drove out of the store parking lot when two male Antioch police officer DOES followed them in a police car and turned on their sirens. The officers spoke to CAIN through a loudspeaker and made him pull over in an area where there were no other people around. When CAIN asked why he was being pulled over, one of the officers claimed that it was because his headlights and windows were tinted. The officers told CAIN to get out of the car. CAIN initially refused and told the officers that he was not on parole. One of the officers then yanked CAIN out of his car, made his wife exit the car, and searched the car thoroughly. The second officer commented on CAIN's wife's breasts, stating, "What's going on in your breast area?" This officer instructed the first officer to search CAIN's wife, but the search did not yield anything. While searching CAIN's car, the officers found marijuana and a registered firearm. The officers put back the marijuana after CAIN asked them to place it back, but they accused CAIN of illegally transporting a firearm. The officer DOES

arrested CAIN and transported him to the Martinez Detention Facility. CAIN posted bail and went to court three times, but the charges against him were ultimately dropped. CAIN is still waiting to get his firearm back from the Antioch Police Department. Concurrent with CAIN's arrest, multiple CITY OF ANTIOCH officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). At least one of the officers involved in CAIN's arrest is a key participant in the District Attorney's investigation into the discriminatory text messages sent among Antioch Police Department officers and sergeants.

81.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted and prosecuted CAIN, and that Defendant officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. CAIN withstood humiliation and associated emotional distress corresponding to the text message scandal. Furthermore, CAIN lost his lawfully possessed firearm and suffered physical and emotional distress from watching Antioch police officers sexually harass his wife and being yanked out of his car, arrested, and jailed.

## AMADEO GARCIA, JR.

82.     On December 19, 2022, Antioch Police Department officer DOES used excessive force during an unlawful search of AMADEO GARCIA, JR.'s vehicle, resulting in the arrest of GARCIA. CITY OF ANTIOCH police officer DOES staked out the motel room rented by GARCIA in Antioch, CA. The officers pulled over GARCIA's vehicle due to the absence of license plates.  The automobile was newly purchased with dealer tags in the window. Officers confirmed that the vehicle was in legal standing. The driver of the vehicle was GARCIA. Multiple officer DOES arrived on the scene, including a K-9 unit. The K-9 unit alerted officers

to the vehicle. The K-9 unit displayed unprofessional behavior, including jumping onto the hood of the vehicle. Officer DOES then removed GARCIA from the vehicle by reaching into the car and unlocking the car door. After removing GARCIA from the vehicle, they proceeded to deploy the taser on GARCIA for an extended length of time. GARCIA was charged with multiple counts of possession. These charges were later dismissed by the court under California Penal Code 1385. Concurrent with GARCIA's arrest, multiple CITY OF ANTIOCH officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch").

83. As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted, brutalized, and prosecuted GARCIA, and that Defendant officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. GARCIA withstood humiliation and associated emotional distress corresponding to the text message scandal. Furthermore, due to the Antioch police officers' use of excessive force, GARCIA suffered physical injury as well as incarceration.

**ARON TYSON**

84. In August 2019, Antioch Police Department officer DOES pulled over ARON TYSON at the intersection of Sycamore Drive and Peppertree Way in Antioch, CA for having tinted car windows, threw TYSON to the ground, searched his vehicle, and arrested him. After TYSON provided the officers with his license and registration, the officers told him to get out of the car, claiming that they could smell marijuana. Neither TYSON nor his girlfriend had been smoking marijuana. The officer DOES asked TYSON if they could search the car, but when TYSON said no, the officer DOES pushed him to the ground, painfully twisted his arms upwards behind his back, and handcuffed him. TYSON had a metal plate in his arm, so he asked the

officers to not be rough with him. However, the officers continued to force TYSON to the ground and hurt his arms. Officer DOES then searched the car and found a firearm and some marijuana. Officer DOES also searched TYSON's girlfriend and found drugs, which they falsely stated belonged to TYSON. Officer DOES arrested TYSON and took him to the station for booking. TYSON posted bail and was later charged with possession of controlled substances. However, the charges were dropped in August 2022. Concurrent with TYSON's arrest, multiple CITY OF ANTIOCH officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch").

85.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted, brutalized, and prosecuted TYSON, and that Defendant officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. TYSON withstood humiliation and associated emotional distress corresponding to the text message scandal. Furthermore, due to the Antioch police officers' use of excessive force, TYSON suffered physical injuries in his arms and emotional distress. The items that the officers took while searching him and his vehicle have not yet been returned to him.

**DAUNTE GELLINGTON**

86.     On April 30, 2023 at around 5 pm, Antioch Police Department officer DOES falsely accused DAUNTE GELLINGTON of threatening his brother, slammed him to the ground, and attacked him while he was handcuffed. GELLINGTON went to the Antioch Police Department in Antioch, CA with his mother and siblings to file a report for an unrelated matter. After the family submitted the report and went outside, an Antioch police officer claimed that

GELLINGTON threatened his brother, even though nobody in the family heard him do so. Four officer DOES threw GELLINGTON to the ground, handcuffed him, picked him up, slammed him against the ground again, dragged him through concrete, and kicked him while holding him face down. At least one officer DOE pushed their knees into GELLINGTON's back. When GELLINGTON's mother begged the officers to stop, they threatened to tase or handcuff her if she did not back off. The officer DOES then detained GELLINGTON for an hour before releasing him. GELLINGTON went to the Sutter Health hospital for medical attention afterwards. Concurrent with the officers' beating of GELLINGTON, multiple CITY OF ANTIOCH officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch").

87.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted and brutalized GELLINGTON, and that Defendant officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. GELLINGTON withstood humiliation and associated emotional distress corresponding to the text message scandal. Furthermore, due to the Antioch police officers' use of excessive force, GELLINGTON suffered severe physical injuries, including a broken toe, bruised ribs, and scars on his knees and shoulders, as well as emotional distress.

**ROBERT YOUNG**

88.     On July 3, 2022 at approximately 3 pm, Defendant Officer ERIC ROMBOUGH illegally pulled over, harassed, and robbed ROBERT YOUNG. ROMBOUGH pulled over YOUNG near 1080 Sycamore Drive, Antioch, CA 94509. ROMBOUGH refused to tell YOUNG why he pulled him over. ROMBOUGH then took $900 from YOUNG, locked YOUNG in his

patrol car, and stole YOUNG's marijuana. ROMBOUGH then let YOUNG out of the patrol car and drove off without filing a report. Concurrent with YOUNG's encounter with ROMBOUGH, multiple CITY OF ANTIOCH officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). Additionally, ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]."

89.     As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted YOUNG, and that Defendant Officer ROMBOUGH's behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. YOUNG withstood humiliation and associated emotional distress corresponding to the text message scandal. Furthermore, due to ROMBOUGH's conduct in robbing YOUNG, YOUNG lost $900 and suffered emotional distress.

**TERRY THOMAS**

90.     On July 12, 2022 at 2903 Campbell Lane, Tracy, CA 95377, Antioch Police Department officers, including Defendant Officers ERIC ROMBOUGH, ROBERT GERBER, and KYLE HILL, unlawfully raided the home of TERRY THOMAS's mother without a search warrant, slammed TERRY THOMAS to the ground, and arrested him. Several Antioch police officers and a SWAT team raided the home of Tiffany Turner, TERRY THOMAS's mother. The officers did not present Ms. Turner with a warrant when she asked for one. The officers then slammed TERRY THOMAS to the ground, claiming that he was trying to escape through a window in the back of the home. The officers then arrested, handcuffed, and transported TERRY THOMAS to the juvenile detention hall. While TERRY THOMAS was being transported, the officers continued to search Ms. Turner's home. The officers searched the home for five hours

and seized TERRY THOMAS's ID and cell phone. TERRY THOMAS was charged with murder and incarcerated, but his charges were ultimately dropped in August 2023. Concurrent with TERRY THOMAS's arrest, multiple CITY OF ANTIOCH officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). In these texts, ROMBOUGH boasted about "violating civil rights" and "only stopping [people] cuz they black [sic]." GERBER also sent texts containing photos of gorillas and referring to Black people as "fag[s]."

91.  As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted, brutalized, and prosecuted TERRY THOMAS, and that Defendant Officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, TERRY THOMAS withstood humiliation and associated emotional distress corresponding to the text message scandal. Furthermore, due to the officers' use of excessive force in slamming TERRY THOMAS to the ground, TERRY THOMAS suffered physical pain and injuries as well as emotional distress.

## SHAQUILLE HILLARD

92.  In September 2022, Antioch PD officers including Officers ARRON HUGHES, and MORTEZA AMIRI, stopped HILLARD on Pepper Tree and Sycamore in Antioch, and searched his car.  They found nothing, however, they illegally confiscated HILLARD'S phone. Concurrent with this incident, CITY OF ANTIOCH officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). These actions by officers show a conspiracy within the ANTIOCH police department by ANTIOCH officers to act in concert to illegally detain, search, assault, and wrongfully arrest people based on racial bias and

discrimination.. This conspiracy to act with discrimination within the ANTIOCH police department directly lead to officers wrongfully detaining and searching Mr. HILLARD, and confiscating his phone.

93. As a result, the text messages discovered in April 2023 imply that Antioch Police Department maliciously and unfairly targeted and prosecuted Mr. HILLARD, and that Defendant Officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Mr. HILLARD withstood ongoing humiliation, physical pain and suffering, and associated emotional distress corresponding to the text message scandal. HILLARD was previously searched by the same group of officers in multiple incidents between January of 2020 and September of 2022, during which Antioch officers beat HILLARD (April, 2020), took cash from HILLARD, and accused HILLARD of being part of a gang. Additionally, Antioch PD turned HILLARD over to Oakland gang task force officers, who then interrogated HILLARD about a shooting in 2021.

94. All charges were dropped against HILLARD in June 2023.

**DANYEL EARL LACY**

95. In April, 2022 at around 2:00 P.M. at 1600 Buchanan Road Antioch, CA, Antioch police officers wrongfully arrested DANYEL EARL LACY for a gun charge. Antioch Officers, including officers ERIC ROMBOUGH, TIM MANLY, and ARRON HUGHES, began to search a car that did not belong to LACY. The officers claimed they discovered a gun inside of the car. The officers then falsely accused Mr. LACY of illegal possession of a firearm. LACY stated that the gun was not his. The officers arrested Mr. LACY. These actions by officers show a conspiracy within the ANTIOCH police department by ANTIOCH officers to act in concert to illegally detain, search, assault, and wrongfully arrest people based on racial bias and

discrimination. This conspiracy to act with discrimination within the ANTIOCH police department directly lead to officers wrongfully detaining, searching, and arresting Mr. LACY.

96.     As a result, LACY was arrested. Mr. LACY was charged with illegal possession of a firearm. He spent three months in jail. Mr. LACY, who was unaware of any gun being in the vehicle, never possessed the gun, and made clear to defendants that neither the car, nor the gun, were his. Though defendants were able to confirm that the vehicle was not owned by Mr. LACY, they arrested him anyway.  Plaintiffs allege defendants arrested Mr. LACY either having fabricated that a gun was found in the vehicle (without probable cause and with malice), or refusing to investigate Mr. LACY's contentions of innocence with respect to being unaware of the alleged presence of the gun in the vehicle. All the charges were dismissed in August 2023.

**KAYCEE SUITTER**

97.     On December 19, 2022, several Antioch Police Department officers who were motivated by racial bias (including but were not limited to Defendant Officers MARCOTT, SMITH and RODRIGUEZ encountered SUITTER in a parking garage. There, the officers handcuffed and detained SUITTER, subjected her to a search of her person and the vehicle, and arrested her. Concurrent with SUITTER's arrest, multiple CITY OF ANTIOCH officers sent numerous text messages about Black people, calling them "gorillas," "niggers," "monkeys," and using other targeted slurs to refer to subjects (i.e.: "faggot," "pussies," "cunt," "fat bitch"). These actions by officers show a conspiracy within the ANTIOCH police department by ANTIOCH officers to act in concert to illegally detain, search, assault, and wrongfully arrest people based on racial bias and discrimination. This conspiracy to act with discrimination within the ANTIOCH police department directly lead to officers wrongfully detaining, searching, and arresting Ms. SUITTER.

98.     The text messages discovered in April 2023 imply that the Antioch Police Department maliciously and unfairly targeted and prosecuted Ms. SUITTER, and that Defendant Officers' behavior stemmed from the discriminatory and violent culture of the Antioch Police Department. Moreover, Ms. SUITTER withstood humiliation, physical injury, financial and property loss, and associated emotional distress corresponding to the text message scandal. Ms. SUITTER spent eight days in jail and missed her first day at a new job, resulting in the loss of employment and opportunity. All charges against SUITTER were dismissed on December 27, 2022.

## MARCELL LEWIS

99.     The incident took place on November 15, 2020. The time was approximately 8:00 A.M. The location was Sycamore Drive and L Street Antioch, CA 94509. Antioch police officers Morteza AMIRI, Doe One, and Doe Two wrongfully arrested LEWIS.

100.     Mr. LEWIS exited a store. Officer AMIRI approached LEWIS. AMIRI told Mr. LEWIS that he had been accused of selling drugs. LEWIS said that he was not selling drugs. Officer AMIRI restrained Mr. LEWIS. Officer Doe One took LEWIS'S bag and wallet. AMIRI handcuffed Mr. LEWIS. Officer Doe Two began to search LEWIS's car. Officer Doe Two found an ounce of weed, which was lawfully possessed by Mr. Mr. LEWIS. Officer AMIRI arrested Mr. LEWIS. AMIRI transported LEWIS to jail.

101.     As a result, Mr. LEWIS was charged with intent to sell. The charge was dropped on June 15, 2023. LEWIS suffered lost wages on the days that he had to dispute the charge in court. Mr. LEWIS sustains emotional distress.

## GREGORIO YARBOROUGH

102.     The incident took place on August 15, 2023. The time was approximately 3:00

A.M. The location was 5004 Union Mine Drive Antioch, CA 94531. Antioch police officer RYAN GEIS shot Gregorio YARBOROUGH multiple times using rubber bullets.

103.    Mr. YARBOROUGH was standing near his girlfriend's house. Officer GEIS ordered YARBOROUGH to raise his hands and lie on his stomach. Mr. YARBOROUGH complied with GEIS instructions. YARBOROUGH did not have any weapons. Mr. YARBOROUGH asked why Officer GEIS stopped him. GEIS did not respond. Officer GEIS shot YARBOROUGH twice in the back using 40mm less lethal rounds. GEIS arrested Mr. YARBOROUGH.

104.    As a result, Mr. YARBOROUGH suffered from gunshot wounds and bruised ribs. Officer GEIS arrested YARBOROUGH for criminal threats, obstruction of a police officer, and violation of a peaceful contact order. The charges were dropped on September 29, 2023. While in custody, Mr. YARBOROUGH was unable to financially provide for his family. YARBOROUGH spent additional money on necessary phone calls and commissary. Mr. YARBOROUGH sustained emotional distress, physical pain and suffering, physical injuries, medical expenses, and impaired earning capacity.

**QUINCY MASON**

105.    The incident took place in June 2022. The time was approximately 5:00 P.M. The location was 806 W. 7th Street, Antioch, CA 94509. Antioch police officer DOES assaulted and harassed QUINCY MASON.

106.    In June 2022, Mr. MASON was driving. He stopped at a stop sign. Defendant officer DOES drove behind MASON. Mr. MASON drove a few more blocks. Officers turned on their sirens. MASON got out of the car. While his hands were up, Defendant officer DOES tased Mr. MASON. Once on the ground, officer DOES allowed a K9 to attack MASON. While on the

ground, Mr. MASON begged the officers to remove the K9. Officer DOES failed to stop the attack. The defendant officer DOES placed MASON in handcuffs. He was taken to the Antioch Police Department and then released.

107. During a previous police contact on December 7, 2020, defendant Officer ROMBOUGH texted Sgt. EVANS. ROMBOUGH's messages stated, "Yeah buddy, I was bummed that beast was so fat cuz he didn't bruise up very fast." EVANS replied, "It never looks as good on black guys." In November 2021, defendant officer ROMBOUGH sent another text admitting "I'm only stopping them cuz they black." He then followed by saying "Fuck them kill each other." These actions by officers show a conspiracy within the ANTIOCH police department by ANTIOCH officers to act in concert to illegally detain, search, assault, and wrongfully arrest people based on racial bias and discrimination. This conspiracy to act with discrimination within the ANTIOCH police department directly lead to officers wrongfully detaining, searching, and arresting Mr. MASON, and subjected him to unreasonable force.

108. As a result, Mr. MASON suffered from racial profiling and harassment. MASON also suffered unreasonable force from the dog bite wounds and was arrested without probable cause.

**TAHJAY MCCULLOUGH**

109. The incident took place on November 10, 2020. The time was approximately 11:00 A.M. The location was the Shell Gas Station located at 2838 Lone Tree Drive, Antioch, CA 94509. Antioch police officers CALVIN PRIETO, ANDREA RODRIGUEZ and others assaulted TAHJAY MCCULLOUGH. The arrest was motivated by racial animus. MCCULLOUGH was a 16-year old minor at the time.

110. On the above-date, Mr. MCCULLOUGH was a passenger in the backseat of a

parked car at a gas pump. Defendants PRIETO, Rodriquez and other officers pulled MCCULLOUGH out of the backseat. The officers handcuffed him. Then, they slammed MCCULLOUGH face-first to the ground. They immediately kicked and punched the minor. During the beating, officers PRIETO and RODRIGUEZ used racially derogatory terms. The racial epithets included but are not limited to "the 'N' word" and "black Gorilla".

111.    As a result of the actions of PRIETO, RODRIGUEZ and other officers, Mr. MCCULLOUGH was subjected to severe excessive force accompanied by extraordinary racist language that might be at home in the Southern culture depicted in the movie Mississippi Burning . Moreover, he suffered from wounds and bruises to his face. MCCULLOUGH remained in custody at Martinez Juvenile detention. MCCULLOUGH is currently facing multiple criminal charges stemming from the arrest.

112.    On March 27, 2023, the Contra Costa County District Attorney's office produced a report regarding racist text messages exchanged between Antioch police officers. In one entry, on June 10, 2020, PRIETO and RODRIGUEZ "blame[d] the blacks" for all the crime in the area. (Pg. 10 DA Report). In another entry, on September 9, 2020, PRIETO and RODRIGUEZ used text messages their plans to target specific groups, implying blacks and Latinos, for traffic citations. (Pg. 12 DA Report). The last page of the report provides data regarding PRIETO and RODRIGUEZ's arrest statistics between September 2020 and October 2020. (Pg. 20 DA Report). These statistics demonstrate that the officers targeted blacks and Latinos. The largest percentage of their arrests were of black people. This discrimination directly led to the wrongful arrest of MCCULLOUGH.

### CAUSES OF ACTION FOR PLAINTIFF TRENT ALLEN

### TRENT ALLEN'S FIRST CAUSE OF ACTION
#### (42 U.S.C. § 1983 –Unreasonable Seizure)

**(Plaintiff TRENT ALLEN against Defendants ROMBOUGH, MANLY WILLIAMS, and DOES 1 - 100)**

113. The foregoing allegations are realleged and incorporated herein.

114. In doing the acts complained of herein, Defendants ROMBOUGH, MANLY WILLIAMS, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b. The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

115. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**TRENT ALLEN'S SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff TRENT ALLEN Against Defendants ROMBOUGH, MANLY WILLIAMS, and DOES 1 - 100)**

116. The foregoing allegations are realleged and incorporated herein.

117. In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race

and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to

unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### TRENT ALLEN'S THIRD CAUSE OF ACTION
### (42 U.S.C. § 1981 - Malicious Prosecution)
### (Plaintiffs TRENT ALLEN against Defendants ROMBOUGH, MANLY WILLIAMS, and DOES 1 - 100)

118.    The foregoing allegations are realleged and incorporated herein.

119.    Defendants maliciously prosecuted Plaintiff as stated herein. Defendants arrested

Plaintiff without probable cause. The defendants brought claims against Plaintiff with subjective

malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against

body-types, and/or religious bias in determining their decisions to prosecute Plaintiff, and/or

fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

120.    Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions

in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the

Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR PLAINTIFF SHAGOOFA KHAN

### SHAGOOFA KHAN'S FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 –Unreasonable Seizure)
### (Plaintiff SHAGOOFA KHAN against Defendants EVANS, MANLY WILLIAMS, LENDERMAN, BLEDSOE, SMITH, and DOES 1 - 100)

121.    The foregoing allegations are realleged and incorporated herein.

122.    In doing the acts complained of herein, Defendants EVANS, MANLY

WILLIAMS, LENDERMAN, BLEDSOE, SMITH, and/or DOES 1-100, individually and/or

while acting in concert with one another, did act under color of state law to deprive Plaintiffs as

alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.      The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.      The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

123.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SHAGOOFA KHAN'S SECOND CAUSE OF ACTION
### (42 U.S.C. § 1981 – Bias)
### (Plaintiff SHAGOOFA KHAN Against Defendants EVANS, MANLY WILLIAMS, LENDERMAN, BLEDSOE, SMITH, and DOES 1 - 100)

124.     The foregoing allegations are realleged and incorporated herein.

125.     In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## SHAGOOFA KHAN'S THIRD CAUSE OF ACTION
### (42 U.S.C. § 1981 - Malicious Prosecution)
### (Plaintiffs SHAGOOFA KHAN against Defendants EVANS, MANLY WILLIAMS, LENDERMAN, BLEDSOE, SMITH, and DOES 1 - 100)

126.     The foregoing allegations are realleged and incorporated herein.

127.     Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

128.     The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

129.     Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## CAUSES OF ACTION FOR PLAINTIFF ADAM CARPENTER

### ADAM CARPENTER'S FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff ADAM CARPENTER against Defendants ROMBOUGH, DUGGAR, AMIRI, MANLY WILLIAMS, and DOES 1 - 100)**

130.     The foregoing allegations are realleged and incorporated herein.

131.     In doing the acts complained of herein, Defendants ROMBOUGH, DUGGAR, AMIRI, MANLY WILLIAMS, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.     The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

132.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### ADAM CARPENTER'S SECOND CAUSE OF ACTION
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff ADAM CARPENTER Against Defendants ROMBOUGH, DUGGAR, AMIRI, MANLY WILLIAMS, and DOES 1 - 100)**

133.     The foregoing allegations are realleged and incorporated herein.

134.     In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### ADAM CARPENTER'S THIRD CAUSE OF ACTION
**(42 U.S.C. § 1981 - Malicious Prosecution)**
**(Plaintiffs ADAM CARPENTER against Defendants ROMBOUGH, DUGGAR, AMIRI, MANLY WILLIAMS, and DOES 1 - 100)**

135.     The foregoing allegations are realleged and incorporated herein.

136.     Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

137.     The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types,

and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

138.    Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR PLAINTIFF JOSHUA BUTLER

### JOSHUA BUTLER'S FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 –Unreasonable Seizure)
### (Plaintiff JOSHUA BUTLER against Defendants EVAN, and DOES 1 - 100)

139.    The foregoing allegations are realleged and incorporated herein.

140.    In doing the acts complained of herein, Defendants EVANS, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.    The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.    The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

141.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JOSHUA BUTLER'S SECOND CAUSE OF ACTION
### (42 U.S.C. § 1981 – Bias)
### (Plaintiff JOSHUA BUTLER Against Defendants EVANS, and DOES 1 - 100)

142.    The foregoing allegations are realleged and incorporated herein.

143.    In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### JOSHUA BUTLER'S THIRD CAUSE OF ACTION
### (42 U.S.C. § 1981 - Malicious Prosecution)
### (Plaintiffs JOSHUA BUTLER against Defendants EVANS, and DOES 1 - 100)

144.    The foregoing allegations are realleged and incorporated herein.

145.    Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

146.    The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

147.    Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR PLAINTIFF DEJON RICHARDS

### DEJON RICHARDS' FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff DEJON RICHARDS against Defendants DUGGAR, and DOES 1 - 100)**

148. The foregoing allegations are realleged and incorporated herein.

149. In doing the acts complained of herein, Defendants DUGGAR, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b. The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

150. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**DEJON RICHARDS' SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff DEJON RICHARDS Against Defendants DUGGAR, and DOES 1 - 100)**

151. The foregoing allegations are realleged and incorporated herein.

152. In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race

and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### DEJON RICHARDS' THIRD CAUSE OF ACTION
**(42 U.S.C. § 1981 - Malicious Prosecution)**
**(Plaintiffs DEJON RICHARDS against Defendants DUGGAR, and DOES 1 - 100)**

153. The foregoing allegations are realleged and incorporated herein.

154. Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

155. The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

156. Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR PLAINTIFF DRESHAWN JACKSON

### DRESHAWN JACKSON'S FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff DRESHAWN JACKSON against Defendants ROMBOUGH, and DOES 1 - 100)**

157. The foregoing allegations are realleged and incorporated herein.

158. In doing the acts complained of herein, Defendants ROMBOUGH, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.      The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.      The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

159.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## DRESHAWN JACKSON'S SECOND CAUSE OF ACTION
### (42 U.S.C. § 1981 – Bias)
**(Plaintiff DRESHAWN JACKSON Against Defendants ROMBOUGH, and DOES 1 - 100)**

160.    The foregoing allegations are realleged and incorporated herein.

161.    In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## DRESHAWN JACKSON'S THIRD CAUSE OF ACTION
### (42 U.S.C. § 1981 - Malicious Prosecution)
**(Plaintiffs DRESHAWN JACKSON against Defendants ROMBOUGH, and DOES 1 - 100)**

162.    The foregoing allegations are realleged and incorporated herein.

163.    Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

164.     The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

165.     Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## CAUSES OF ACTION FOR PLAINTIFF KARDELL SMITH

### KARDELL SMITH 'S FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff KARDELL SMITH  against Defendants AMIRI, and DOES 1 - 100)**

166.     The foregoing allegations are realleged and incorporated herein.

167.     In doing the acts complained of herein, Defendants AMIRI, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.     The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

168.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### KARDELL SMITH 'S SECOND CAUSE OF ACTION

**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff KARDELL SMITH Against Defendants AMIRI, and DOES 1 - 100)**

169.    The foregoing allegations are realleged and incorporated herein.

170.    In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

**KARDELL SMITH 'S THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1981 - Malicious Prosecution)**
**(Plaintiffs KARDELL SMITH against Defendants AMIRI, and DOES 1 - 100)**

171.    The foregoing allegations are realleged and incorporated herein.

172.    Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

173.    The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

174.    Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## CAUSES OF ACTION FOR PLAINTIFF DAVID MACKIN

### DAVID MACKIN'S FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff DAVID MACKIN against Defendants ROMBOUGH, and DOES 1 - 100)**

175.    The foregoing allegations are realleged and incorporated herein.

176.    In doing the acts complained of herein, Defendants ROMBOUGH, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.     The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

177.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### DAVID MACKIN'S SECOND CAUSE OF ACTION
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff DAVID MACKIN Against Defendants ROMBOUGH, and DOES 1 - 100)**

178.    The foregoing allegations are realleged and incorporated herein.

179.    In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection,

racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### DAVID MACKIN'S THIRD CAUSE OF ACTION
### (42 U.S.C. § 1981 - Malicious Prosecution)
### (Plaintiffs DAVID MACKIN against Defendants ROMBOUGH, and DOES 1 - 100)

180.    The foregoing allegations are realleged and incorporated herein.

181.    Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

182.    The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

183.    Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR PLAINTIFF TERRY ROBINSON, JR.

### TERRY ROBINSON, JR.'S FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 –Unreasonable Seizure)
### (Plaintiff TERRY ROBINSON, JR. against Defendants NUTT, and DOES 1 - 100)

184.    The foregoing allegations are realleged and incorporated herein.

185.    In doing the acts complained of herein, Defendants NUTT, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to

deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

     a.     The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

     b.     The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

     186.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

     WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### TERRY ROBINSON, JR.'S SECOND CAUSE OF ACTION
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff TERRY ROBINSON, JR. Against Defendants NUTT, and DOES 1 - 100)**

     187.     The foregoing allegations are realleged and incorporated herein.

     188.     In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

     WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR PLAINTIFF MANDINGO CAIN

### MANDINGO CAIN'S FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff MANDINGO CAIN against Defendants DOES 1 - 100)**

189. The foregoing allegations are realleged and incorporated herein.

190. In doing the acts complained of herein, Defendants DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b. The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

191. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## MANDINGO CAIN'S SECOND CAUSE OF ACTION
### (42 U.S.C. § 1981 – Bias)
### (Plaintiff MANDINGO CAIN Against Defendants DOES 1 - 100)

192. The foregoing allegations are realleged and incorporated herein.

193. In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## MANDINGO CAIN'S THIRD CAUSE OF ACTION
### (42 U.S.C. § 1981 - Malicious Prosecution)
### (Plaintiffs MANDINGO CAIN against Defendants and DOES 1 - 100)

194. The foregoing allegations are realleged and incorporated herein.

195. Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

196. The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

197. Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## CAUSES OF ACTION FOR PLAINTIFF AMADEO GARCIA, JR.

## AMADEO GARCIA, JR.'S FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 –Unreasonable Seizure)
### (Plaintiff AMADEO GARCIA, JR. against Defendants DOES 1 - 100)

198. The foregoing allegations are realleged and incorporated herein.

199. In doing the acts complained of herein, Defendants DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.      The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

200.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### AMADEO GARCIA, JR.'S SECOND CAUSE OF ACTION
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff AMADEO GARCIA, JR. Against Defendants DOES 1 - 100)**

201.    The foregoing allegations are realleged and incorporated herein.

202.    In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### AMADEO GARCIA, JR.'S THIRD CAUSE OF ACTION
**(42 U.S.C. § 1981 - Malicious Prosecution)**
**(Plaintiffs AMADEO GARCIA, JR. against Defendants and DOES 1 - 100)**

203.    The foregoing allegations are realleged and incorporated herein.

204.    Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

205.    The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types,

and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

206. Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## CAUSES OF ACTION FOR PLAINTIFF ARON TYSON

### ARON TYSON'S FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff ARON TYSON against Defendants DOES 1 - 100)**

207. The foregoing allegations are realleged and incorporated herein.

208. In doing the acts complained of herein, Defendants DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b. The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

209. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### ARON TYSON'S SECOND CAUSE OF ACTION
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff ARON TYSON Against Defendants and DOES 1 - 100)**

210. The foregoing allegations are realleged and incorporated herein.

211.    In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### ARON TYSON'S THIRD CAUSE OF ACTION
**(42 U.S.C. § 1981 - Malicious Prosecution)**
**(Plaintiffs ARON TYSON against Defendants and DOES 1 - 100)**

212.    The foregoing allegations are realleged and incorporated herein.

213.    Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

214.    The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

215.    Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR PLAINTIFF DAUNTE GELLINGTON

### DAUNTE GELLINGTON'S FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff DAUNTE GELLINGTON against Defendants DOES 1 - 100)**

216.    The foregoing allegations are realleged and incorporated herein.

217.    In doing the acts complained of herein, Defendants DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.    The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.    The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

218.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## DAUNTE GELLINGTON'S SECOND CAUSE OF ACTION
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff DAUNTE GELLINGTON Against Defendants DOES 1 - 100)**

219.    The foregoing allegations are realleged and incorporated herein.

220.    In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race

and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to

unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR PLAINTIFF ROBERT YOUNG

### ROBERT YOUNG'S FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff ROBERT YOUNG against Defendants ROMBOUGH, and DOES 1 - 100)**

221.    The foregoing allegations are realleged and incorporated herein.

222.    In doing the acts complained of herein, Defendants ROMBOUGH, and/or DOES

1-100, individually and/or while acting in concert with one another, did act under color of state

law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights,

including, but not limited to:

a.      The right to be free from unreasonable police use of force in violation of the

Fourth Amendment;

b.      The right to be free from unreasonable searches and seizures in violation of the

Fourth Amendment.

223.    Said rights are substantive guarantees under the Fourth and/or Fourteenth

Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### ROBERT YOUNG'S SECOND CAUSE OF ACTION
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff ROBERT YOUNG Against Defendants ROMBOUGH, and DOES 1 - 100)**

224.    The foregoing allegations are realleged and incorporated herein.

225.    In doing the acts complained of herein, Defendants engaged in discriminatory

conduct towards minority communities by subjecting them to civil rights violation and more

frequent and aggressive policing than similarly situated individuals. These civil rights violations

and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable

searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection,

racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race

and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to

unequal treatment, civil rights violations, and other misconduct by Defendants.

       WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## **CAUSES OF ACTION FOR PLAINTIFF TERRY THOMAS**

### **TERRY THOMAS' FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff TERRY THOMAS against Defendants ROMBOUGH, GERBER, HILL, and DOES 1 - 100)**

226.    The foregoing allegations are realleged and incorporated herein.

227.    In doing the acts complained of herein, Defendants ROMBOUGH, GERBER,

HILL, and/or DOES 1-100, individually and/or while acting in concert with one another, did act

under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally

protected rights, including, but not limited to:

    a.    The right to be free from unreasonable police use of force in violation of the

Fourth Amendment;

    b.    The right to be free from unreasonable searches and seizures in violation of the

Fourth Amendment.

228.    Said rights are substantive guarantees under the Fourth and/or Fourteenth

Amendments to the United States constitution.

       WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### **TERRY THOMAS' SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff TERRY THOMAS Against Defendants ROMBOUGH, GERBER, HILL, and DOES 1 - 100)**

229.     The foregoing allegations are realleged and incorporated herein.

230.     In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## TERRY THOMAS' THIRD CAUSE OF ACTION
### (42 U.S.C. § 1981 - Malicious Prosecution)
**(Plaintiffs TERRY THOMAS against Defendants ROMBOUGH, GERBER, HILL, and DOES 1 - 100)**

231.     The foregoing allegations are realleged and incorporated herein.

232.     Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

233.     The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

234.     Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

**CAUSES OF ACTION FOR PLAINTIFF SHAQUILLE HILLARD**

**SHAQUILLE HILLARD'S FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff SHAQUILLE HILLARD against Defendants HUGHES, AMIRI, and DOES 1 - 100)**

235.    The foregoing allegations are realleged and incorporated herein.

236.    In doing the acts complained of herein, Defendants HUGHES, AMIRI, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.    The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.    The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

237.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SHAQUILLE HILLARD'S SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff SHAQUILLE HILLARD Against Defendants HUGHES, AMIRI, and DOES 1 - 100)**

238.    The foregoing allegations are realleged and incorporated herein.

239.    In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection,

racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### SHAQUILLE HILLARD'S THIRD CAUSE OF ACTION
**(42 U.S.C. § 1981 - Malicious Prosecution)**
**(Plaintiffs SHAQUILLE HILLARD against Defendants HUGHES, AMIRI, and DOES 1 - 100)**

240. The foregoing allegations are realleged and incorporated herein.

241. Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

242. The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

243. Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR PLAINTIFF DANYEL EARL LACY

### DANYEL EARL LACY'S FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff DANYEL EARL LACY against Defendants ROMBOUGH, MANLY WILLIAMS, HUGHES, and DOES 1 - 100)**

244. The foregoing allegations are realleged and incorporated herein.

245. In doing the acts complained of herein, Defendants ROMBOUGH, MANLY WILLIAMS, HUGHES, and/or DOES 1-100, individually and/or while acting in concert with

one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain

constitutionally protected rights, including, but not limited to:

     a.     The right to be free from unreasonable police use of force in violation of the

Fourth Amendment;

     b.     The right to be free from unreasonable searches and seizures in violation of the

Fourth Amendment.

     246.     Said rights are substantive guarantees under the Fourth and/or Fourteenth

Amendments to the United States constitution.

     WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### DANYEL EARL LACY'S SECOND CAUSE OF ACTION
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff DANYEL EARL LACY Against Defendants ROMBOUGH, MANLY WILLIAMS, HUGHES, and DOES 1 - 100)**

     247.     The foregoing allegations are realleged and incorporated herein.

     248.     In doing the acts complained of herein, Defendants engaged in discriminatory

conduct towards minority communities by subjecting them to civil rights violation and more

frequent and aggressive policing than similarly situated individuals. These civil rights violations

and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable

searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection,

racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race

and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to

unequal treatment, civil rights violations, and other misconduct by Defendants.

     WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### DANYEL EARL LACY'S THIRD CAUSE OF ACTION
**(42 U.S.C. § 1981 - Malicious Prosecution)**
**(Plaintiffs DANYEL EARL LACY against Defendants ROMBOUGH, MANLY WILLIAMS, HUGHES, and DOES 1 - 100)**

249. The foregoing allegations are realleged and incorporated herein.

250. Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

251. The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

252. Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## CAUSES OF ACTION FOR PLAINTIFF KAYCEE SUITTER

### KAYCEE SUITTER'S FIRST CAUSE OF ACTION
(42 U.S.C. § 1983 –Unreasonable Seizure)
(Plaintiff KAYCEE SUITTER against Defendants MARCOTT, SMITH, RODRIGUEZ, and DOES 1 - 100)

253. The foregoing allegations are realleged and incorporated herein.

254. In doing the acts complained of herein, Defendants MARCOTT, SMITH, RODRIGUEZ, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b. The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

255.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### KAYCEE SUITTER'S SECOND CAUSE OF ACTION
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff KAYCEE SUITTER Against Defendants MARCOTT, SMITH, RODRIGUEZ, and DOES 1 - 100)**

256.     The foregoing allegations are realleged and incorporated herein.

257.     In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### KAYCEE SUITTER'S THIRD CAUSE OF ACTION
**(42 U.S.C. § 1981 - Malicious Prosecution)**
**(Plaintiffs KAYCEE SUITTER against Defendants MARCOTT, SMITH, RODRIGUEZ, and DOES 1 - 100)**

258.     The foregoing allegations are realleged and incorporated herein.

259.     Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

260.     The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types,

and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

261. Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## CAUSES OF ACTION FOR PLAINTIFF MARCELL LEWIS

### MARCELL LEWIS' FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 –Unreasonable Seizure)
### (Plaintiff MARCELL LEWIS against Defendants AMIRI, and DOES 1 - 100)

262. The foregoing allegations are realleged and incorporated herein.

263. In doing the acts complained of herein, Defendants AMIRI, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b. The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

264. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### MARCELL LEWIS' SECOND CAUSE OF ACTION
### (42 U.S.C. § 1981 – Bias)
### (Plaintiff MARCELL LEWIS Against Defendants AMIRI, and DOES 1 - 100)

265. The foregoing allegations are realleged and incorporated herein.

266.    In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### MARCELL LEWIS' THIRD CAUSE OF ACTION
### (42 U.S.C. § 1981 - Malicious Prosecution)
### (Plaintiffs MARCELL LEWIS against Defendants AMIRI, and DOES 1 - 100)

267.    The foregoing allegations are realleged and incorporated herein.

268.    Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

269.    The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

270.    Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR PLAINTIFF GREGORIO YARBOROUGH

### GREGORIO YARBOROUGH'S FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff GREGORIO YARBOROUGH against Defendants GEIS, and DOES 1 - 100)**

271.    The foregoing allegations are realleged and incorporated herein.

272.    In doing the acts complained of herein, Defendants GEIS, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.    The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.    The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

273.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**GREGORIO YARBOROUGH'S SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1981 – Bias)**
**(Plaintiff GREGORIO YARBOROUGH Against Defendants GEIS, and DOES 1 - 100)**

274.    The foregoing allegations are realleged and incorporated herein.

275.    In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race

and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### GREGORIO YARBOROUGH'S THIRD CAUSE OF ACTION
**(42 U.S.C. § 1981 - Malicious Prosecution)**
**(Plaintiffs GREGORIO YARBOROUGH against Defendants GEIS, and DOES 1 - 100)**

276. The foregoing allegations are realleged and incorporated herein.

277. Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

278. The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

279. Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR PLAINTIFF QUINCY MASON

### QUINCY MASON'S FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 –Unreasonable Seizure)**
**(Plaintiff QUINCY MASON against Defendants DOES 1 - 100)**

280. The foregoing allegations are realleged and incorporated herein.

281. In doing the acts complained of herein, Defendants DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.      The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.      The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

282.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## QUINCY MASON'S SECOND CAUSE OF ACTION
### (42 U.S.C. § 1981 – Bias)
### (Plaintiff QUINCY MASON Against Defendants DOES 1 - 100)

283.    The foregoing allegations are realleged and incorporated herein.

284.    In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## CAUSES OF ACTION FOR PLAINTIFF TEHJAY MCCULLOUGH

## TEHJAY MCCULLOUGH'S FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 –Unreasonable Seizure)
### (Plaintiff TEHJAY MCCULLOUGH against Defendants PRIETO, RODRIGUEZ, MOORE, AMIRI, and DOES 1 - 100)

285.    The foregoing allegations are realleged and incorporated herein.

286.     In doing the acts complained of herein, Defendants PRIETO, RODRIGUEZ, and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a.       The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b.       The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

287.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## TEHJAY MCCULLOUGH'S SECOND CAUSE OF ACTION
### (42 U.S.C. § 1981 – Bias)
### (Plaintiff TEHJAY MCCULLOUGH Against Defendants PRIETO, RODRIGUEZ, MOORE, AMIRI, and DOES 1 - 100)

288.     The foregoing allegations are realleged and incorporated herein.

289.     In doing the acts complained of herein, Defendants engaged in discriminatory conduct towards minority communities by subjecting them to civil rights violation and more frequent and aggressive policing than similarly situated individuals. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### TEHJAY MCCULLOUGH'S THIRD CAUSE OF ACTION
### (42 U.S.C. § 1981 - Malicious Prosecution)
### (Plaintiffs TEHJAY MCCULLOUGH against Defendants PRIETO, RODRIGUEZ, MOORE, AMIRI, and DOES 1 - 100)

290.    The foregoing allegations are realleged and incorporated herein.

291.    Defendants maliciously prosecuted the Plaintiffs as stated herein. Defendants arrested each of the named plaintiffs without probable cause to arrest them.

292.    The defendants brought claims against Plaintiffs with subjective malice. Defendants used bias, including racial bias, gender bias, sexuality bias, bias against body-types, and/or religious bias in determining their decisions to prosecute the named Plaintiffs, and/or fabricated evidence used to falsely justify the arrest that was otherwise without probable cause.

293.    Plaintiff resolved the actions against him. Plaintiff ultimately resolved the actions in his favors. Plaintiff suffered damages due to the malicious prosecution brought on by the Defendants in this matter.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### CAUSES OF ACTION FOR ALL PLAINTIFFS

### FIRST COMMON CAUSE OF ACTION
### _Monell_ - 42 U.S.C. § 1983
### (All Plaintiffs Against Defendants CITY, BROOKS, MOREFIELD, FORD, and DOES 1-100)

294.    The foregoing allegations are realleged and incorporated herein.

295.    As against Defendant CITY OF ANTIOCH and/or Defendants BROOKS, MOREFIELD, FORD, BLEDSOE, and/or DOES 1-100 in their capacity as official policy-maker(s) for the CITY OF ANTIOCH, the Plaintiffs, and each of them, further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF ANTIOCH Police Department

tantamount to a custom, policy, or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

296.    Plaintiffs are informed and believe and thereon allege that Defendants were biased toward the public. Defendants demonstrated biased, including, but not limited to, bias toward the race, gender, and ethnicity of the Plaintiffs. In doing the acts complained of herein, Defendants, and/or DOES 1-100, individually and/or while acting in concert with one another, engaged in a pattern and practice of discriminatory conduct towards minority communities by subjecting them to more frequent and aggressive policing than similarly situated individuals of a different race, gender, and sexual orientation, by using racial slurs, excessive force, and harassment tactics, and by denying them the same level of protection and services afforded to individuals of a different race. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender.

297.    Plaintiffs are further informed and believe and thereon allege that said misconduct included, but was not limited to, subjecting people living, visiting, and/or traveling in Antioch neighborhoods to disparate treatment because of their race and/or gender. As a result, Plaintiffs and persons similarly situated to them, were subjected to unequal treatment, civil rights violations, and other misconduct by Defendants.

298.    Plaintiffs are informed and believe and thereon allege that as a matter of official policy—rooted in an entrenched posture of deliberate indifference to the constitutional rights of Black people who live, visit, and/or travel within Antioch in particular—Defendant CITY OF ANTIOCH has long allowed Plaintiffs and persons similarly situated to them, to be abused by its

police officers, including by DEFENDANTS NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, GUISE, and/or other CITY OF ANTIOCH Police Officers (DOES-100).

299.    Plaintiffs are further informed and believe and thereon allege that despite the repeated and frequent nature of the misconduct and civil rights violations committed by Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, and DOES 1-100, high ranking CITY OF ANTIOCH officials and/or police department supervisors, including but not limited to, BROOKS, MOREFIELD, FORD, EVANS, BLEDSOE, DOES 1-100, and each of them, individually and/or acting in concert with one another, failed to take any or appropriate remedial action prior to the subject incidents involving the Plaintiffs. As a result, Defendants engaged in repeated and serious acts of misconduct and civil rights violations against citizens living, visiting, and/or traveling in Antioch.

300.    Plaintiffs are informed and believe and thereon allege that plaintiffs, and each of them, suffered the violation of their constitutional rights as a result of customs, policies, patterns and/or practices of Defendant CITY OF ANTIOCH, Defendants BROOKS, MOREFIELD, FORD, EVANS, BLEDSOE, DOES 1-100, and each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training, and discipline of members of the Antioch Police Department, including Defendants ROMBOUGH, MANLY WILLIAMS, and/or DOES 1-100, and/or each of them. Therefore, Plaintiffs also seek relief against the Defendants

for their failure to take reasonable steps to prevent and remedy the discriminatory conduct of its officers.

301.    Plaintiffs further allege that the conduct of Defendants CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, ROMBOUGH, MANLY WILLIAMS, and/or DOES 1-100 has caused them to suffer damages, including but not limited to physical harm, emotional distress, and/or injury to reputation. Plaintiffs seek relief in the form of compensatory damages, punitive damages, injunctive relief, and any other relief that the court deems just and proper under the circumstances.

302.    Upon information and belief, Plaintiffs further allege that numerous African Americans were systematically physically and verbally harassed by members of the CITY OF ANTIOCH Police Department when they were stopped for "walking while black" or "driving while black" without probable cause or reasonable suspicion, searched without consent, and verbally abused. Plaintiffs further allege that Defendant CITY OF ANTIOCH Police Department encouraged, condoned, and ratified its police officers long-standing, deep-rooted racist and misogynistic actions, statements, and conduct as illustrated by the vile and despicable text messages described herein, which were circulated amongst nearly half of the Police Department, including some supervising and command staff.  In spite of legal obligations to report the conduct admitted to in the text messages, and to also report the racist and misogynistic statements themselves to command staff, Plaintiffs allege the text messages went unreported and were only discovered by the F.B.I. secondary to an investigation of a steroid distribution ring in the ANTIOCH Police Department.  The messaging was so widespread that ANTIOCH Police Department command staff must have known of the actions and attitudes reflected in the widely-shared text messages, but looked the other way.

303.     Plaintiffs are further informed and believe and thereon allege that the acts alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, BROOKS, MOREFIELD, FORD, BLEDSOE, DOES 1-100, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged, or condoned by the CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, BLEDSOE, DOES 1-100, and each of them.

304.     The injuries to the Plaintiffs, and each of them, were the foreseeable and proximate result of said customs, policies, patterns, and/or practices of Defendants CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, BLEDSOE, DOES 1-100, and each of them. This conduct was condoned and ratified, by Antioch Police Department Supervisors, and there was no discipline against any of the named defendant officers for their conduct.

305.     Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision, and/or discipline of members of the CITY OF ANTIOCH Police Department.

306.     Plaintiffs are further informed and believe and thereon allege that Plaintiffs' damages and injuries were caused by the customs, policies, patterns, or practices of the CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, BLEDSOE, DOES 1-100, and each of them, of deliberate indifference in the training, supervision, and/or discipline of Antioch Police Officers including, but not limited to, NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, DOES 1-100, and/or each of them.

307. The aforementioned customs, policies, or practices of Defendants CITY OF ANTIOCH, BROOKS, MOREFIELD, FORD, DOES 1-100, and each of them, resulted in the deprivation of Plaintiffs' connotational rights including, but not limited to, the following:

a. The right to be free from excessive and unnecessary police use of force;

b. The right to a Familial Relationship.

c. The right to be free from Racial Bias in the conduct of Antioch police officers in violation of 42. U.S.C. section 1981.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND COMMON CAUSE OF ACTION
### 42 U.S.C. § 1985-86 – Conspiracy To Violate Civil Rights
#### (All Plaintiffs Against All Defendants, and DOES 1 - 100)

308. The foregoing allegations are realleged and incorporated herein.

309. The collective actions by Defendant officers named herein show a conspiracy within the ANTIOCH police department by ANTIOCH officers to violated Plaintiffs' Civil Rights by acting in concert to illegally detain, search, assault, wrongfully arrest people, subject people to malicious prosecution, and discriminate against the citizenry based on their race, ethnicity, and gender. This conspiracy to deprive the Plaintiffs of their legal and constitutional rights within the ANTIOCH police department directly lead to officers within the department to deprive people of the constitutional rights and to act with discrimination and racial bias when interacting with people. This deprivation of constitutional rights, bias and discrimination directly lead to the Plaintiffs suffering from damages stemming from the wrongful acts committed by the defendant officers against the Plaintiffs.

310. In doing the acts complained of herein, Defendants CITY, BROOKS, MOREFIELD, FORD, NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO,

RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, GEIS, MOORE, and/or DOES 1-100, individually and/or while acting in concert with one another, conspired for the purpose of depriving Plaintiffs and/or persons similarly situated to Plaintiffs, either directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws as alleged in this complaint in violation of 42 U.S.C. § 1985.

311.    Plaintiffs are further informed and believe and thereon allege that Defendant CITY OF ANTIOCH, Defendants BROOKS, MOREFIELD, FORD, EVANS, BLEDSOE, DOES 1-100, and each of them, had the power to stop and/or aid in preventing the conspiracy and/or conspiracies by Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, GEIS, MOORE, DOES 1-100, and/or each of them, as alleged herein, but instead maintained customs, policies, and/or practices which encouraged, authorized, condoned, ratified, failed to prevent, and/or failed to aid in the prevention of the wrongs conspired to be done by Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS, GERBER, HILL, MARCOTT, HUGHES, GEIS, MOORE, DOES 1-100, and/or each of them.

312.    As a result of the failure and/or refusal of Defendants BROOKS, MOREFIELD, FORD, EVANS, BLEDSOE, DOES 1-100, and each of them, to prevent or aid in preventing the commission of the conspiracy and/or conspiracies by Defendants NUTT, EVANS, ROMBOUGH, AMIRI, DUGGAR, RAMIREZ, MANLY WILLIAMS, LENDERMAN, BLEDSOE, THOMAS SMITH, PRIETO, RODRIGUEZ, ADAMS, WENGER, HARRIS,

GERBER, HILL, MARCOTT, HUGHES, GEIS, MOORE, and DOES 1-100, Plaintiffs and

persons similarly situated to them are entitled to recover damages in amounts to be determined

according to proof.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.      For general damages according to proof;

2.      For special damages, including but not limited to, past, present and/or future wage

loss, income and support, medical expenses and other special damages in a sum to be determined

according to proof;

3.      For punitive damages and exemplary damages in amounts to be determined

according to proof as to the individually named Defendants, and DOES 1-100, or each of them;

4.      Any and all permissible statutory damages;

5.      For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.      For cost of suit herein incurred;

7.      For injunctive relief, including necessary policy and practice changes to

Defendant CITY OF ANTIOCH'S police department and Court Monitoring to

ensure compliance with such necessary policy and practice changes ; and

8.      For such other and further relief as the Court deems just and proper.

Dated: December 20, 2023           **Burris, Nisenbaum, Curry and LACY, LLP**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ John L. Burris*
John L. Burris
Benjamin Nisenbaum
James Cook
Attorneys for Plaintiffs