# EXHIBIT 8

1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   TONY M. SAIN, SB# 251626
2     E-Mail: Tony.Sain@lewisbrisbois.com
   TORI L. N. BAKKEN, SB# 329069
3     E-Mail: Tori.Bakken@lewisbrisbois.com
   ABIGAIL J. R. McLAUGHLIN, SB# 313208
4     E-Mail: Abigail.McLaughlin@lewisbrisbois.com
   633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendants,
   CITY OF ANTIOCH, FMR. CHIEF
8  TAMMANY BROOKS, FMR. CHIEF TONY
   MOREFIELD, FMR. CHIEF STEVEN FORD,
9  CPL. SCOTT DUGGAR, OFCR. TOM
   LENDERMAN, SGT. LOREN BLEDSOE,
10 OFCR. THOMAS SMITH, OFCR. ROBERT
   GERBER, OFCR. KYLE HILL, OFCR. RYAN
11 GEIS, OCFR. BROCK MARCOTT, SGT. RICK
   HOFFMAN, FMR. CITY MANAGER KWAME
12 REED, AND JONATHAN ADAMS ("City
   Defendants")

13

14              UNITED STATES DISTRICT COURT

15     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17 | TRENT ALLEN, individually; SHAGOOFA | Case No. 3:23-cv-01895-VC [Consolidated
   KHAN, individually; ADAM CARPENTER, | with Case Nos. 23-cv-03773-VC and 3:23-cv-
18 individually; JOSHUA BUTLER, | 06573-VC and 24-cv-01774-VC]
   individually; DEJON RICHARDS, | [*Hon. Vince Chhabria, Dist. Judge*]
19 individually; DRESHAWN JACKSON,
   individually; KARDELL SMITH,
20 individually; DAVID MACKIN, individually, | **JOINT FURTHER CASE MANAGEMENT
   TERRY DWAYNE ROBINSON, JR., | STATEMENT**
21 individually; MANDINGO CAIN,
   individually; AMADEO GARCIA, JR.,
22 individually; ARON TYSON, individually; | Date:      November 15, 2024
   DAUNTE GELLINGTON, individually; | Time:      2:00 p.m.
23 ROBERT YOUNG, individually; TERRY | Crtrm.:    Via Zoom
   THOMAS, individually; SHAQUILLE
24 HILLARD, individually; DANYEL EARL
   LACY, individually; MARCELL LEWIS, | Amend. Consol. Complaint Filed: 05/13/2024
25 individually; GREGORIO YARBOROUGH, | Complaint Filed (Pugh):     03/22/2024
   individually; QUINCY MASON, individually; | Consol. Complaint Filed:    02/02/2024
26 TAHJAY MCCULLOUGH, individually; | Complaint Filed (*Allen*):    04/19/2023
   | Complaint Filed (*Robinson*):  08/11/2023
27             Plaintiffs, | Deemed Related:             11/08/2023

28      vs.

148592557.1                                        1
3:23-cv-01895-VC [Consolidated with Case Nos. 23-
cv-03773-SI and 3:23-cv-06573-VC]
JOINT CASE MANAGEMENT STATEMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| 1 | CITY OF ANTIOCH, a municipal |
| 2 | corporation; TAMMANY BROOKS, individually and in his official capacity as |
| 3 | police chief for the CITY OF ANTIOCH; TONY MOREFIELD, individually and in his |
| 4 | official capacity as interim police chief for the CITY OF ANTIOCH; STEVEN FORD, |
| 5 | individually and in his official capacity as interim police chief for the CITY OF |
| 6 | ANTIOCH; MATTHEW NUTT, individually and in his official capacity as a police officer |
| 7 | for the CITY OF ANTIOCH; JOSH EVANS, individually and in his official capacity as a |
| 8 | police sergeant for the CITY OF ANTIOCH; ERIC ROMBOUGH, individually and in his |
| 9 | official capacity as a police officer for the CITY OF ANTIOCH; MORTEZA AMIRI, |
| 10 | individually and in his official capacity as a police officer for the CITY OF ANTIOCH; |
| 11 | SCOTT DUGGAR, individually and in his official capacity as a police officer for the |
| 12 | CITY OF ANTIOCH; JOHN RAMIREZ, individually and in his official capacity as a |
| 13 | police officer for the CITY OF ANTIOCH; TIMOTHY MANLY WILLIAMS, |
| 14 | individually and in his official capacity as a police officer for the CITY OF ANTIOCH; |
| 15 | TOM LENDERMAN, individually and in his official capacity as a police officer for the |
| 16 | CITY OF ANTIOCH; LOREN BLEDSOE, individually and in his official capacity as a |
| 17 | police sergeant for the CITY OF ANTIOCH; THOMAS SMITH, individually and in his |
| 18 | official capacity as a police officer for the CITY OF ANTIOCH; CALVIN PRIETO, |
| 19 | individually and in his official capacity as a police officer for the CITY OF ANTIOCH; |
| 20 | ANDREA RODRIGUEZ, individually and in her official capacity as a police officer for the |
| 21 | CITY OF ANTIOCH; JONATHAN ADAMS, individually and in his official capacity as a |
| 22 | police officer for the CITY OF ANTIOCH; DEVEN WENGER, individually and in his |
| 23 | official capacity as a police officer for the CITY OF ANTIOCH; DANIEL HARRIS, |
| 24 | individually and in his official capacity as a police officer for the CITY OF ANTIOCH; |
| 25 | ROBERT GERBER, individually and in his official capacity as a police officer for the |
| 26 | CITY OF ANTIOCH; KYLE HILL, individually and in his official capacity as a |
| 27 | police officer for the CITY OF ANTIOCH; Officer MARCOTT, individually and in his |
| 28 | official capacity as a police officer for the |

Trial Date (Π Group 1):  09/15/2025
Trial Date (Π Group 2):  01/26/2026
Trial Date (Π Group 3):  05/26/2026
Trial Date (Π Group 4):  09/28/2026



148592557.1

2

3:23-cv-01895-VC

1  CITY OF ANTIOCH; ARRON HUGHES,
   individually and in his official capacity as a
2  police officer for the CITY OF ANTIOCH;
   RYAN GEIS, individually and in his official
3  capacity as a police officer for the CITY OF
   ANTIOCH; ANTIOCH POLICE
4  DEPARTMENT OFFICER MOORE,
   individually and in is official capacity as a
5  police officer for the CITY OF ANTIOCH;
   and DOES 1-100, inclusive,

6

7          Defendants.

8

9          Pursuant to this Court's October 15, 2024 minute order following the October 11, 2024

10  Further Case Management Conference in the above-captioned matter [Dkt. 266], the Parties hereby

11  submit their Joint Further Case Management Statement and state as follows:

12

13                      **TABLE OF CONTENTS**

                                                                    **Page**
14

15  1.    RULINGS MADE AT PREVIOUS CASE MANAGEMENT CONFERENCE..................4

16  2.    PENDING ISSUES TO BE DISCUSSED AT NOVEMBER 15, 2024 CASE
         MANAGEMENT CONFERENCE......................................................................7

17
         A.    Update re Conspiracy Claim Issue. ...........................................................8
18
               1.    Plaintiffs' Position on Conspiracy Claim Issue.............................9
19
               2.    Defendants' Position on Conspiracy Claim Issue. ........................9
20
         B.    Update re Parties' Settlement Efforts........................................................12
21
               1.    Settlement of Group 4 Plaintiffs (Excluding Terryonn Pugh). ...................12
22
               2.    Scheduling of Group 3 Plaintiffs Settlement Conference. ...........13
23
         C.    Status of Discovery. ..............................................................................13
24
               1.    Depositions......................................................................13
25
               2.    Written Discovery. ...............................................................16
26
               3.    Discovery Disputes. .............................................................19
27
         D.    Potential Unavailability of Defendant Cpl. Duggar: Military Duty........................20

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## 1. RULINGS MADE AT PREVIOUS CASE MANAGEMENT CONFERENCE.

[Joint CMC Statements.]  At the October 11, 2024 Case Management Conference, the Court Ordered the Parties to file joint case management statements moving forward.

[Case Management Scheduling by Plaintiff Groups.]  Additionally, the Court and the Parties discussed setting case management deadlines and trial dates as to each group of Plaintiffs in this matter.  The Court Ordered the Parties to file a stipulation by October 15, 2024 regarding these case management deadlines and trial dates.

The Parties timely filed this Stipulation [Dkt. 269], and the Court granted the Stipulation (as modified) on October 18, 2024 [Dkt. 270] as follows:

### Group 1 Plaintiffs (J. Allen, T. Allen, Pugh [2021], Robinson, Mason):

| Case Management Event: | Date-Deadline: |
|---|---|
| Motions to Amend Pleadings or Add Parties – Filing Due | 12/23/2024 |
| Fact Discovery Cut-Off | 04/25/2025 |
| Expert Disclosures Due (initial) | 04/28/2025 |
| Rebuttal-Supplemental Expert Disclosures Due | 05/12/2025 |
| Expert Discovery Cutoff – Last Day to Complete | 05/27/2025 |
| Dispositive Motions/MSJs & Non-Discovery Motion Filing Deadline (*e.g.*, non-discovery motions unrelated to the conduct of trial) | 06/06/2025 |
| Dispositive Motion Hearing Cut-Off – Last Day for Hearing Dispositive/Non-Discovery Motions (MSJs) | 07/11/2025 |
| Deadline to Meet and Confer Regarding Pre-Trial Conference | 08/11/2025 |
| Deadline to Serve Motions in Limine | 08/11/2025 |
| Deadline to Serve Oppositions to Motions in Limine | 08/18/2025 |
| Deadline to File Proposed Supplemental Juror Questionnaire | 08/18/2025 |
| Deadline to File Proposed Jury Instructions | 08/18/2025 |
| Deadline to File Joint Pretrial Conference Statement | 08/25/2025 |
| Deadline to File Motions in Limine and Oppositions to Motions in Limine | 08/25/2025 |
| Deadline to File Individuals List, Proposed Verdict Forms, Statement of Case, and Exhibit List | 09/02/2025 |
| Deadline to Arrange Daily Transcript or Real Time Report | 09/02/2025 |
| Deadline to File Proposed Order for Bringing Exhibit Presentation Equipment and Technology into the Building | 09/02/2025 |
| Deadline to Contact Bhavna Sharma Regarding Courtroom Layout and Technology | 09/05/2025 |
| Final **Pre-Trial Conference**; Hearing on Motions *in Limine* | 09/09/2025 |
| Deadline to File Joint Designations of All Deposition Testimony | 09/09/2025 |
| Deadline to Deliver Original Trial Exhibit Set and Thumb Drive of Exhibits | 09/11/2025 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Case Management Event: | Date-Deadline: |
|---|---|
| **TRIAL** (Jury Trial) | 09/15/2025 |

### Group 2 Plaintiffs (Butler, Carpenter, Jackson, Khan, Lacy, Lewis):

| Case Management Event: | Date-Deadline: |
|---|---|
| Motions to Amend Pleadings or Add Parties – Filing Due | 05/05/2025 |
| Fact Discovery Cut-Off | 08/11/2025 |
| Expert Disclosures Due (initial) | 08/18/2025 |
| Rebuttal-Supplemental Expert Disclosures Due | 09/02/2025 |
| Expert Discovery Cutoff – Last Day to Complete | 09/12/2025 |
| Dispositive Motions/MSJs & Non-Discovery Motion Filing Deadline (*e.g.*, non-discovery motions unrelated to the conduct of trial) | 10/03/2025 |
| Dispositive Motion Hearing Cut-Off – Last Day for Hearing Dispositive/Non-Discovery Motions (MSJs) | 11/07/2025 |
| Deadline to Meet and Confer Regarding Pre-Trial Conference | 12/15/2025 |
| Deadline to Serve Motions in Limine | 12/15/2025 |
| Deadline to Serve Oppositions to Motions in Limine | 12/22/2025 |
| Deadline to File Proposed Supplemental Juror Questionnaire | 12/22/2025 |
| Deadline to File Proposed Jury Instructions | 12/22/2025 |
| Deadline to File Joint Pretrial Conference Statement | 12/29/2025 |
| Deadline to File Motions in Limine and Oppositions to Motions in Limine | 12/29/2025 |
| Deadline to File Individuals List, Proposed Verdict Forms, Statement of Case, and Exhibit List | 01/05/2026 |
| Final **Pre-Trial Conference**; Hearing on Motions *in Limine* | 01/13/2026 |
| Deadline to Arrange Daily Transcript or Real Time Report | 01/13/2026 |
| Deadline to File Proposed Order for Bringing Exhibit Presentation Equipment and Technology into the Building | 01/13/2026 |
| Deadline to Contact Bhavna Sharma Regarding Courtroom Layout and Technology | 01/16/2026 |
| Deadline to File Joint Designations of All Deposition Testimony | 01/20/2026 |
| Deadline to Deliver Original Trial Exhibit Set and Thumb Drive of Exhibits | 01/22/2026 |
| **TRIAL** (Jury Trial) | 01/26/2026 |

### Group 3 Plaintiffs (Cain, Hillard, Mackin, Smith, Thomas, Tyson, Yarborough):

| Case Management Event: | Date-Deadline: |
|---|---|
| Motions to Amend Pleadings or Add Parties – Filing Due | 09/15/2025 |
| Fact Discovery Cut-Off | 12/22/2025 |
| Expert Disclosures Due (initial) | 01/09/2026 |
| Rebuttal-Supplemental Expert Disclosures Due | 01/16/2026 |
| Expert Discovery Cutoff – Last Day to Complete | 02/06/2026 |
| Dispositive Motions/MSJs & Non-Discovery Motion Filing Deadline (*e.g.*, non-discovery motions unrelated to the conduct of trial) | 02/13/2026 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Case Management Event: | Date-Deadline: |
|---|---|
| Dispositive Motion Hearing Cut-Off – Last Day for Hearing Dispositive/Non-Discovery Motions (MSJs) | 03/20/2026 |
| Deadline to Meet and Confer Regarding Pre-Trial Conference | 04/20/2026 |
| Deadline to Serve Motions in Limine | 04/20/2026 |
| Deadline to Serve Oppositions to Motions in Limine | 04/27/2026 |
| Deadline to File Proposed Supplemental Juror Questionnaire | 04/27/2026 |
| Deadline to File Proposed Jury Instructions | 04/27/2026 |
| Deadline to File Joint Pretrial Conference Statement | 05/04/2026 |
| Deadline to File Motions in Limine and Oppositions to Motions in Limine | 05/04/2026 |
| Deadline to File Individuals List, Proposed Verdict Forms, Statement of Case, and Exhibit List | 05/11/2026 |
| Deadline to Arrange Daily Transcript or Real Time Report | 05/12/2026 |
| Deadline to File Proposed Order for Bringing Exhibit Presentation Equipment and Technology into the Building | 05/12/2026 |
| Deadline to Contact Bhavna Sharma Regarding Courtroom Layout and Technology | 05/15/2026 |
| Final **Pre-Trial Conference**; Hearing on Motions *in Limine* | 05/19/2026 |
| Deadline to File Joint Designations of All Deposition Testimony | 05/19/2026 |
| Deadline to Deliver Original Trial Exhibit Set and Thumb Drive of Exhibits | 05/21/2026 |
| **TRIAL** (Jury Trial) | 05/26/2026 |

### Group 4 Plaintiffs (Garcia, Gellington, McCullough, Pugh [2020], Richards, Suitter, Young):

| Case Management Event: | Date-Deadline: |
|---|---|
| Motions to Amend Pleadings or Add Parties – Filing Due | 01/12/2026 |
| Fact Discovery Cut-Off | 04/24/2026 |
| Expert Disclosures Due (initial) | 05/08/2026 |
| Rebuttal-Supplemental Expert Disclosures Due | 05/22/2026 |
| Expert Discovery Cutoff – Last Day to Complete | 06/05/2026 |
| Dispositive Motions/MSJs & Non-Discovery Motion Filing Deadline (*e.g.*, non-discovery motions unrelated to the conduct of trial) | 06/12/2026 |
| Dispositive Motion Hearing Cut-Off – Last Day for Hearing Dispositive/Non-Discovery Motions (MSJs) | 07/17/2026 |
| Deadline to Meet and Confer Regarding Pre-Trial Conference | 08/17/2026 |
| Deadline to Serve Motions in Limine | 08/17/2026 |
| Deadline to Serve Oppositions to Motions in Limine | 08/24/2026 |
| Deadline to File Proposed Supplemental Juror Questionnaire | 08/24/2026 |
| Deadline to File Proposed Jury Instructions | 08/24/2026 |
| Deadline to File Joint Pretrial Conference Statement | 08/31/2026 |
| Deadline to File Motions in Limine and Oppositions to Motions in Limine | 08/31/2026 |

JOINT FURTHER CASE MANAGEMENT STATEMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Case Management Event: | Date-Deadline: |
|---|---|
| Deadline to File Individuals List, Proposed Verdict Forms, Statement of Case, and Exhibit List | 09/08/2026 |
| Final **Pre-Trial Conference**; Hearing on Motions *in Limine* | 09/15/2026 |
| Deadline to Arrange Daily Transcript or Real Time Report | 09/15/2026 |
| Deadline to File Proposed Order for Bringing Exhibit Presentation Equipment and Technology into the Building | 09/15/2026 |
| Deadline to Contact Bhavna Sharma Regarding Courtroom Layout and Technology | 09/18/2026 |
| Deadline to File Joint Designations of All Deposition Testimony | 09/22/2026 |
| Deadline to Deliver Original Trial Exhibit Set and Thumb Drive of Exhibits | 09/24/2026 |
| **TRIAL** (Jury Trial) | 09/28/2026 |

[Further CMCs.]  The Court also set its schedule regarding Further Case Management Conferences and the related Case Management Statement filing deadlines (due one week prior) with the Parties' input, as follows:

- November 15, 2024 at 2:00 p.m. (Case Management Statement due by 11/08/2024).

- December 9, 2024 at 2:00 p.m. (Case Management Statement due by 12/02/2024).

- January 6, 2025 at 2:00 p.m. (Case Management Statement due by 12/30/2024).

- February 3, 2025 at 2:00 p.m. (Case Management Statement due by 01/27/2025).

- February 24, 2025 at 2:00 p.m. (Case Management Statement due by 02/18/2025).

- April 7, 2025 at 2:00 p.m. (Case Management Statement due by 03/31/2025).

- May 5, 2025 at 2:00 p.m. (Case Management Statement due by 04/28/2025).

- June 2, 2025 at 2:00 p.m. (Case Management Statement due by 05/27/2025).

- July 7, 2025 at 2:00 p.m. (Case Management Statement due by 06/30/2025).

- August 4, 2025 at 2:00 p.m. (Case Management Statement Due by 07/28/2025).

- September 8, 2025 at 2:00 p.m. (Case Management Statement due by 09/02/2025).

Currently, all Further Case Management Conferences are to be held via Zoom, excluding the September 8, 2025 Further Case Management Conference, which will be held in-person.  [*See* Dkt. 266.]

## 2.     PENDING ISSUES TO BE DISCUSSED AT NOVEMBER 15, 2024 CASE MANAGEMENT CONFERENCE.

At the prior CMC, the honorable Court indicated that it wanted to discuss the following

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

agenda items: (1) the Conspiracy claim issue; (2) Status/Plan for Settlement; and (3) any other case management issues the Parties thought the honorable District Judge could help with.

### A. Update re Conspiracy Claim Issue.

As the October 11, 2024 Further Case Management Conference, the Court requested that the Parties come to an agreement regarding the treatment of Plaintiffs' conspiracy claim at each trial in this matter.

**Parties' Agreement on Conspiracy Claim Litigation**.  The Parties have subsequently agreed that each trial would determine liability of the specific defendant officers involved in the underlying incident for that particular Plaintiff's trial, and liability of those particular defendant officers' role in the alleged conspiracy.

Thus, during each Plaintiffs' incident-related trial, the only defendants at risk of liability on each of the Plaintiffs' conspiracy claim would be those that are alleged to be involved in that Plaintiff's underlying incident.  The defendants at risk of liability in each incident-related trial are only those who are alleged in the operative complaint to have been involved in that specific incident. While evidence might be proffered at trial as to the involvement in such incident-related conspiracy of other officers who are not defendants otherwise involved in that specific incident, such uninvolved officers' role in such conspiracy would not be subject to finding liability as to such conspiracy in that particular trial as to that underlying incident.

In other words, the Parties further agree that the jury would not be asked to make a finding regarding these uninvolved officer defendants' involvement in the purported conspiracy and such would not be binding on subsequent trials.

Additionally, as the Parties engage in settlement discussions in this matter, if a settlement occurs regarding a defendant officer that would resolve all claims against that defendant officer for a Plaintiff involved in that officer's incident, and the defendant officer is not a defendant in any other incident, but where other Plaintiffs not involved in that same incident have still pled a conspiracy claim against that officer, the Parties have agreed to a settlement term so as to ensure that such defendant officer is appropriately dismissed with prejudice as to all claims of liability, including the other Plaintiffs' conspiracy claims, and that such officer is thus no longer a party to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  this action.

2      While the Parties have come to the above agreements as to Plaintiffs' conspiracy claims,

3  they still have disagreements regarding the handling of the same procedurally. The Parties' positions

4  on such procedural matters are as follows:

5          **1.    Plaintiffs' Position on Conspiracy Claim Issue.**

6      During trial, other evidence may be proffered for admission to prove the alleged overarching

7  conspiracy involving other officer defendants (those not directly involved in the underlying incident

8  being tried) being involved in the alleged conspiracy, even though such officers were not involved

9  in the underlying incident, to the extent the Court found such to be relevant/admissible. Plaintiffs

10 contend the alleged overarching conspiracy is relevant in proving the individual instances at issue

11 in each incident.  However, the conspiracy findings by the jury as to each defendant-officer

12 specifically involved in the specific incident being tried would have no preclusive or binding effect

13 on any defendant officer not being tried for the specific underlying incident at issue in that trial.

14     For example, if Plaintiff A in Group 1 has his case going to trial against Officer-Defendant

15 A, who was involved in Plaintiff A's incident, Plaintiff A would be able to proffer evidence

16 regarding other Defendant officers who were not involved in Plaintiff A's underlying incident, (for

17 this example referred to as Officer-Defendant B) participation in a conspiracy with Officer-

18 Defendant A to violate civil rights of people similarly situated to Plaintiff A, but the jury's

19 conspiracy findings would be limited to Officer-Defendant A, and the jury would make no finding

20 as to Officer-Defendant B.

21     It is Plaintiffs view that the evidence of the conspiracy is relevant evidence since the

22 conspiracy was directed at specific groups of people, as specifically alleged in the operative

23 Consolidated Complaint, and is relevant under FRE 401, 402 and 404(b), with the intent to violate

24 civil rights of those groups of people.  But these are ultimately issues that should be decided by

25 pre-trial evidentiary motions regarding admissibility of evidence, not during a Case Management

26 Conference during discovery.

27          **2.    Defendants' Position on Conspiracy Claim Issue.**

28     During trial, other evidence may be proffered for admission regarding other officer

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

JOINT FURTHER CASE MANAGEMENT STATEMENT

defendants being involved in the alleged conspiracy <u>pertaining to that Plaintiff</u>, even though they were not involved in the underlying incident, to the extent the Court found such to be relevant/admissible. (Thus, by way of example, if Plaintiff A in Group 1 has his case going to trial against Officer-Defendant A, who was involved in Plaintiff A's incident, Plaintiff A would be able to proffer evidence that, as to Officer-Defendant B, who was not involved in Plaintiff A's incident, Officer-Defendant B participated in a conspiracy that caused or exacerbated some part of the damages that Plaintiff A suffered in association with the incident.)

Defendants' concern with Plaintiffs' proposal is that it removes the required causation element from Plaintiffs' conspiracy claim – because a Defendant Officer's alleged role in a conspiracy has no relevance to trial in an underlying incident if Plaintiffs are not alleging that such Defendant Officer had some role in harming the Plaintiff that is the subject of that trial.

Rather, by pursuing this "overarching conspiracy" language, in Defendants' view Plaintiffs attempt to shoehorn unfairly prejudicial guilt-by-association and/or *Monell* evidence involving officers uninvolved in that Plaintiff's incident: evidence that has no relevance to proof of harm to the Plaintiff whose incident is going to trial.

To elaborate, based on the Court's prior rulings, so as to avoid unfair prejudice to the individual officer defendants, Defendants anticipate that, as to each Plaintiff's trial, evidence of underlying incident constitutional violation by the officer defendants involved in that specific incident would precede, and such liability would be decided upon, before evidence of non-incident wrongdoing, related pattern-and-custom evidence, and comparable *Monell*-style claims against the municipality was proffered. As it goes without saying that conspiracy claims are actionable only against individual, non-entity defendants, for plaintiffs to prove their conspiracy claims, they must show that specific officer defendants were involved in a conspiracy that *caused harm* to the specific plaintiff whose conspiracy claim is being tried at that time.

Therefore, contrary to what Plaintiffs assert, unless some officer's involvement in the conspiracy at issue had some causal role in harming the specific plaintiff whose case is then being tried, that officer's actions are irrelevant to determining the underlying incident claims.

Thus, to illustrate by way of example, let us assume that Plaintiff A's case was proceeding

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    to trial against Officer Defendants 1 and 2 for Incident Alpha, in which Officer Defendants 1 and 2

2    were directly involved in Plaintiff A's arrest and a related use of force; and that Plaintiff A also

3    claimed that Officer Defendants 1 and 2 engaged in a pre-incident conspiracy to falsely arrest

4    Plaintiff A, and/or a post-incident conspiracy to cover up the unlawful nature of their false arrest,

5    and thereby somehow exacerbating Plaintiff A's injuries.  Let us also assume that, as to Officer

6    Defendant 3, who was *not* involved in Plaintiff A's underlying incident arrest, and who is *not* a

7    defendant to any of Plaintiff A's underlying incident claims, Plaintiff A claims that Officer

8    Defendant 3 (the Uninvolved Officer Defendant) was also directly involved in the conspiracy that

9    caused harm to Plaintiff A.  Let us also assume that the Uninvolved Officer Defendant (Officer

10   Defendant 3) *was* directly involved in Plaintiff B's underlying arrest incident, Incident Beta, but that

11   Plaintiff B's claims as to Incident Beta are *not* yet on trial.

12       In such a scenario, where there was some evidentiary nexus between the Uninvolved Officer

13   Defendant and the conspiratorial harm that such officer caused to Plaintiff A, Defendants could

14   conceive of a possible scenario of admissibility where the Uninvolved Officer Defendant's role

15   might be relevant/admissible, even if the Uninvolved Officer Defendant is not subject to a finding

16   of liability as to Incident Alpha or Plaintiff A's underlying incident claims, and even if any jury

17   findings pertaining to such incident necessarily lack *res judicata* effect as to the Uninvolved Officer

18   Defendant.  In other words, though Plaintiff A had decided that the Uninvolved Officer Defendant

19   was not sufficiently involved in the conspiracy against Plaintiff A as to be a defendant to Plaintiff

20   A's underlying Incident Alpha claims, that pleading decision alone would not necessarily preclude

21   Plaintiff A from proffering evidence that Officer Defendant 3 was still involved in conspiratorial

22   acts (pre-incident or post-incident) that caused Plaintiff A's harm.

23       By way of contrast, under that same scenario, where the Uninvolved Officer Defendant's

24   conspiratorial actions had no causal role/nexus in Plaintiff A's harm, particularly since the

25   Uninvolved Officer Defendant is *not* a defendant to Plaintiff A's Incident Alpha claims, then not

26   only are Officer Defendant 3's "conspiracy" actions irrelevant, but admitting them would be unfairly

27   prejudicial to Officer Defendants 1 and 2: for such is exactly the kind of guilt-by-association effect

28   that should be avoided in cases such as this.

JOINT FURTHER CASE MANAGEMENT STATEMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Thus, in such a scenario, while it might be of prurient interest that Officer Defendant 3 called

2    Plaintiff B a derogatory name, or made unlawful plans or engaged in unlawful acts to harm Plaintiff

3    B in Incident Beta, where Officer Defendant 3 is not a defendant to Plaintiff A's underlying Incident

4    Alpha claims, such Officer Defendant 3 bad acts are wholly irrelevant: as they have no tendency in

5    reason to make anything at issue in that phase of trial – the wrongdoing of Officer Defendant 1 and

6    2 in Incident Alpha – more or less likely to be proved true.  While billed as "conspiracy" evidence,

7    in such a scenario, the evidence against the Uninvolved Officer Defendant is thus nothing more than

8    a backdoor maneuver to place guilt-by-association, non-incident, *Monell*-type evidence before the

9    jury in the manner that is most unfairly prejudicial to the involved Officer Defendants as possible.

10    As a result, Defendants cannot agree to Plaintiffs' framing of the issue: particularly the

11    vagueness of language that would permit them to undermine the Due Process/Fair Trial rights of the

12    Officer Defendants in each trial by proffering evidence that goes to other officers' wrongdoing in

13    incidents that are not the subject of the specific trial at issue.

14    Moreover, Defendants request that Plaintiffs identify those Officer Defendants they assert

15    were involved in the conspiracy impacting each particular Plaintiff.  At this time, Defendants are

16    concerned that the current proposed agreement does not address how Plaintiffs' all-encompassing

17    conspiracy claim will be resolved, and (unlike what the Court had previously indicated it would be

18    Ordering) Plaintiffs' proposed language makes it unclear what the role of each of the Officer

19    Defendants will play in each of the trials.

20    **B.    Update re Parties' Settlement Efforts.**

21    **1.    *Settlement of Group 4 Plaintiffs (Excluding Terryonn Pugh).***

22    On October 15, 2024, the Parties engaged in a Settlement Conference with Judge Laurel

23    Beeler regarding the Group 4 Plaintiffs – Tahjay McCullough, Terryonn Pugh (solely as to his

24    alleged 2020 incident), Amadeo Garcia, Jr., Kayce Suitter, Daunte Gellington, Dejon Richards, and

25    Robert Young.  The Group 4 Plaintiffs (except Mr. Pugh) reached a conditional and enforceable

26    settlement on the record for specified amounts to be paid solely by the City and/or its insurers to

27    each of the aforementioned plaintiffs that completely resolves all claims by the Group 4 Plaintiffs –

28    excluding Plaintiff Terryonn Pugh (as to the 2020 incident) – against all defendants in this action –

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

including but not limited to all Conspiracy claims brought by any plaintiffs against any and all defendants involved solely in the incidents at issue in the Group 4 plaintiffs' claims. [*See* Dkt. 265.]

On October 31, 2024, the Parties' filed their Notice of Partial Conditional Settlement Regarding Group 4 Plaintiffs. [Dkt. 275.] Written settlement agreements have also been circulated for signature, with such signature expected.

With these conditional settlements, Plaintiff Terryonn Pugh is the only remaining Group 4 Plaintiff. The Parties respectfully request that the Court include Plaintiff Terryonn Pugh (as to the 2020 incident) with the Group 3 Plaintiffs and vacate all case management deadlines and the trial date as to the Group 4 Plaintiffs.

Notably, Terryonn Pugh (as to the 2021 incident) remains in Group 1.

### 2. Scheduling of Group 3 Plaintiffs Settlement Conference.

After discussion amongst Judge Beeler and the Parties regarding availability, Judge Beeler set the Settlement Conference regarding Group 3 Plaintiffs for December 11, 2024 at 11:00 a.m. [Dkt. 271.]

### C. Status of Discovery.

### 1. Depositions.

Plaintiffs noticed the deposition for a Person Most Knowledgeable ("PMK") regarding Defendant City of Antioch's records locations, storage, and production: which is set for the mutually agreeable date of November 15, 2024.

On October 17, 2024, the Parties participated in a meet and confer session via Zoom regarding scheduling of depositions related to the Group 1 Plaintiffs' incidents in this matter: including the depositions of those plaintiffs, as well as several involved officers/defendants and some civilians/bystanders. The following agreements were reached:

As to all depositions, a Zoom attendance option will be made available to all counsel, even where deponent is required to attend in-person.

<u>Plaintiff Trent Allen Incident</u>. The Parties scheduled the depositions of the following witnesses (all to take place in-person unless otherwise noted, with the option of Zoom attendance for all counsel):

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Plaintiff Trent Allen on February 21, 2025 at 10:00 a.m. at Valley State Prison by City

2    Defendants;

3    Defendant Officer Brock Marcotte on January 23, 2025 at 10:00 a.m. at Plaintiffs' counsels'

4    office by Plaintiffs;

5    Defendant Officer Scott Duggar on January 23, 2025 at 2:00 p.m. at Plaintiffs' counsels'

6    office by Plaintiffs;

7    Defendant Officer Robert Gerber on January 17, 2025 at 10:00 a.m. via Zoom by Plaintiffs;

8    Defendant Officer Jonathan Adams on February 20, 2025 at 10:00 a.m. at Plaintiffs'

9    counsels' office by Plaintiffs;

10    Non-party incident witness Amuri Pittman on January 22, 2025 at 10:00 a.m. at LBBS

11    Walnut Creek by City Defendants.

12    Defendant Officers Eric Rombough and Timothy Manly-Williams' depositions were not

13    scheduled due to the stay related to the pending criminal matters against these officers. The parties

14    are currently working to find an agreeable date for the deposition of Officer Ryan McDonald.

15    <u>Plaintiff Terryon Pugh Incident.</u>  The Parties scheduled the depositions of the following

16    witnesses (all to take place in-person unless otherwise noted, with the option of Zoom attendance

17    for all counsel):

18    Plaintiff Terryonn Pugh on February 28, 2025 at 10:00 a.m. at Valley State Prison by City

19    Defendants (This deposition will also include the November 10, 2020 incident involving Defendants

20    Nutt, Prieto, and Rodriguez, which is currently in Trial Group 4, if such is not settled or dismissed

21    prior to such date);

22    Non-party witness Armonie Pugh on January 10, 2025 at 10:00 a.m. at LBBS Walnut Creek

23    by City Defendants.

24    <u>Plaintiff Jamari Allen Incident</u>.  The Parties scheduled the depositions of the following

25    witnesses (all to take place in-person unless otherwise noted, with the option of Zoom attendance

26    for all counsel):

27    Plaintiff Jamari Allen on January 9, 2025 at 10:00 a.m. at LBBS Walnut Creek by City

28    Defendants.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Defendant Officer Morteza Amiri's deposition was not scheduled due to the stay related to

2    the pending criminal matters against this officer.

3    Plaintiff Terry Robinson, Jr. Incident.  The Parties scheduled the depositions of the following

4    witnesses (all to take place in-person unless otherwise noted, with the option of Zoom attendance

5    for all counsel):

6    Plaintiff Terry Robinson, Jr. on January 8, 2025 at 10:00 a.m. at LBBS Walnut Creek by

7    City Defendants;

8    Defendant Officer Matthew Nutt on February 18, 2025 at 10:00 a.m. at Plaintiffs' counsels'

9    office by Plaintiffs;

10   Defendant Officer Scott Duggar on January 23, 2025 at 2:00 p.m. at Plaintiffs' counsels'

11   office by Plaintiffs (to be combined with his deposition scheduled related to the Trent Allen

12   incident);

13   Non-party witness Terrel Green on February 26, 2025  at 10:00 a.m. at LBBS Walnut Creek

14   by City Defendants.

15   Plaintiff Quincy Mason Incident.  The Parties scheduled the depositions of the following

16   witnesses (all to take place in-person unless otherwise noted, with the option of Zoom attendance

17   for all counsel):

18   Guardian *ad Litem* Deshon Cordova for minor Plaintiffs Q.M. and Q.M. on January 21, 2025

19   at 10:00 a.m. at LBBS Walnut Creek by City Defendants;

20   Non-party witness Ashley Jones on February 26, 2025 at 2:00 p.m. at LBBS Walnut Creek

21   by City Defendants;

22   Defendant Sergeant Rick Hoffman on March 4, 2025 at 10:00 a.m. at Plaintiffs' counsels'

23   office by Plaintiffs;

24   Defendant Officer Brock Marcotte on January 23, 2025 at 10:00 a.m. at Plaintiffs' counsels'

25   office by Plaintiffs (to be combined with his deposition scheduled related to the Trent Allen

26   incident);

27   Defendant Officer Jonathan Adams on February 20, 2025 at 10:00 a.m. at Plaintiffs'

28   counsels' office by Plaintiffs (to be combined with his deposition scheduled related to the Trent

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

148592557.1                                    15                                    3:23-cv-01895-VC
JOINT FURTHER CASE MANAGEMENT STATEMENT

Allen incident).

Defendant Officers Eric Rombough and Morteza Amiri's depositions were not scheduled due to the stay related to the pending criminal matters against these officers.

While there are few additional depositions needed as to the Group 1 Plaintiffs, the Parties are productively meeting and conferring on identifying those individuals and scheduling dates for the same.

Additionally, Plaintiffs will depose Adjutant of Sr. Inspector Larry Wallace, who oversaw the overarching text message investigation for the Contra Costa County D.A.'s office's public corruption unit. His deposition is tentatively scheduled for February 7, 2025 (Defendants are awaiting Plaintiffs' conforming notice), due to all counsel's lack of availability before then.

### 2. *Written Discovery.*

<u>Meet and Confer Efforts and Related Actions</u>. On October 18, 2024, City Defendants' counsel and Plaintiffs' counsel engaged in a meet and confer regarding City Defendants' responses to Plaintiffs' various Requests for Production. City Defendants discussed the various issues regarding production identification and Plaintiffs agreed to narrow down the specific items of which they sought production by evidence number to streamline such production.

The parties are meeting and conferring on getting additional documents and files responsive to Plaintiffs' Requests for Production of Documents to City Defendants, Sets One, Two, Three, and Four.

On January 22, 2024, City Defendants served their Responses to Plaintiffs' Requests for Production of Documents, Set One. On January 26, 2024, City Defendants served their Supplemental Responses to Plaintiffs' Requests for Production of Documents, Set One and produced 189 pages. On April 15, 2024, City Defendants served their Responses to Plaintiffs' Requests for Production of Documents, Set Two and produced 15,531 pages and 9 Excel spreadsheets. On June 14, 2024, City Defendants served their Second Supplemental Responses to Plaintiffs' Requests for Production of Documents, Set One and produced 53 audio/visual files. On August 1, 2024, City Defendants served their Responses to Plaintiffs' Requests for Production of Documents, Set Three and produced 429 pages and 42 audio/visual files. On September 9, 2024,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  City Defendants served their Responses to Plaintiffs' Requests for Production of Documents, Set

2  Four and produced 9 pages.

3        Moreover, in addition to their Initial Disclosures, City Defendants have served six sets of

4  Supplemental Disclosures that include documents and files at issue in the meet and confer. On

5  February 29, 2024, City Defendants served their Initial Disclosures, producing 918 pages and 42

6  audio/visual files. On April 17, 2024, City Defendants served their Supplemental Disclosures,

7  producing 1,240 pages. On August 7, 2024, City Defendants served their Second Supplemental

8  Disclosures, producing 468 pages and 17 audio/visual files. On September 10, 2024, City

9  Defendants served their Third Supplemental Disclosures, producing 90 pages. On September 11,

10 2024, City Defendants served their Fourth Supplemental Disclosures, producing 1,088 pages and

11 17 audio/visual files. On September 27, 2024, City Defendants served their Fifth Supplemental

12 Disclosures, producing 22 pages and 24 audio/visual files. On October 11, 2024, City Defendants

13 served their Sixth Supplemental Disclosures, producing 37 pages and 2 audio/visual files.

14       Plaintiffs also provided a list of produced items for which they requested identifying

15 information, *i.e.* the Plaintiff and case number to which such production related. On October 24,

16 2024, City Defendants provided Plaintiffs with a memorandum stating the requested identifying

17 information as to certain produced documents (Bates Stamp Nos. APD 001547-APD 001549, APD

18 001554, APD 001556-APD 001558, APD 006219, APD 007067, APD 007074-APD 008282, APD

19 008286-008380, APD 008451, APD 008455-APD 08456, APD 008460-APD 008463, APD

20 008464-APD 008466, APD 008722-APD 008725, APD 008728, APD 008732-APD 008739, APD

21 008751-APD008793, APD 008803-APD 008858, APD 008886-APD 008888).

22       Plaintiffs further requested that certain productions be re-sent, as Plaintiffs did not have

23 record of receipt of the same. City Defendants have since re-sent certain productions to Plaintiff

24 pursuant to their request, as follows: APD 002641-APD 002650, APD 008644 (previously produced

25 on February 28, 2024), APD 002429 (previously produced on February 29, 2024), APD 004385-

26 APD 004390, APD 008286-APD 008380, APD 008463 (previously produced on June 14, 2024),

27 and APD 008722-008724, APD 008728, APD 008732-APD 008739, APD 008760-APD 008764,

28 APD 008841-APD 008846 (previously produced on August 1, 2024), and APD 008855-APD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

148592557.1                                17                                3:23-cv-01895-VC
JOINT FURTHER CASE MANAGEMENT STATEMENT

1   008858 (previously produced on August 1, 2024).

2       Finally, Plaintiffs informed City Defendants that Plaintiff Dreshawn Jackson is also known

3   as "Dejon Johnson" and/or "Deshon Johnson" in APD's records for Dreshawn Jackson in the

4   report's "ALIAS" or "AKA" field, including reports for Case No. 20-3380. City Defendants agreed

5   to conduct a search for relevant files under this alias for production to Plaintiffs.

6       <u>Current Status of City Defendants' Production</u>.  Currently, City Defendants have produced

7   266 items (approximately 10,000 pages) identified in their Initial Disclosures and Responses to

8   Plaintiffs' Requests for Production.  Per the Parties' agreement, City Defendants are currently

9   focused on producing additional documents identified by APD evidence item number in Plaintiffs'

10  November 1, 2024 Meet and Confer Letter and those documents and the City Defendants are

11  working on providing a timeline regarding production of the same to the extent that any responsive

12  documents were not already produced due to error or a failure to locate such.

13      <u>Outstanding Items Plaintiffs Allege As Not Included in Prior Production:</u> On November 1,

14  2024, Plaintiffs provided Defense Counsel with a narrowed-down list identifying evidence

15  identification numbers for all relevant file attachments and logged evidence referenced in produced

16  police reports that Plaintiffs believe were missing from the previous productions. Additionally, the

17  list includes outstanding items that City Defendants claimed to have been previously produced but

18  Plaintiffs have yet to be able to locate, such as: photos of PLAINTIFFS in the hospital after their

19  arrests;  missing police reports for various case numbers related to Plaintiffs TERRYONN PUGH,

20  JOSHUA BUTLER, ADAM CARPENTER, SHAGOOFA KHAN, MARCELL LEWIS, QUINCY

21  MASON, DANIEL MACKIN, MANDINGO CAIN, KARDELL SMITH, and DRESHAWN

22  JACKSON; missing police report pages for Plaintiffs TRENT ALLEN, TERRYONN PUGH,

23  SHAGOOFA KHAN, and MARCELL LEWIS; missing photos and audio recordings relating to

24  Plaintiff JOSHUA BUTLER; missing video surveillance relating to Plaintiff ADAM CARPENTER,

25  SHAQUILLE HILLIARD, and KARDELL SMITH; unredacted versions of police reports relating

26  to Plaintiff ADAM CARPENTER, SHAGOOFA KHAN, and MANDINGO CAIN; and missing or

27  unredacted versions of pages from APD internal investigation reports.  City Defendants are working

28  diligently to re-produce or provide these items, to the extent they exist.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

BWC / MVAR Footage Not Produced: Plaintiffs' Counsel are aware that APD did not provide nor have a policy requiring officers to use BWC and MVAR until as late as July 2021. It follows that *some* of the subject incidents (those prior to 2021) may not have BWC/MVAR footage. However, for each Plaintiff whose subject incident occurred during or after 2021, Plaintiffs have again requested that Defendants produce all BWC/MVAR footage available as to each Plaintiff, or otherwise that Defendants indicate with the next production that no such footage exists. City Defendants are working diligently to provide these items, to the extent such exist.

### 3.    *Discovery Disputes.*

Privileges Claimed. On November 6, 2024, Plaintiffs sent a letter to City Defendants constituting a formal request to meet and confer on some outstanding issues regarding APD Internal Investigations documents, wherein Plaintiffs claim that: (1) APD documents as to defendant APD officers that have yet to be produced and remain unaccounted for; (2) Defendants' privilege log does not comply with the FRCP or Judge Kim's standing order; and (3) Plaintiffs contest Defendants' broad claims of three federal privileges, on grounds that those privileges are inapplicable as to certain responsive documents and/or parties.  Defendants offered several dates to meet and confer on these alleged issues prior to the upcoming November 15, 2024 Discovery Conference, and the Parties agreed to hold this meet and confer on November 13, 2024 at 11:00 a.m.  Defendants are hopeful such issues can be resolved without Court intervention.

Unaccounted-for Items: City Defendants state that they have produced and/or disclosed all items responsive to Plaintiffs' discovery requests in their possession. However, filings in the criminal case against some of the defendant officers appear to contradict this claim. For example, a brief in the criminal case pertaining to Defendants WENGER, ROMBOUGH, and AMIRI (Cal. N.D. Criminal Docket No. 4:23-cr-00269-JSW) acknowledges that there was an APD internal investigation conducted into Defendant Officer MARCOTTE, "based in part, upon the text messages threads of Antioch Police Officers being leaked to the media." (Cal. N.D. Criminal Case No. 4:23-cr-00269-JSW, Dkt. No 186, at p. 7.)  Documentation of said internal investigation is responsive to Plaintiffs' RPD Set One, numbers 4, 5, 15, 17, 19, 21, 22, 23, and 27-39, to which Defendants served their response on January 29, 2024. However, no documents from the APD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

internal investigation into Officer MARCOTTE have been produced or identified in a privilege log. In the same criminal case there is an APD Memorandum dated February 26, 2023, from Sgt. Gary Lowther to Defendant Officer WENGER about an APD internal investigation into whether Officer Wenger violated APD Policy 326.1.1 – Report Preparation. (See Cal. N.D. Criminal Case No. 4:23-cr-00269-JSW, Dkt. No. 106-11 (filed May 29, 2024).) This document is responsive to Plaintiffs' RPD Set One, No.'s 18-19, 26, 31-32, and 42. On June 14, 2024, Defendants disclosed and produced a different Memorandum for an APD investigation into Defendant Officer Wenger for potential violations of several other relevant APD policies, dated June 2, 2023 (Bate Stamps APD ## 005770-005775). However, Defendants have not produced Sgt. Lowther's Memorandum nor identified its existence in any privilege log.

Defendants' position is that they were not advised of the above alleged allegations until Plaintiffs sent their November 6, 2024 meet and confer letter. Plaintiffs previously requested by letter (sent June 25, 2024) for City Defendants to produce a privilege log that is compliant with the FRCP and the court's standing orders. No privilege log was provided until Defendants' Fifth and Sixth supplemental productions (served September 9, 2024). Plaintiffs' November 6, 2024 Letter describes the above issues and provides the first example from Defendants WENGER, AMIRI, and ROMBOUGH's criminal case above (regarding the existence of an APD internal investigation into Defendant Officer MARCOTTE).   As stated above, the Parties will be meeting and conferring on these issues on November 13, 2024 at 11:00 a.m. and Defendants are hopeful such issues can be resolved without Court intervention.  Again, as stated on the record, the City Defendants' position is that all unprivileged incident-related records responsive to Plaintiffs' document requests that are in the City's possession-custody-control will be produced in this action: and the City Defendants are attempting to be very conservative in the assertion of privilege.

**D.      Potential Unavailability of Defendant Cpl. Duggar: Military Duty.**

Since the last Case Management Conference, Defendant Cpl. Duggar advised that he is re-activating with the U.S. Marine Corp starting in February of 2025 and anticipates being deployed out of the country starting in May 2025. The parties accounted for this logistical issue while scheduling his deposition, which is set to occur in January 2025, before he is re-located due to his

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  military activation.  His counsel will continue to keep the Court apprised of Defendant Cpl. Duggar's

2  status and effect on trial scheduling (if any).  However, all Parties are on notice that his deposition

3  may need to be treated as though it was for trial preservation.

4

5  DATED:  November 8, 2024                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

6

7                                                     By:      _/s/ Tony M. Sain_
                                                              TONY M. SAIN

8                                                              TORI L. N. BAKKEN
                                                              ABIGAIL J.R. McLAUGHLIN

9                                                     Attorneys for Defendants,
                                                     CITY OF ANTIOCH, FMR. CHIEF TAMMANY

10                                                    BROOKS, FMR. CHIEF TONY MOREFIELD,
                                                     FMR. CHIEF STEVEN FORD, CPL. SCOTT

11                                                    DUGGAR, OFCR. TOM LENDERMAN, SGT.
                                                     LOREN BLEDSOE, OFCR. THOMAS SMITH,

12                                                    OFCR. ROBERT GERBER, OFCR. KYLE HILL,
                                                     OFCR. RYAN GEIS, OCFR. BROCK

13                                                    MARCOTT, SGT. RICK HOFFMAN, FMR.
                                                     CITY MANAGER KWAME REED, AND

14                                                    JONATHAN ADAMS ("City Defendants")

15

16  DATED:  November 8, 2024

17

18                                                   By:      _/s/ Carmela Caramagno_
                                                              CARMELA CARAMAGNO

19                                                   Attorneys for Plaintiff,
                                                     TERRYONN PUGH

20

21

22

23

24

25

26

27

28

JOINT FURTHER CASE MANAGEMENT STATEMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  DATED:  November 8, 2024          BURRIS NISENBAUM CURRY & LACY, LLP

2

3                                    By:  _____/s/ Ben Nisenbaum_____
                                          JOHN BURRIS
4                                         BEN NISENBAUM
                                          JAMES COOK
5                                         KATHERINE MACELHINEY
                                     Attorneys for Plaintiffs,
6                                    TRENT ALLEN, SHAGOOFA KHAN, ADAM
                                     CARPENTER, JOSHUA BUTLER, DEJON
7                                    RICHARDS, DRESHAWN JACKSON,
                                     KARDELL SMITH, DAVID MACKIN, TERRY
8                                    DWAYNE ROBINSON, JR., MANDINGO
                                     CAIN, AMADEO GARCIA, JR., ARON TYSON,
9                                    DAUNTE GELLINGTON, ROBERT YOUNG,
                                     TERRY THOMAS, SHAQUILLE HILLARD,
10                                   DANYEL EARL LACY, MARCELL LEWIS,
                                     GREGORIO YARBOROUGH, QUINCY
11                                   MASON, TAHJAY MCCULLOUGH

12

13  DATED:  November 8, 2024          RIDLEY MASTER

14

15                                   By:  _____/s/ Sheryl Liu_____
                                          TODD MASTER
16                                        SHANGYAYI LIU
                                     Attorneys for Defendant,
17                                   MORTEZA AMIRI

18  DATED:  November 8, 2024          LONGYEAR & LAVRA

19

20                                   By:  _____/s/ Nicole Cahill_____
                                          VAN LONGYEAR
21                                        NICOLE CAHILL
                                     Attorneys for Defendant,
22                                   JOSHUA EVANS

23

24  DATED:  November 8, 2024          COLLINS & COLLINS

25

26                                   By:  _____/s/ Robert C. Leiford_____
                                          MICHAEL WRONIAK
27                                        ROBERT C. LEIFORD III
                                     Attorneys for Defendant,
28                                   AARON HUGHES

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   DATED:  November 8, 2024          McNAMARA, AMBACHER, WHEELER, HIRSIG, &
2                                      GRAY

3                                      By:    ____/s/ Noah Blechman_____
4                                             NOAH BLECHMAN
                                              Attorneys for Defendant,
5                                             TIMOTHY MANLY WILLIAMS

6   DATED:  November 8, 2024          LITIGATION ENGINEERED
7

8                                      By:    ____/s/ Chester Walls_____
                                              CHESTER WALLS
9                                             Attorneys for Defendant,
10                                            MATTHEW NUTT

11  DATED:  November 8, 2024          DAVIS BENGSTON & YOUNG
12

13                                     By:    ____/s/ Steven B Dippell_____
                                              STEVEN B. DIPPELL
14                                            Attorneys for Defendant,
                                              CALVIN PRIETO
15

16  DATED:  November 8, 2024          CMTR LAW
17

18                                     By:    ____/s/ John Robinson_____
                                              JOHN ROBINSON
19                                            Attorneys for Defendant,
                                              ANDREA RODRIGUEZ
20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DATED:  November 8, 2024          RIVERA HEWITT PAUL


By:      /s/ Wendy Motooka
         JONATHAN PAUL
         WENDY MOTOOKA
         Attorneys for Defendant,
         DEVON WENGER


DATED:  November 8, 2024          CLAPP, MORONEY, VUCINICH, BEEMAN &
                                  SCHELEY


         /s/ Kenny C. Park
         JEFFREY VUCINICH
         KENNY C. PARK
         Attorneys for Defendant,
         JOHN RAMIREZ

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
2

**FEDERAL COURT PROOF OF SERVICE**
ALLEN, et al. v. CITY OF ANTIOCH, et al. LBBS File No: #55035.3
USDC/Northern District Case No. 3:23-cv-01895-VC

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

6

7

On November 8, 2024, I served the following document(s):  JOINT FURTHER CASE MANAGEMENT STATEMENT

8

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

9

**SEE ATTACHED SERVICE LIST**

10

The documents were served by the following means:

11

☒

12

(BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

13

14

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

15

Executed on November 8, 2024, at Los Angeles, California.

16

17

/s/ Abigail J. R. McLaughlin
Abigail J. R. McLaughlin

18
19
20
21
22
23
24
25
26
27
28



148592557.1

i

3:23-cv-01895-VC

JOINT FURTHER CASE MANAGEMENT STATEMENT

1
2
3

### SERVICE LIST
### ALLEN, et al. v. CITY OF ANTIOCH, et al. LBBS File No: #55035.3
### USDC/Northern District Case No. 3:23-cv-01895-VC
### [Consolidated with ROBINSON, et al. Case No. 23-cv-03773-SI and 3:23-cv-06573-VC]

| | |
|---|---|
| 4  John L. Burris, Esq.<br>5  Benjamin Nisenbaum, Esq.<br>   James Cook, Esq.<br>   Katherine MacElihiney, Esq.<br>6  Crystal Mackey<br>   LAW OFFICES OF BURRIS, NISENBAUM,<br>7  CURRY, & LACY<br>   Airport Corporate Centre<br>8  7677 Oakport Street, Suite 1120<br>   Oakland, CA  94621<br>9  Tel: (510) 839-5200<br>   Fax: (510) 839-3882<br>10 john.burris@johnburrislaw.com<br>   bnisenbaum@gmail.com<br>11 james.cook@johnburrislaw.com<br>   Katherine@bncllaw.com<br>12 crystal.mackey@johnburrislaw.com<br>   krithi.basu@bncllaw.com | **ATTORNEYS FOR PLAINTIFFS:**<br>**TRENT ALLEN, SHAGOOFA KHAN,**<br>**ADAM CARPENTER, JOSHUA BUTLER,**<br>**DEJON RICHARDS, DRESHAWN**<br>**JACKSON, KARDELL SMITH, DAVID**<br>**MACKIN, AMADEO GARCIA, ARON**<br>**TYSON, DAUNTE GELLINGTON, DIEGO**<br>**SAVALA, MANDINGO CAIN, ROBERT**<br>**YOUNG, TERRY ROBINSON, TERRY**<br>**THOMAS,** |

13
14

| | |
|---|---|
| 15 Dale Allen, Esq.<br>   Matthew Matejcek<br>16 ALLEN, GLAESSNER, HAZELWOOD, &<br>   WERTH LLP<br>17 180 Montgomery Street, Suite 1200<br>   San Francisco, CA 94104<br>18 Tel: (415) 697-2000<br>   Fax: (415) 813-2045<br>19 DAllen@aghwlaw.com;<br>   tcostes@aghwlaw.com;<br>20 erodas@aghwlaw.com | **ATTORNEYS FOR DEFENDANT:**<br>**ERIC ROMBOUGH** |

| | |
|---|---|
| 21 Noah Blechman<br>   John Swafford<br>22 Sabrina Ahia<br>   McNAMARA, AMBACHER, WHEELER,<br>23 HIRSIG & GRAY LLP<br>   3480 Buskirk Avenue, Suite 250<br>24 Pleasant Hill, CA 94523<br>   Tel: (925) 939-5330<br>25 Fax: (925) 939-0203<br>   noah.blechman@mcnamaralaw.com;<br>26 John.Swafford@mcnamaralaw.com;<br>   sabrina.ahia@mcnamaralaw.com | **ATTORNEYS FOR DEFENDANT:**<br>**TIMOTHY MANLY WILLIAMS** |

27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

JOINT FURTHER CASE MANAGEMENT STATEMENT

1   Todd Master                              **ATTORNEYS FOR DEFENDANT:**
    Shangyayi Liu                            **MORTEZA AMIRI**
2   **RIDLEY♦ MASTER**
    1900 O'Farrell Street, Suite 280
3   San Mateo, CA 94403
    Tel: (650) 365-7715
4   Fax: (650) 364-2597
    tmaster@hrmrlaw.com
5   sliu@hrmrlaw.com
    fkelly@hrmrlaw.com
6

7   John Robinson                            **ATTORNEYS FOR DEFENDANT:**
    Edward Viera-Ducey                       **ANDREA RODRIGUEZ**
8   **CASTILLO MORIARTY TRAN AND
    ROBINSON LLP**
9   75 Southgate Avenue
    Daly City, CA 94015
10  Tel: (415) 213-4098
    jrobinson@cmtrlaw.com;
11  evieira-ducey@cmtrlaw.com
    kkarpenske@cmtrlaw.com
12

13  Jonathan Paul                            **ATTORNEYS FOR DEFENDANT:**
    Wendy Motooka                            **DEVON WENGER**
14  **RIVERA HEWITT PAUL LLP**
    11341 Gold Express Drive, Suite 160
15  Gold River, CA 95670
    Tel: (916) 922-1200
16  jpaul@rhplawyers.com;
    wmotooka@rhplawyers.com;
17  mgreen@rhplawyers.com
18

19  Eric J. Bengtson, Esq.                   **ATTORNEYS FOR DEFENDANT:**
    Steven B. Dippell, Esq.                  **CALVIN PRIETO**
20  **DAVIS, BENGTSON & YOUNG, APLC**
    1960 The Alameda, Suite 210
21  San Jose, CA 95126
    Tel. (408) 261-4206 – direct line
22  Fax: (408) 985-1814 – fax
    SDippell@dby-law.com;
23  eric@dby-law.com;
    jheaton@dby-law.com
24

25

26

27

28

iii   3:23-cv-01895-VC
JOINT FURTHER CASE MANAGEMENT STATEMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| Kenny C. Park, Esq.<br>Jeffrey M. Vucinich, Esq.<br>**CLAPP, MORONEY, VUCINICH,<br>BEEMAN<br>and SCHELEY**<br>A PROFESSIONAL CORPORATION<br>1730 S El Camino Real, Suite 500<br>San Mateo, CA 94402<br>Tel. (650) 989-5400<br>Fax. (650) 989-5499<br>JVucinich@clappmoroney.com;<br>kpark@clappmoroney.com | **ATTORNEYS FOR DEFENDANT:<br>OFFICER JOHN RAMIREZ** |
| Nicole M. Cahill, Esq.<br>Van Longyear, Esq.<br>Ashley M. Calvillo, Essq.<br>**LONGYEAR & LAVRA, LLP**<br>555 University Avenue, Suite 280<br>Sacramento, CA  95825<br>Tel: (916) 974-8500<br>Fax: (916) 974-8510<br>longyear@longyearlaw.com<br>cahill@longyearlaw.com<br>calvillo@longyearlaw.com<br>gonzales@longyearlaw.com | **ATTORNEYS FOR DEFENDANT:<br>JOSHUA EVANS** |
| Chester E. Walls, Esq.<br>**Litigation Engineered**<br>1300 E. Shaw Avenue, Suite 125<br>Fresno, CA 93710<br>Mobile (559) 593-8707<br>Telephone (559) 221-2771  (Ext. 104)<br>Facsimile (559) 221-2775<br>cew@litg-engr.com;<br>drp@litg-engr.com | **ATTORNEY FOR DEFENDANT:<br>MATTHEW NUTT** |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW